1  VINCENT J. TIEN, SBN 232828
   LAW OFFICES OF VINCENT J. TIEN
2  17291 Irvine Boulevard, Suite 150
   Tustin, California 92780
3  Telephone: (714) 544-8436
   Facsimile: (714) 544-4337
4

5  Attorneys for Plaintiff, JOHN ESPINOZA

6

7

FILED

2007 NOV 20  PM 4: 10

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____*cf*_____DEPUTY

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11 | JOHN ESPINOZA, an individual,          CASE N°**07 CV 2218 LAB (RBB)**

12

13 |                *Plaintiff,*             **COMPLAINT FOR DAMAGES FOR:**

14 |        -vs-                             **1) DISABILITY DISCRIMINATION
                                            UNDER THE UNITED STATES A.D.A.;**
15 | CITY OF IMPERIAL, a public entity; and  **2) FAILURE TO ACCOMMODATE;**
   | DOES 1 through 50, inclusive,           **3) RETALIATION [42 U.S.C. §12203 et seq.]**
16

17 |                *Defendants.*

18

19

20

21

22

23

24

25

26

27

28    Plaintiff JOHN ESPINOZA hereby alleges as follows:

                              1

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
CASE NO.
LR

COMPLAINT FOR DAMAGES FOR DISABILITY DISCRIMINATION AND RETALIATION

## GENERAL ALLEGATIONS

1.    Plaintiff is, and at all relevant times was, an adult male residing in the County of Imperial, California.  Plaintiff, after dissolution of marriage from his first wife, was single, residing with his girlfriend, in the County of Imperial, California.

2.    Plaintiff was employed by Defendants in Imperial County, California, beginning in or about 2002, and the Defendants' conduct, hereinafter alleged, occurred in said County and State.

3.    Plaintiff is informed and believes and on that basis alleges that Defendant CITY OF IMPERIAL (hereinafter "CITY" or "IMPERIAL") is, and at all times relevant to this action was, a municipality organized under the laws of the State of California, with its principal place of business in Imperial County, California, and with the capacity to sue and be sued.

4.    Plaintiff is unaware of the true names, capacities, or basis for liability of Defendants, DOES 1 through 50, inclusive, and therefore sues said Defendants by their fictitious names.  Plaintiff will amend this complaint to allege their true names, capacities, or basis for liability when the same has been ascertained.  Plaintiff is informed and believes and thereon alleges that Defendants, DOES 1 through 50, inclusive, and each of them, are in some manner liable to Plaintiff, or have participated in the acts alleged in this complaint to have been done by the named Defendants.

5.    At all times relevant to this action, each Defendant, including those fictitiously named, was the agent, servant, employee, partner, joint venturer, or surety of the other Defendants and was acting within the scope of said agency, employment, partnership, venture, or suretyship, with the knowledge and consent or ratification of each of the other Defendants in doing the things alleged herein.  Each individual Defendant herein, acted in its ministerial

1    capacity in doing the acts and omissions complained of, pursuant to mandatory duties.

2

3    6.    Plaintiff ESPINOZA was hired by Defendant IMPERIAL as a duly qualified

4    Police Officer in or about 2002.  Plaintiff worked for Defendant IMPERIAL for approximately 5

5    years, during which time he consistently performed his job duties in an exemplary manner.

6    Plaintiff was a valuable employee for IMPERIAL.

7

8    7.    At all times relevant to this action, Plaintiff was active in his employees' union,

9    the Imperial Police Officers Association.  Plaintiff has served as President of the Imperial Police

10   Officers Association.  Plaintiff, as President of the Association and as a member, participated in

11   lawful union activity, which included, among other things, political opposition to CITY Police

12   Department practices and policies.

13

14   8.    Plaintiff worked continuously for Defendants until approximately July 2006,

15   when he requested paternity leave to care for his newborn daughter.  Shortly thereafter Plaintiff

16   was wrongfully required, on pain of termination, by CITY, to undergo an unwarranted

17   psychological examination.  Thereafter, CITY perceived Plaintiff to be mentally disabled and, on

18   that pretext, placed Plaintiff on leave.  Plaintiff obtained a release to return to work by a duly

19   qualified clinical psychologist, but CITY refused to allow Plaintiff back to work and terminated

20   Plaintiff on or about June 22, 2007.

21

22   9.    Defendants perceived Plaintiff as having mental disabilities and/or medical

23   conditions caused by performing his work.  Alternatively, Defendants perceived Plaintiff to have

24   non-industrial disabilities and/or medical conditions.

