1 | VINCENT J. TIEN, SBN 232828
LAW OFFICES OF VINCENT J. TIEN
2 | 17291 Irvine Boulevard, Suite 150
Tustin, California 92780
3 | Telephone: (714) 544-8436
Facsimile: (714) 544-4337
4

5 | Attorneys for Plaintiff, JOHN ESPINOZA

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | JOHN ESPINOZA, an individual,

CASE NO.: 07CV2218 LAB (RBB)

12 | *Plaintiff,*

**FIRST AMENDED
COMPLAINT FOR DAMAGES FOR:**

13

14 | -vs-

**DISABILITY AND MARITAL STATUS
DISCRIMINATION UNDER THE UNITED
STATES A.D.A. AND CALIFORNIA
F.E.H.A.;**

15 | CITY OF IMPERIAL, a public entity;
MIGUEL COLON, an individual; IRA
16 | GROSSMAN, an individual; and DOES 1
THROUGH 50, inclusive,

**FAILURE TO ACCOMMODATE;**

17 | *Defendants.*

**HARASSMENT;**

18 | **RETALIATION;**

19 | **CIVIL RIGHTS VIOLATION [42 U.S.C.
§1983];**

20

21 | **INVASION OF PRIVACY;**

22 | **WRONGFUL TERMINATION IN
VIOLATION OF PUBLIC POLICY;**

23 | **DEFAMATION;**

24 | **BLACKLISTING;**

25 | **INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS.**

26

27

28

Plaintiff JOHN ESPINOZA hereby alleges as follows:

## **GENERAL ALLEGATIONS**

1.      Plaintiff is, and at all relevant times was, an adult male residing in the County of Imperial, California.  Plaintiff, after separation from his first wife, was single, residing with his girlfriend, in the County of Imperial, California.

2.      Plaintiff was employed by Defendants in Imperial County, California, beginning in or about 2002, and the Defendants' conduct, hereinafter alleged, occurred in said County and State.

3.      Plaintiff is informed and believes and on that basis alleges that Defendant CITY OF IMPERIAL (hereinafter "CITY" or "IMPERIAL") is, and at all times relevant to this action was, a municipality organized under the laws of the State of California, with its principal place of business in Imperial County, California, and with the capacity to sue and be sued.

4.      Plaintiff is informed and believes and on that basis alleges that Defendant MIGUEL COLON (hereinafter "COLON") is, and at all relevant times was, an individual residing in Imperial County, California, and the Chief of Police of Defendant IMPERIAL. Plaintiff is informed and believes and on that basis alleges that Defendant MIGUEL COLON has been employed by IMPERIAL at all times relevant to this action and had supervisory and administrative authority over Plaintiff's employment with IMPERIAL at all times relevant to this action.

5.      Plaintiff is informed and believes and on that basis alleges that Defendant COLON, at all relevant times to this action, was in part acting in the course and scope of his employment with Defendant IMPERIAL and was, at least in part, serving a purpose of his own

1   in carrying out the alleged conduct against Plaintiff.

2

3       6.      Plaintiff is informed and believes and on that basis alleges that Defendant IRA

4   GROSSMAN (hereinafter "GROSSMAN") is, and at all relevant times was, an individual

5   residing in Imperial County, California.  On information and belief, Defendant GROSSMAN, at

6   all relevant times, was a psychiatrist, hired by CITY and COLON, to examine Plaintiff.

7

8       7.      Plaintiff is unaware of the true names, capacities, or basis for liability of

9   Defendants, DOES 1 through 50, inclusive, and therefore sues said Defendants by their fictitious

10  names.  Plaintiff will amend this complaint to allege their true names, capacities, or basis for

11  liability when the same has been ascertained.  Plaintiff is informed and believes and thereon

12  alleges that Defendants, DOES 1 through 50, inclusive, and each of them, are in some manner

13  liable to Plaintiff, or have participated in the acts alleged in this complaint to have been done by

14  the named Defendants.

15

16      8.      At all times relevant to this action, each Defendant, including those fictitiously

17  named, was the agent, servant, employee, partner, joint venturer, or surety of the other

18  Defendants and was acting within the scope of said agency, employment, partnership, venture, or

19  suretyship, with the knowledge and consent or ratification thereof, and in concert and conspiracy

20  of each of the other Defendants in doing the things alleged herein.

21

22      9.      Plaintiff ESPINOZA was hired by Defendant IMPERIAL as a duly qualified

23  Police Officer in or about 2002.  Plaintiff worked for Defendant IMPERIAL for approximately 5

24  years, during which time he consistently performed his job duties in an exemplary manner.

25  Plaintiff was a valuable employee for IMPERIAL.

26

27      10.     At all times relevant to this action, Plaintiff was active in his employees' union,

28  the Imperial Police Officers Association.  Plaintiff has served as President of the Imperial Police

1   Officers Association.  Plaintiff, as President of the Association and as a member, participated in

2   lawful union activity, which included, among other things, protected political activity and

3   informational activity.

4

5        11.    Plaintiff's separation and later marital dissolution with his ex-wife was

6   contentious and mentally stressful for all parties involved, but the unfortunate circumstances did

7   not affect the performance of his duties for Defendants.  Plaintiff, on his own, sought and

8   received counseling and therapy for himself and for members of his family to help cope with the

9   stresses that they were going through.  Defendants interfered, without Plaintiff's consent, with

10  Plaintiff's relationship with his family psychologist and with his family relationships.

11  Defendants, without Plaintiff's consent disclosed private and confidential information about

12  Plaintiff to third parties, including, but not limited to, the entire police force of IMPERIAL.

13

14       12.    Defendants interfered with Plaintiff's private and confidential matters by, among

15  other things, secretly communicating with Plaintiff's ex-wife and calling her down to the station

16  while Plaintiff was on duty in order to instigate a confrontation between Plaintiff and his ex-wife

17  to use as grounds for disciplinary action.  After Plaintiff had done nothing to warrant discipline,

18  Defendant COLON caused a police report to be falsified, in violation of state and federal law, in

19  order to accomplish discipline against Plaintiff.