25

26   10.    Plaintiff ESPINOZA was able to perform the essential job duties of a CITY

27   position with or without reasonable accommodation for his perceived condition.

28

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
CASE NO.

3

COMPLAINT FOR DAMAGES FOR DISABILITY DISCRIMINATION AND RETALIATION

11.     Defendants refused to attempt to accommodate Plaintiff and failed to accommodate Plaintiff.

12.     Defendants subjected Plaintiff to hostile work environment, harassment, and several adverse employment actions, affecting the terms, conditions and privileges of Plaintiff's employment.  On information and belief, Defendants took adverse action against Plaintiff, among other things, in retaliation for his marital status (single, cohabitating), his requesting lawful paternity leave, his participation in lawful union activity, his exercise of First Amendment rights, and/or lawful political participation.

## FIRST CAUSE OF ACTION

**(Disability/Medical Condition Discrimination Under Americans With Disabilities Act)**

13.     Plaintiff incorporates each allegation set forth in paragraphs 1 through 12.

14.     A charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practices alleged herein.

15.     A Notification of Right to Sue was received from the EEOC on or about August 2007.  This Complaint has been filed within 90 days of receipt of the EEOC'S Notification of Right to Sue.

16.     Plaintiff JOHN ESPINOZA is a citizen of the United States and of the State of California.

17.     All the discriminatory employment practices alleged herein were committed within the State of California.

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
CASE NO.

4

COMPLAINT FOR DAMAGES FOR DISABILITY DISCRIMINATION AND RETALIATION

18.     Defendant CITY OF IMPERIAL is a "person" within the meaning of §101(7) of the ADA, 42 U.S.C. §12111(7), and §701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

19.     Defendant CITY OF IMPERIAL is engaged in an "industry affecting commerce" within the meaning of §101(7) of the ADA, 42 U.S.C. §12111(7), and §701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

20.     Defendant CITY OF IMPERIAL employs 15 or more employees and is an "employer" within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. §12111(5)(A).

21.     Plaintiff is regarded as an individual with a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. §12102(2).  Plaintiff has a record of perceived mental impairment, and is regarded by CITY as having such an impairment.

22.     Plaintiff is a "qualified individual with a disability" as defined in §101(8) of the ADA, 42 U.S.C. §12111(8).  Plaintiff is an individual with a perceived disability who, with reasonable accommodation, or other reasonable restriction, can perform the essential functions of a position with the CITY.

23.     In discriminating against Plaintiff on the basis of disability, CITY acted with malice or with reckless indifference to the federally protected rights of Plaintiff

24.     Plaintiff's medical condition, or perceived medical condition, was a reason for Defendants' decision and conduct in depriving him of his employment or taking of other adverse employment action against him.

25.     As a direct and proximate result of CITY'S discrimination on the basis of

1  disability, Plaintiff has suffered lost wages and benefits and lost employment opportunities.

2

3      26.     Defendants' discrimination against Plaintiff has caused, continues to cause, and

4  will cause, Plaintiff to suffer substantial damages, pecuniary losses, mental anguish, loss of

5  enjoyment of life, and other non-pecuniary losses.

6

7      27.     Defendants' conduct was a substantial factor in causing injury, damage, loss, and

8  harm to Plaintiff.

9

10                        **SECOND CAUSE OF ACTION**

11          **(Failure to Accommodate Under Americans With Disabilities Act)**

12

13      28.     Plaintiff incorporates each allegation set forth in paragraphs 1 through 27.

14

15      29.     Despite Plaintiff's request, CITY OF IMPERIAL has failed to provide reasonable

16  accommodation for Plaintiff's mental condition or perceived mental condition.

17

18      30.     CITY'S failure to make reasonable accommodation constitutes discrimination

19  against Plaintiff with respect to the terms, conditions, or privileges of employment.  CITY'S

20  actions constitute a violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. §12112(b)(5)(A).