20

21       13.    Plaintiff worked continuously for Defendants until approximately July 2006,

22  when he requested paternity leave to care for his newborn child (by his girlfriend).  Shortly

23  thereafter Plaintiff was wrongfully required, on pain of termination, by CITY, to undergo an

24  unwarranted psychological examination, conducted by Defendants COLON and GROSSMAN.

25

26       14.    Defendant CITY and COLON, furnished false, defamatory and inaccurate

27  information to GROSSMAN for the purpose of obtaining GROSSMAN'S conclusion that

28  Plaintiff was unfit for duty.

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
NO.07CV2218

PLAINTIFF'S FIRST AMENDED COMPLAINT

15.     Defendants perceived Plaintiff to be mentally disabled and, on that pretext, placed Plaintiff on leave.  Plaintiff obtained a release to return to work by a duly qualified clinical psychologist, but CITY refused to allow Plaintiff back to work and terminated Plaintiff on or about June 22, 2007.

16.     At all relevant times, a collective bargaining agreement was in effect, among other things, between the police officers and the CITY providing that Plaintiff, among other CITY employees, was not to be terminated without cause.

17.     Defendants, maliciously and in reckless disregard of Plaintiff's rights, among other things, defamed Plaintiff through their unwarranted psychological evaluation.  Defendant GROSSMAN, among other things, made false statements regarding Plaintiff, in writing, to the other Defendants, that Plaintiff lacked integrity, and falsely concluded that Plaintiff was unfit for duty.

18.     Defendants violated Plaintiff's constitutional right to privacy, as he had legally cognizable interests in preserving the privacy of his family affairs, medical history, and psychological profile, which expectation was reasonable, and Defendants' actions seriously interfered with Plaintiff's informational privacy rights and rights to autonomy in medical treatment.

19.     Defendants unduly intruded and interfered with Plaintiff's legally protected privacy interests by, among other things, using extraneous information about Plaintiff's personal life and thoughts, communicated in confidence to a CITY-aligned psychiatrist in an employment-related examination, as basis for adverse personnel action.

20.     Defendants perceived Plaintiff as having mental disabilities and/or medical conditions caused by performing his work.  Alternatively, Defendants perceived Plaintiff to have

1 non-industrial disabilities and/or medical conditions.

2

3      21.    Despite Defendants perception of Plaintiff's disability, Defendants failed to apply,

4 on Plaintiff's behalf, for disability retirement, a violation, among other things, of California

5 Government Code §21153.

6

7      22.    Plaintiff ESPINOZA was able to perform the essential job duties of a CITY

8 position with or without reasonable accommodation for his perceived condition.

9

10      23.    During his employment, ESPINOZA was subjected to adverse employment

11 action, harassment, and hostile work environment, primarily by his supervisor, Defendant

12 COLON, but with the ratification and conspiracy of the other Defendants. Plaintiff was denied

13 assignments that he was qualified for. Defendants interfered with Plaintiff's personal life,

14 invaded Plaintiff's privacy by disclosing confidential information regarding Plaintiff to third

15 parties, brought numerous false disciplinary charges against Plaintiff, engaged in harassment,

16 and created a hostile work environment for Plaintiff, all apparently in order to wrongfully

17 manufacture false grounds to terminate Plaintiff. Plaintiff's termination was without any

18 legitimate cause. All disciplinary actions against Plaintiff have been brought to final conclusion,

19 with no termination being imposed.

20

21      24.    Plaintiff alleges that Defendants wrongfully terminated Plaintiff in violation of the

22 collective bargaining agreement and state and federal law, without proper cause, and in violation

23 of due process. Defendants wrongfully terminated Plaintiff, among other things, in retaliation

24 for his participation in union and/or political activity, his exercise of his Constitutional rights,

25 and for his marital status. Defendant CITY'S policies limited, segregated and classified persons

26 such as Plaintiff on the basis of protected characteristics.

27

28      25.    Defendants refused to attempt to accommodate Plaintiff and failed to

1  accommodate Plaintiff despite his numerous requests for reinstatement and accommodation, in

2  violation of Defendants duty to engage in an interactive process of accommodation in good faith.

3  Defendants refuse to return Plaintiff to duty, and yet fail to perform their mandatory duties in

4  obtaining disability benefits for Plaintiff.  Defendants have wrongfully used conflicting opposite

5  determinations, based on the same medical evidence, to advance their own interests.

6

7       26.  Plaintiff has fully complied with the Tort Claims Act requirements by filing a

8  Governmental Tort Claim with THE CITY OF IMPERIAL and MIGUEL COLON, which

9  Defendants have rejected.

10

11  **FIRST CAUSE OF ACTION**

12  **(Disability/Medical Condition Discrimination Under Americans With Disabilities Act,**

13  **Against Defendants IMPERIAL and COLON)**

14

15       27.  Plaintiff incorporates each allegation set forth in paragraphs 1 through 26.

16

17       28.  A charge of employment discrimination on the basis of disability was filed with

18  the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission

19  of the unlawful employment practices alleged herein.