21

22      31.     CITY has failed to undertake any good faith efforts, in consultation with Plaintiff,

23  to identify and make a reasonable accommodation with Plaintiff.

24

25      32.     In failing to make reasonable accommodation to Plaintiff's physical disability,

26  CITY acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

27

28      33.     As a direct and proximate result of CITY'S discrimination on the basis of

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
CASE NO.

                                          6

          COMPLAINT FOR DAMAGES FOR DISABILITY DISCRIMINATION AND RETALIATION

1    disability, Plaintiff has suffered lost wages and benefits and lost employment opportunities.

2

3    34.    Defendants' failure to make reasonable accommodation to Plaintiff has caused,

4    continues to cause, and will cause, Plaintiff to suffer substantial damages, pecuniary losses,

5    mental anguish, loss of enjoyment of life, and other non pecuniary losses.

6

7    35.    Defendants' conduct was a substantial factor in causing injury, damage, loss, and

8    harm to Plaintiff.

9

10                        **THIRD CAUSE OF ACTION**

11                   **(Retaliation Under 42 U.S.C. §12203 et seq.)**

12

13    36.    Plaintiff incorporates each allegation set forth in paragraphs 1 through 35.

14

15    37.    Plaintiff engaged in protected activities, while employed as a Police Officer for

16    CITY OF IMPERIAL.

17

18    38.    CITY OF IMPERIAL subjected Plaintiff to unwarranted adverse employment

19    action.

20

21    39.    CITY OF IMPERIAL, in subjecting Plaintiff to unwarranted adverse employment

22    action, Defendants acted with retaliatory intent.  CITY'S actions constitute retaliation against

23    Plaintiff with respect to the terms, conditions, or privileges of employment.  CITY'S actions

24    constitute a violation of Section 503 of the ADA, 42 U.S.C. §12203.

25

26    40.    In retaliating against Plaintiff for protected status and/or protected activity, CITY

27    acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

28

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
CASE NO.

7

COMPLAINT FOR DAMAGES FOR DISABILITY DISCRIMINATION AND RETALIATION

41.     As a direct and proximate result of CITY'S unlawful retaliation, Plaintiff has suffered lost wages and benefits and lost employment opportunities.

42.     Defendants' unlawful retaliation against Plaintiff has caused, continues to cause, and will cause, Plaintiff to suffer substantial damages, pecuniary losses, mental anguish, loss of enjoyment of life, and other non pecuniary losses.

43.     Defendants' conduct was a substantial factor in causing injury, damage, loss, and harm to Plaintiff.

44.     As a direct and proximate result of Defendants' actions, Plaintiff has lost his salary, title, and benefits attendant to employment.  Plaintiff has lost participation in trade and professional groups and has suffered serious injury, including, but not limited to, extreme embarrassment, humiliation, anxiety, ridicule, physical upset, and emotional distress.  The full extent of Plaintiff's injuries is not known at this time, but Plaintiff will amend this Complaint to set forth the full nature and extent of Plaintiff's damages once they have been ascertained with particularity.

45.     In acting as is alleged in this Complaint, Defendants acted knowingly, willfully, and maliciously, and with reckless and callous disregard for Plaintiff's rights protected by the United States Constitution and the California Constitution.

**WHEREFORE**, Plaintiff prays:

1.  For judgment of this Court against Defendants, finding and holding that Plaintiff has suffered from Defendants' acts of discrimination on the basis of disability;

2.  For judgment of this Court against Defendants, finding and holding that Plaintiff has suffered from Defendants' acts of retaliation against Plaintiff;

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
CASE NO.

COMPLAINT FOR DAMAGES FOR DISABILITY DISCRIMINATION AND RETALIATION

3.  For an order that Defendants reasonably accommodate Plaintiff;

4.  For an order enjoining Defendants from any further prohibited discrimination and/or retaliation against Plaintiff;

5.  For compensatory damages, including back pay, front pay, employment benefits, and other special damages according to proof;

6.  For general damages to compensate Plaintiff for his injuries;

7.  For exemplary and punitive damages according to proof;

8.  For prejudgment interest on all damages awarded under Civil Code §3287 or any other applicable statute or legal principle;

9.  For reasonable attorney fees under any applicable statute or legal principle;

10. For costs of suit incurred; and

11. For such other and further relief as the Court may deem just and proper.

LAW OFFICES OF VINCENT J. TIEN

Dated: November 19, 2007          By:_____

VINCENT J. TIEN, Attorneys for Plaintiff, JOHN ESPINOZA

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
CASE NO.