20

21       29.  A Notification of Right to Sue was received from the EEOC on or about August

22  2007.  This Complaint has been filed within 90 days of receipt of the EEOC'S Notification of

23  Right to Sue.

24

25       30.  Plaintiff JOHN ESPINOZA is a citizen of the United States and of the State of

26  California.

27

28       31.  All the discriminatory employment practices alleged herein were committed

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
NO.07CV2218

1    within the State of California.

2

3        32.    Defendant CITY OF IMPERIAL is a "person" within the meaning of §101(7) of

4    the ADA, 42 U.S.C. §12111(7), and §701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

5    §2000e.

6

7        33.    Defendant CITY OF IMPERIAL is engaged in an "industry affecting commerce"

8    within the meaning of §101(7) of the ADA, 42 U.S.C. §12111(7), and §701 of Title VII of the

9    Civil Rights Act of 1964, 42 U.S.C. §2000e.

10

11       34.    Defendant CITY OF IMPERIAL employs 15 or more employees and is an

12   "employer" within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. §12111(5)(A).

13

14       35.    Plaintiff is regarded as an individual with a "disability" within the meaning of

15   Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. §12102(2).  Plaintiff has a record

16   of perceived mental impairment, and is regarded by CITY as having such an impairment.

17

18       36.    Plaintiff is a "qualified individual with a disability" as defined in §101(8) of the

19   ADA, 42 U.S.C. §12111(8).  Plaintiff is an individual with a disability or perceived disability

20   who, with or without reasonable accommodation can perform the essential functions of a

21   position with the CITY.

22

23       37.    In discriminating against Plaintiff on the basis of disability, CITY acted with

24   malice or with reckless indifference to the federally protected rights of Plaintiff

25

26       38.    Plaintiff's medical condition, or perceived medical condition, was a reason for

27   Defendants' decision and conduct in depriving him of his employment or taking of other adverse

28   employment action against him.

39.    Defendants' conduct was a substantial factor in causing injury, damage, loss, and harm to Plaintiff.

40.    As a direct, foreseeable and proximate result of defendant's conduct, plaintiff has lost income, promotional and career opportunities, and has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate such wage-related damages.

41.    As a direct, foreseeable and proximate result of defendants' outrageous conduct as alleged herein, plaintiff has suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional distress in an amount to be determined at time of trial.

42.    Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct.  Alternatively, Defendant's wrongful conduct was carried out with a conscious disregard of plaintiff's rights.  Further, Defendant's wrongful conduct was carried out and ratified by a managing agent, or officer, or director, of the CITY, which had advance knowledge of the unfitness of its decision-maker and employed him with a conscious disregard of plaintiff's rights and/or authorized and/or ratified his conduct. As a result of defendant's conduct, plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with each Defendant's wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

43.    Plaintiff is entitled to recover prevailing party attorneys' fees pursuant to the provision of the Americans with Disabilities Act, and by other statutory entitlements.

///

## SECOND CAUSE OF ACTION

**(Failure to Accommodate Under Americans With Disabilities Act, Against Defendants IMPERIAL and COLON)**

44.    Plaintiff incorporates each allegation set forth in paragraphs 1 through 43.

45.    Despite Plaintiff's request, CITY OF IMPERIAL has failed to provide reasonable accommodation for Plaintiff's mental condition or perceived mental condition.

46.    CITY'S failure to make reasonable accommodation constitutes discrimination against Plaintiff with respect to the terms, conditions, or privileges of employment.  CITY'S actions constitute a violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. §12112(b)(5)(A).

47.    CITY has failed to undertake any good faith efforts, in consultation with Plaintiff, or otherwise, to identify and make a reasonable accommodation with Plaintiff.

48.    In failing to make reasonable accommodation to Plaintiff's disability, CITY acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

49.    Defendants' conduct was a substantial factor in causing injury, damage, loss, and harm to Plaintiff.

50.    As a direct, foreseeable and proximate result of defendant's conduct, plaintiff has lost income, promotional and career opportunities, and has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate such wage-related damages.

51.    As a direct, foreseeable and proximate result of defendants' outrageous conduct as alleged herein, plaintiff has suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional distress in an amount to be determined at time of trial.

52.    Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct.  Alternatively, Defendant's wrongful conduct was carried out with a conscious disregard of plaintiff's rights.  Further, Defendant's wrongful conduct was carried out and ratified by a managing agent, or officer, or director, of the CITY, which had advance knowledge of the unfitness of its decision-maker and employed him with a conscious disregard of plaintiff's rights and/or authorized and/or ratified his conduct. As a result of defendant's conduct, plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with each Defendant's wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

53.    Plaintiff is entitled to recover prevailing party attorneys' fees pursuant to the provision of the Americans with Disabilities Act, and by other statutory entitlements.

### THIRD CAUSE OF ACTION

**(Disability/Medical Condition Discrimination Under California F.E.H.A., Against Defendants IMPERIAL and COLON)**

54.    Plaintiff incorporates each allegation set forth in paragraphs 1 through 53.

55.    A complaint for employment discrimination on the basis of disability was filed with the California Department of Fair Employment & Housing ("DFEH") within one year of the commission of the unlawful employment practices alleged herein.  Notifications of Right to Sue

11

1  were received from the DFEH in or about December 2007.  This Complaint has been filed within

2  one year of receipt of the DFEH'S Notification of Right to Sue.

3

4       56.    As alleged herein, Defendants subjected Plaintiff to adverse employment action,

5  culminating in termination, on the basis of disability or perceived disability in violation of the

6  California Fair Employment and Housing Act, Government Code §§12900 et seq.

7

8       57.    Defendants knew Plaintiff had mental disabilities and/or medical conditions

9  caused by performing his work.  Alternatively, Defendants perceived Plaintiff to have non-

10  industrial disabilities and/or medical conditions.