9

COMPLAINT FOR DAMAGES FOR DISABILITY DISCRIMINATION AND RETALIATION

**VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I have read the foregoing: **COMPLAINT FOR DAMAGES FOR: 1) DISABILITY DISCRIMINATION UNDER THE UNITED STATES A.D.A.; 2) FAILURE TO ACCOMMODATE; 3) RETALIATION [42 U.S.C. §12203 et seq.],** and know its contents.

**CHECK APPLICABLE PARAGRAPH**

[X]     I am a party to this action.  The matters stated in it are true of my own knowledge except as to matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ]     I am _____ of _____, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.  I have read the foregoing document and know its contents.  I am informed and believe that the matters stated therein are true.

[ ]     I am one of the attorneys for _____, a party to this action.  Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason.  I have read the foregoing document and know its contents.  I am informed and believe and on that ground allege that the matters stated in it are true.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on November 20, 2007, at Tustin, California.

[SEE ATTACHED FACSIMILE]

JOHN ESPINOZA, Declarant

VERIFICATION

STATE OF CALIFORNIA, COUNTY OF ORANGE

I have read the foregoing: **COMPLAINT FOR DAMAGES FOR: 1) DISABILITY DISCRIMINATION UNDER THE UNITED STATES A.D.A.; 2) FAILURE TO ACCOMMODATE; 3) RETALIATION [42 U.S.C. §12203 et seq.],** and know its contents.

**CHECK APPLICABLE PARAGRAPH**

[X]   I am a party to this action. The matters stated in it are true of my own knowledge except as to matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ]   I am _____ of _____, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I have read the foregoing document and know its contents. I am informed and believe that the matters stated therein are true.

[ ]   I am one of the attorneys for _____, a party to this action. Such party is absent from the county of aforesaid where such attorney have their offices, and I make this verification for and on behalf of that party for that reason. I have read the foregoing document and know its contents. I am informed and believe and on that ground allege that the matters stated in it are true.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on November 20, 2007, at Tustin, California.

JOHN ESPINOZA, Declarant

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
CASE NO.

COMPLAINT FOR DAMAGES FOR DISABILITY DISCRIMINATION AND RETALIATION

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 144714    - SH
* * C O P Y * *
November 20, 2007
15:12:08


Civ Fil Non-Pris
07-02218
Judge..: LARRY A BURNS
Amount.:                    $350.00 CK
Check#.: BC284768



Total-> $350.00



FROM: ESPINOZA V. CITY OF IMPERIAL

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)   PLAINTIFFS

JOHN ESPINOZA

**DEFENDANTS**

CITY OF IMPERIAL

2007 NOV 20  PM 4: 10

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF IMPERIAL COUNTY

07 CV 2218  LAB  (RBB)

(b)   County of Residence of First Listed Plaintiff     **IMPERIAL COUNTY**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    IMPERIAL COUNTY
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c)   Attorney's (Firm Name, Address, and Telephone Number)

LAW OFFICES OF VINCENT J. TIEN, 17291 Irvine Blvd., Suite 150, Tustin, CA 92780, (714) 544-8436

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| | ☐ 362 Personal Injury - Med. Malpractice | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 365 Personal Injury - Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 368 Asbestos Personal Injury Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | ☐ 345 Marine Product Liability | | ☐ 862 Black Lung (923) | |
| | **PERSONAL PROPERTY** | | | |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Americans with Disabilities Act of 1990, 42 U.S.C. 12111 et seq.

Brief description of cause:
DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE, RETALIATION

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ ACCORDING TO PROOF

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   11/20/2007

SIGNATURE OF ATTORNEY OF RECORD   V—+ J.T

**FOR OFFICE USE ONLY**

RECEIPT # 144714   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

11/20/07

(R