11

12       58.    Plaintiff was able to perform the essential job duties with or without reasonable

13  accommodation for his condition.

14

15       59.    Plaintiff's medical condition, or perceived medical condition, was a reason for

16  Defendants' decision and conduct in depriving him of his employment.

17

18       60.    Defendants' conduct was a substantial factor in causing injury, damage, loss, and

19  harm to Plaintiff.

20

21       61.    As a direct, foreseeable and proximate result of defendant's conduct, plaintiff has

22  lost income, promotional and career opportunities, and has suffered other economic losses in an

23  amount to be determined at time of trial. Plaintiff has sought to mitigate such wage-related

24  damages.

25

26       62.    As a direct, foreseeable and proximate result of defendants' outrageous conduct as

27  alleged herein, plaintiff has suffered great anxiety, embarrassment, anger, loss of enjoyment of

28

1   life, injury to reputation, and severe emotional distress in an amount to be determined at time of

2   trial.

3

4          63.    Defendant committed the acts alleged herein maliciously, fraudulently, and

5   oppressively, and with the wrongful intention of injuring plaintiff, and acted with an improper

6   and evil motive amounting to malice or despicable conduct.  Alternatively, Defendant's wrongful

7   conduct was carried out with a conscious disregard of plaintiff's rights.  Further, Defendant's

8   wrongful conduct was carried out and ratified by a managing agent, or officer, or director, of the

9   CITY, which had advance knowledge of the unfitness of its decision-maker and employed him

10  with a conscious disregard of plaintiff's rights and/or authorized and/or ratified his conduct. As a

11  result of defendant's conduct, plaintiff is entitled to recover punitive and exemplary damages in

12  an amount commensurate with each Defendant's wrongful acts and sufficient to punish and deter

13  future similarly reprehensible conduct.

14

15         64.    Plaintiff is entitled to recover prevailing party attorneys' fees pursuant to the

16  provision of the California Fair Employment and Housing Act, and by other statutory

17  entitlements.

18

19                        **<u>FOURTH CAUSE OF ACTION</u>**

20  **(Failure to Accommodate Under California F.E.H.A., Against Defendants IMPERIAL and**

21                                   **COLON)**

22

23         65.    Plaintiff incorporates each allegation set forth in paragraphs 1 through 64.

24

25         66.    A complaint for employment discrimination on the basis of disability was filed

26  with the California Department of Fair Employment & Housing ("DFEH") within one year of the

27  commission of the unlawful employment practices alleged herein.  Notifications of Right to Sue

28  were received from the DFEH in or about December 2007.  This Complaint has been filed within

1    one year of receipt of the DFEH'S Notification of Right to Sue.

2

3        67.    At all relevant times, Plaintiff was denied accommodation for his mental

4    disabilities, and medical conditions, in violation of the California Fair Employment and Housing

5    Act, Government Code §§12900 et seq., as alleged in this Complaint.

6

7        68.    Plaintiff was able to perform the essential job duties with or without reasonable

8    accommodation for his condition.

9

10       69.    Plaintiff's medical condition, or perceived medical condition, was a reason for

11   Defendants' decision and conduct in depriving him of his employment.

12

13       70.    Defendants refused to attempt to accommodate Plaintiff and failed to

14   accommodate Plaintiff.  Instead, Defendants wrongfully terminated Plaintiff on or about June 22,

15   2007.

16

17       71.    Plaintiff's medical condition, or perceived medical condition, was a reason for

18   Defendants' decision and conduct in depriving him of his employment.

19

20       72.    As a direct and proximate result of CITY'S discrimination on the basis of

21   disability, Plaintiff has suffered lost wages and benefits and lost employment opportunities

22   (promotions).

23

24       73.    Defendants' failure to make reasonable accommodation to Plaintiff has caused,

25   continues to cause, and will cause, Plaintiff to suffer substantial damages, pecuniary losses,

26   mental anguish, loss of enjoyment of life, and other non pecuniary losses.

27

28       74.    Defendants' conduct was a substantial factor in causing injury, damage, loss, and

14

1    harm to Plaintiff.

2

3        75.     As a direct, foreseeable and proximate result of defendant's conduct, plaintiff has

4    lost income, promotional and career opportunities, and has suffered other economic losses in an

5    amount to be determined at time of trial. Plaintiff has sought to mitigate such wage-related

6    damages.

7

8        76.     As a direct, foreseeable and proximate result of defendants' outrageous conduct as

9    alleged herein, plaintiff has suffered great anxiety, embarrassment, anger, loss of enjoyment of

10    life, injury to reputation, and severe emotional distress in an amount to be determined at time of

11    trial.

12

13        77.     Defendant committed the acts alleged herein maliciously, fraudulently, and

14    oppressively, and with the wrongful intention of injuring plaintiff, and acted with an improper

15    and evil motive amounting to malice or despicable conduct. Alternatively, Defendant's wrongful

16    conduct was carried out with a conscious disregard of plaintiff's rights. Further, Defendant's

17    wrongful conduct was carried out and ratified by a managing agent, or officer, or director, of the

18    CITY, which had advance knowledge of the unfitness of its decision-maker and employed him

19    with a conscious disregard of plaintiff's rights and/or authorized and/or ratified his conduct. As a

20    result of defendant's conduct, plaintiff is entitled to recover punitive and exemplary damages in

21    an amount commensurate with each Defendant's wrongful acts and sufficient to punish and deter

22    future similarly reprehensible conduct.

23

24        78.     Plaintiff is entitled to recover prevailing party attorneys' fees pursuant to the

25    provision of the California Fair Employment and Housing Act, and by other statutory

26    entitlements.

27

28

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
NO.07CV2218

15

## **FIFTH CAUSE OF ACTION**

**(Harassment Under A.D.A. and F.E.H.A., Against Defendants IMPERIAL and COLON)**

79.    Plaintiff incorporates each allegation set forth in paragraphs 1 through 78.

80.    As alleged herein, Plaintiff, at all relevant times, belonged to a protected group. Plaintiff is regarded as an individual with a disability, and Plaintiff is a qualified individual with a disability.

81.    As alleged herein, Plaintiff was subjected to unwelcome harassment, including, but not limited to hostile work environment, based on his disabilities or perceived disabilities.

82.    The harassment affected a term, condition or privilege of Plaintiff's employment and Defendants knew or should have known of the harassment and failed to take prompt remedial action.

83.    As a direct, foreseeable and proximate result of defendant's conduct, plaintiff has lost income, promotional and career opportunities, and has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate such wage-related damages.

84.    As a direct, foreseeable and proximate result of defendants' outrageous conduct as alleged herein, plaintiff has suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional distress in an amount to be determined at time of trial.

85.    Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring plaintiff, and acted with an improper

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
NO.07CV2218

PLAINTIFF'S FIRST AMENDED COMPLAINT

1  and evil motive amounting to malice or despicable conduct.  Alternatively, Defendant's wrongful

2  conduct was carried out with a conscious disregard of plaintiff's rights.  Further, Defendant's

3  wrongful conduct was carried out and ratified by a managing agent, or officer, or director, of the

4  CITY, which had advance knowledge of the unfitness of its decision-maker and employed him

5  with a conscious disregard of plaintiff's rights and/or authorized and/or ratified his conduct. As a

6  result of defendant's conduct, plaintiff is entitled to recover punitive and exemplary damages in

7  an amount commensurate with each Defendant's wrongful acts and sufficient to punish and deter

8  future similarly reprehensible conduct.

9

10      86.    Plaintiff is entitled to recover prevailing party attorneys' fees pursuant to statutory

11  entitlements.

12

13                              **<u>SIXTH CAUSE OF ACTION</u>**

14      **(Retaliation Under A.D.A. and F.E.H.A., Against Defendants IMPERIAL and COLON)**

15

16      87.    Plaintiff incorporates each allegation set forth in paragraphs 1 through 86.

17

18      88.    Plaintiff engaged in protected activities, while employed as a Police Officer for

19  CITY OF IMPERIAL, including, but not limited to, union participation, political activity and

20  political informational activity, exercise of family care leave rights, and enjoyment of protected

21  marital status.

22

23      89.    Defendants subjected Plaintiff to unwarranted adverse employment action.

24

25      90.    Defendants, in subjecting Plaintiff to unwarranted adverse employment action,

26  acted with retaliatory intent.  CITY'S actions constitute retaliation against Plaintiff with respect

27  to the terms, conditions, or privileges of employment.  CITY'S actions constitute a violations,

28  among other things, of Section 503 of the ADA, 42 U.S.C. §12211, et seq.. and of the California

1   Government Code §12940 et seq.

2

3      91.    In retaliating against Plaintiff for protected status and/or protected activity,

4 Defendants acted with malice or with reckless indifference to the federally protected rights of

5 Plaintiff.

6

7      92.    Defendants' conduct was a substantial factor in causing injury, damage, loss, and

8 harm to Plaintiff.

9

10      93.    As a direct, foreseeable and proximate result of defendant's conduct, plaintiff has

11 lost income, promotional and career opportunities, and has suffered other economic losses in an

12 amount to be determined at time of trial. Plaintiff has sought to mitigate such wage-related

13 damages.

14

15      94.    As a direct, foreseeable and proximate result of defendants' outrageous conduct as

16 alleged herein, plaintiff has suffered great anxiety, embarrassment, anger, loss of enjoyment of

17 life, injury to reputation, and severe emotional distress in an amount to be determined at time of

18 trial.

19

20      95.    Defendant committed the acts alleged herein maliciously, fraudulently, and

21 oppressively, and with the wrongful intention of injuring plaintiff, and acted with an improper

22 and evil motive amounting to malice or despicable conduct. Alternatively, Defendant's wrongful

23 conduct was carried out with a conscious disregard of plaintiff's rights. Further, Defendant's

24 wrongful conduct was carried out and ratified by a managing agent, or officer, or director, of the

25 CITY, which had advance knowledge of the unfitness of its decision-maker and employed him

26 with a conscious disregard of plaintiff's rights and/or authorized and/or ratified his conduct. As a

27 result of defendant's conduct, plaintiff is entitled to recover punitive and exemplary damages in

28

1   an amount commensurate with each Defendant's wrongful acts and sufficient to punish and deter

2   future similarly reprehensible conduct.

3

4       96.    Plaintiff is entitled to recover prevailing party attorneys' fees pursuant to statutory

5   entitlements.

6

7                          **SEVENTH CAUSE OF ACTION**

8            **(42 U.S.C. §1983, Against Defendants IMPERIAL and COLON)**

9

10      97.    Plaintiff incorporates each allegation set forth in paragraphs 1 through 96.

11

12      98.    Until Plaintiff was removed from employment by Defendants, Plaintiff was a

13  permanent employee of Defendant IMPERIAL.

14

15      99.    Plaintiff has a direct beneficial interest in his employment with a public entity.

16  Plaintiff, at all times relevant to this action, had a legitimate claim of entitlement to his public

17  employment under, among other things, California Government Code and Imperial City Code.

18  Such public employment, that Plaintiff has been deprived of by Defendants' actions described

19  herein, is guaranteed by the Due Process Clause of the Fourteenth Amendment of the United

20  States Constitution.

21

22      100.   In unreasonably requiring the GROSSMAN medical exam, in violation of the

23  Fourth Amendment, and in discharging Plaintiff, and by refusing to accommodate Plaintiff,

24  against his will, Defendants have terminated Plaintiff's employment and have deprived Plaintiff

25  of fundamental vested property rights in continued public employment and vested liberty rights

26  in his reputation.  Plaintiff has property and liberty interests in continued public employment,

27  which are further supported by California law.

28

1      101.    Defendants acted under color of state law in depriving Plaintiff of his property

2  and liberty interests in violation of due process of law.

3

4      102.    Plaintiff is informed and believes and thereon alleges that he was deprived of his

5  property and liberty rights without due process of law as a result of Defendant CITY OF

6  IMPERIAL'S customs, practices, and policies.

7

8      103.    The customs, practices and policies of Defendant IMPERIAL. amounted to

9  deliberate indifference to the rights of persons, such as Plaintiff, who were terminated or refused

10 accommodation by Defendants due to, among other things, their mental disabilities or medical

11 conditions, union participation, political activity and political informational activity, exercise of

12 family care leave rights, and protected marital status.

13

14     104.    Plaintiff does not have a plain, speedy, and adequate remedy in the ordinary

15 course of law.

16

17     105.    As a direct and proximate result of Defendants' actions, Plaintiff has lost his

18 salary, title, and benefits attendant to employment.  Plaintiff has lost participation in trade and

19 professional groups and has suffered serious injury, including, but not limited to, extreme

20 embarrassment, humiliation, anxiety, ridicule, physical upset, and emotional distress.  The full

21 extent of Plaintiff's injuries is not known at this time, but Plaintiff will amend this Complaint to

22 set forth the full nature and extent of Plaintiff's damages once they have been ascertained with

23 particularity.

24

25     106.    In acting as is alleged in this Complaint, Defendants acted knowingly, willfully,

26 and maliciously, and with reckless and callous disregard for Plaintiff's rights protected by the

27 United States Constitution and the California Constitution.

28

## **EIGHTH CAUSE OF ACTION**

### **(Impermissible Medical Examination, 42 U.S.C. §12112(d)(1) , Against Defendants IMPERIAL and COLON)**

107.    Plaintiff incorporates each allegation set forth in paragraphs 1 through 106.

108.    At all times relevant to this action, the United States Americans with Disabilities Act, 42 U.S.C. §12112(d)(1), was in full force and effect and was binding upon Defendants.

109.    Defendants required from Plaintiff as a condition of continued employment a medical examination, which was designed by Defendants to reveal mental illness and had the effect of harming Plaintiff's employment prospects and subjecting Plaintiff to adverse employment action.

110.    The psychological examination lacked job-relatedness and business necessity. The examination constituted a search for purposes of the Fourth Amendment to the United States Constitution and was unreasonable.

111.    Defendants' conduct was a substantial factor in causing injury, damage, loss, and harm to Plaintiff.

112.    As a direct, foreseeable and proximate result of defendant's conduct, plaintiff has lost income, promotional and career opportunities, and has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate such wage-related damages.

113.    As a direct, foreseeable and proximate result of defendants' outrageous conduct as alleged herein, plaintiff has suffered great anxiety, embarrassment, anger, loss of enjoyment of

1   life, injury to reputation, and severe emotional distress in an amount to be determined at time of

2   trial.

3

4       114.    Defendant committed the acts alleged herein maliciously, fraudulently, and

5   oppressively, and with the wrongful intention of injuring plaintiff, and acted with an improper

6   and evil motive amounting to malice or despicable conduct.  Alternatively, Defendant's wrongful

7   conduct was carried out with a conscious disregard of plaintiff's rights.  Further, Defendant's

8   wrongful conduct was carried out and ratified by a managing agent, or officer, or director, of the

9   CITY, which had advance knowledge of the unfitness of its decision-maker and employed him

10  with a conscious disregard of plaintiff's rights and/or authorized and/or ratified his conduct. As a

11  result of defendant's conduct, plaintiff is entitled to recover punitive and exemplary damages in

12  an amount commensurate with each Defendant's wrongful acts and sufficient to punish and deter

13  future similarly reprehensible conduct.

14

15      115.    Plaintiff is entitled to recover prevailing party attorneys' fees pursuant to statutory

16  entitlements

17

18                          **NINTH CAUSE OF ACTION**

19              **(Invasion of Privacy, California Constitution, Article I, §1)**

20

21      116.    Plaintiff incorporates each allegation set forth in paragraphs 1 through 35.

22

23      117.    At all times relevant to this action, the United States Americans with Disabilities

24  Act, 42 U.S.C. §12112(d)(1), the California Constitution, Article I, §1, was in full force and

25  effect and was binding upon Defendants.

26

27      118.    Defendants required from Plaintiff, as a condition of continued employment, a

28  medical examination, which was designed by Defendants to reveal mental illness and had the

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
NO. 07CV2218

22

PLAINTIFF'S FIRST AMENDED COMPLAINT

1   effect of harming Plaintiff's employment prospects and subjecting Plaintiff to adverse

2   employment action.

3

4       119.    The psychological examination lacked job-relatedness and business necessity and

5   was unreasonable.

6

7       120.    Defendants engaged in the secret gathering of personal information, overbroad

8   collection and retention of unnecessary personal information of Plaintiff, and improperly used

9   information properly obtained to damage Plaintiff and advance their own interests.

10

11      121.    Plaintiff was entitled to autonomy in his intimate personal decisions, including,

12  but not limited to, those in regard to the conduct of his personal activities, psychological and

13  medical treatment, and therapy, without observation, intrusion, and interference by Defendants.

14

15      122.    Defendants' conduct was a substantial factor in causing injury, damage, loss, and

16  harm to Plaintiff.

17

18      123.    As a direct, foreseeable and proximate result of defendant's conduct, plaintiff has

19  lost income, promotional and career opportunities, and has suffered other economic losses in an

20  amount to be determined at time of trial.  Plaintiff has sought to mitigate such wage-related

21  damages.

22

23      124.    As a direct, foreseeable and proximate result of defendants' outrageous conduct as

24  alleged herein, plaintiff has suffered great anxiety, embarrassment, anger, loss of enjoyment of

25  life, injury to reputation, and severe emotional distress in an amount to be determined at time of

26  trial.

27

28  ///

125. Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendant's wrongful conduct was carried out with a conscious disregard of plaintiff's rights. Further, Defendant's wrongful conduct was carried out and ratified by a managing agent, or officer, or director, of the CITY, which had advance knowledge of the unfitness of its decision-maker and employed him with a conscious disregard of plaintiff's rights and/or authorized and/or ratified his conduct. As a result of defendant's conduct, plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with each Defendant's wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

126. Plaintiff is entitled to recover prevailing party attorneys' fees pursuant to statutory entitlements

## TENTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy, Against Defendants IMPERIAL and COLON)

127. Plaintiff incorporates each allegation set forth in paragraphs 1 through 126.

128. At all times relevant to this action, among other things, the United States Americans with Disabilities Act, California Fair Employment and Housing Act, Government Code §§12900 et seq., prohibiting harassment, discrimination, and retaliation on the basis of disability and marital status and exercise of leave rights, California Labor Code 132a, prohibiting discrimination against injured workers, California Labor Code §1101, et seq., prohibiting discharge of employees for engaging in political activities, California Labor Code §1050, prohibiting blacklisting, California Labor Code §922, et seq., prohibiting discharge of employees for engaging in union activity, California Government Code §12945.2, protecting leave rights for

24

1  newborn care, California Civil Code §44, et seq., prohibiting defamation, California Government

2  Code §3300, et seq., the "Peace Officers Bill of Rights", and California Penal Code §134, et seq.,

3  prohibiting false evidence and false report of crimes, were in full force and effect and were

4  binding on Defendants.

6     129.   Plaintiff believes and thereon alleges that his mental disability, was a factor in

7  Defendants termination of and refusal to accommodate Plaintiff.  Such discrimination is in

8  violation of the public policy of the State of California.

10    130.   Plaintiff is informed and believes that Defendants' termination of and refusal to

11  accommodate Plaintiff was retaliation for Plaintiff's disability or perceived disability, for his

12  protected marital status, for his political and union participation, and for his exercise of family

13  leave rights.  Defendants' discharge of Plaintiff violated fundamental and substantial public

14  policies of the State of California and of the United States, which were firmly established at the

15  time of discharge.

17    131.   As a proximate result of Defendants willful, knowing, and intentional harassment,

18  retaliation, and discrimination, against Plaintiff, he has sustained and continues to sustain

19  substantial losses in earnings and other employment benefits.

21    132.   As a proximate result of Defendants' willful, knowing, and intentional retaliation

22  against Plaintiff, he has suffered and continued to suffer humiliation, emotional distress, and

23  mental and physical pain and aguish, all to his damage in a sum according to proof.

25    133.   In light of the individual Defendants' willful, knowing, and intentional retaliation

26  against Plaintiff, Plaintiff seeks and award of punitive and exemplary damages in an amount

27  according to proof.

28

134.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is entitled to recover prevailing party attorneys' fees pursuant to statutory entitlements. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

135.    Plaintiff has fully complied with the Tort Claims Act requirements.

## ELEVENTH CAUSE OF ACTION

### (Defamation, Libel, Against All Defendants)

136.    Plaintiff incorporates each allegation set forth in paragraphs 1 through 135.

137.    Defendant CITY and COLON, furnished false, defamatory and inaccurate information, including, but not limited to, false disciplinary charges and falsified accounts of alleged misconduct to Defendant GROSSMAN, unprivileged persons, and through official law enforcement records.

138.    Defendant GROSSMAN, among other things, made false statements regarding Plaintiff, in writing, to the other Defendants, that Plaintiff lacked integrity, and falsely concluded that Plaintiff was unfit for duty.

139.    Defendants' conduct was a substantial factor in causing injury, damage, loss, and harm to Plaintiff.

140.    As a direct, foreseeable and proximate result of defendant's conduct, plaintiff has lost income, promotional and career opportunities, and has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate such wage-related damages.

PLAINTIFF'S FIRST AMENDED COMPLAINT

150.    As a direct, foreseeable and proximate result of defendants' outrageous conduct as alleged herein, plaintiff has suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional distress in an amount to be determined at time of trial.

151.    Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct.  Alternatively, Defendant's wrongful conduct was carried out with a conscious disregard of plaintiff's rights.  Further, Defendant's wrongful conduct was carried out and ratified by a managing agent, or officer, or director, of the CITY, which had advance knowledge of the unfitness of its decision-maker and employed him with a conscious disregard of plaintiff's rights and/or authorized and/or ratified his conduct. As a result of defendant's conduct, plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with each Defendant's wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

152.    Plaintiff is entitled to recover prevailing party attorneys' fees pursuant to statutory entitlements

## TWELFTH CAUSE OF ACTION

**(Blacklisting, California Labor Code §1050, Against Defendants IMPERIAL and COLON)**

153.    Plaintiff incorporates each allegation set forth in paragraphs 1 through 152.

154.    Plaintiff is informed and believes and thereon alleges that after Plaintiff's employment with Defendant IMPERIAL, Defendants made false representations to Plaintiff's prospective employers, in violation of California Labor Code §1050.

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
NO. 07CV2218

27

PLAINTIFF'S FIRST AMENDED COMPLAINT

155.    Plaintiff is informed and believes and thereon alleges that, among other things, Defendants falsely represented that Plaintiff was unfit for duty as a police officer, that Plaintiff lacked integrity, and that Plaintiff engaged in criminal conduct.  Plaintiff is unaware of the full extent of the false information furnished to his prospective employers and will amend this Complaint when the same has been ascertained with particularity.

156.    Defendants made the representations with the intent of preventing Plaintiff ESPINOZA from obtaining employment.  Defendants caused substantial economic and non-economic damage to Plaintiff by their conduct, acts, and omissions.  As a result of defendant's conduct, plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with each Defendant's wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

## **THIRTEENTH CAUSE OF ACTION**

### **(Intentional Infliction of Emotional Distress)**

157.    Plaintiff incorporates each allegation set forth in paragraphs 1 through 156.

158.    Plaintiff is informed and believes that the actions of Defendants, and each of them, in harassing Plaintiff, discriminating against Plaintiff, retaliating against Plaintiff, and causing Plaintiff's employ to be terminated in contravention of public policy, as alleged herein, were intentional, extreme, outrageous and were done with the intent to cause emotional distress or with reckless disregard of the probability of causing Plaintiff emotional distress.

159.    As a direct and proximate result of the Defendants' conduct, Plaintiff has been subjected to severe emotional distress and will continue to suffer severe and permanent humiliation, mental pain and anguish, and will continue to live in a constant state of emotional tension and distress.

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
NO. 07CV2218

PLAINTIFF'S FIRST AMENDED COMPLAINT

160.    As a direct and proximate result of the Defendants, and each of their actions, Plaintiff has suffered severe and serious injury to his person, all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

161.    As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in income, earnings, and benefits and has been damaged in his capacity to earn his salary, and has lost and will continue to lose employment benefits.

162.    The conduct of Defendants in causing Plaintiff's employment to be terminated without good, just or legitimate cause subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, as it was anticipated by Defendants, and each of them, that Plaintiff would be unable to find comparable employment in the foreseeable future. Plaintiff is informed and believes, and thereon alleges, that his termination by Defendants, and each of them, was done with an intent to cause injury to Plaintiff. As a consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof.

**WHEREFORE**, Plaintiff prays:

1.  For judgment of this Court against Defendants, finding and holding that Plaintiff has suffered from Defendants' acts of discrimination on the basis of disability;

2.  For judgment of this Court against Defendants, finding and holding that Plaintiff has suffered from Defendants' acts of retaliation and harassment against Plaintiff;

3.  For an order that Defendants reinstate or reasonably accommodate Plaintiff;

4.  For an order enjoining Defendants from any further prohibited discrimination and/or

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
NO.07CV2218

PLAINTIFF'S FIRST AMENDED COMPLAINT

1    retaliation against Plaintiff;

2    5.  For compensatory damages, including back pay, front pay, employment benefits, and

3        other special damages according to proof;

4    6.  For general damages to compensate Plaintiff for his injuries;

5    7.  For exemplary and punitive damages according to proof;

6    8.  For prejudgment interest on all damages awarded under any applicable statute or legal

7        principle;

8    9.  For reasonable attorney fees under any applicable statute or legal principle;

9    10. For costs of suit incurred; and

10   11. For such other and further relief as the Court may deem just and proper.

11

12                              LAW OFFICES OF VINCENT J. TIEN

13

14  Dated: March 6, 2008              By: _____

15                                      VINCENT J. TIEN, Attorneys for Plaintiff, JOHN
                                        ESPINOZA

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**VERIFICATION**

3

STATE OF CALIFORNIA, COUNTY OF ORANGE

4

I have read the foregoing: **PLAINTIFF'S FIRST AMENDED COMPLAINT** and know its

5    contents.

6

7    **CHECK APPLICABLE PARAGRAPH**

8    [X]    I am a party to this action. The matters stated in it are true of my own knowledge
              except as to matters which are stated on information and belief, and as to those

9              matters I believe them to be true.

10   [  ]    I am _____ of _____, a party to
              this action, and am authorized to make this verification for and on its behalf, and I make

11             this verification for that reason. I have read the foregoing document and know its
              contents. I am informed and believe that the matters stated therein are true.

12

      [  ]    I am one of the attorneys for _____, a party to this

13             action. Such party is absent from the county of aforesaid where such attorneys have their
              offices, and I make this verification for and on behalf of that party for that reason. I have

14             read the foregoing document and know its contents. I am informed and believe and on
              that ground allege that the matters stated in it are true.

15

16            I declare under penalty of perjury under the laws of the United States of America and the
      State of California that the foregoing is true and correct.

17

18            Executed on March 6, 2008, at Imperial, California.

19

20                                                          _____

21                                                          JOHN ESPINOZA, Declarant

22

23

24

25

26

27

28

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
CASE NO.

**PLAINTIFF'S FIRST AMENDED COMPLAINT**