**DECLUES, BURKETT & THOMPSON, LLP** <small>EXEMPT FROM FEES PER: <u>GOVERNMENT CODE</u> SECTION 6103</small>
**Attorneys at Law**
JEFFREY P. THOMPSON, Esq. (State Bar No. 136713)
JENNIFER K. BERNEKING, Esq. (State Bar No. 167172)
17011 Beach Blvd., Ste. 400
Huntington Beach, CA 92647-7455
Phone: (714) 843-9444
Fax: (714) 843-9452
e-mail address: jthompson@dbtlaw.com

Attorneys for Defendants, **CITY OF IMPERIAL** (a public entity) and
**MIGUEL COLON** (employee of a public entity)

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ESPINOZA, an individual, | CASE NO.: 07CV2218 LAB (RBB) |
| *Plaintiff,* | *Complaint Filed: 11/20/07* |
| vs. | *Judge Larry A. Burns*<br>*Courtroom 9* |
| CITY OF IMPERIAL, a public entity;<br>MIGUEL COLON, an individual; IRA<br>GROSSMAN, an individual; and DOES<br>1 THROUGH 50, inclusive, | **NOTICE OF MOTION AND MOTION<br>OF DEFENDANTS CITY OF<br>IMPERIAL AND MIGUEL COLON TO<br>DISMISS PLAINTIFF'S FIRST<br>AMENDED COMPLAINT** |
| *Defendants.* | **[Filed Concurrently With Motion to<br>Strike]** |
| | **Date: June 2, 2008**<br>**Time: 11:15 a.m.**<br>**Crtrm.:9** |

**TO PLAINTIFF JOHN ESPINOZA AND TO HIS ATTORNEYS OF RECORD:**

   **PLEASE TAKE NOTICE** that on **June 2, 2008**, at **11:15 a.m.**, or as soon as the matter may be heard in **Courtroom 9**, defendants CITY OF IMPERIAL (a public entity) and MIGUEL COLON (employee of a public entity), will, and hereby do, move to dismiss plaintiff's First Amended Complaint.

   Defendants CITY OF IMPERIAL (a public entity) and MIGUEL COLON (employee of a public entity), through their counsel, respectfully move the Court to

1    dismiss plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure,

2    Rule 12(b)(6) on the grounds that the First Amended Complaint fails to state a claim

3    against the CITY and COLON upon which relief can be granted.

4         This motion will be based upon this notice of motion and motion, the attached

5    memorandum of points and authorities, any matters judicially noticed by the Court, the

6    pleadings and papers on file with the Court, on any additional oral or written argument

7    presented at or before the time of hearing of this matter, and such oral and documentary

8    evidence as may be presented at the hearing of this motion.

9    Dated: April 7, 2008            **DECLUES, BURKETT & THOMPSON, LLP**

11               BY: _____

12                   JEFFREY P. THOMPSON, Esq.
                    JENNIFER K. BERNEKING, Esq.

13                Attorneys for Defendants, **CITY OF IMPERIAL**
               (a   public   entity)   and   **MIGUEL**   **COLON**

14                (employee of a public entity)

# TABLE OF CONTENTS

**PAGE(S)**

MEMORANDUM OF POINTS AND AUTHORITIES.........................................3

I.   STATEMENT OF THE CASE.........................................................3

II.  ANALYSIS......................................................................3

A.   The Court May Properly Grant This Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure 12.......................................................3

B.   The First, Third, and Sixth Causes of Action are Barred as to Defendant COLON.........................................................................4

C.   Discretionary Decision Immunity Bars the Third and Sixth Causes of Action As to Defendant COLON.............................................................6

D.   Defendant CITY is Immune From Liability for the Third and Sixth Causes of Action Pursuant to Section 815.2 of the California *Government Code*...............8

E.   Plaintiff Has Not Set Forth a Prima Facie Cause of Action for Disability Discrimination, Harassment or Retaliation Under Either the ADA or the California FEHA...........................................................................9

F.   COLON Is Inappropriately Named in Plaintiff's Second and Fourth Causes of Action for Failure to Accommodate..........................................12

G.   COLON in His Individual Capacity Enjoys Qualified Immunity As To the 42 *U.S.C.* § 1983 Cause of Action..............................................13

H.   The Eighth Cause Of Action For Impermissible Medical Examination Is Duplicative Of The First And Fifth Causes Of Action..........................15

I.   Plaintiff's Ninth Cause Of Action For Invasion Of Privacy Fails To State Facts Sufficient To State A Cause Of Action Against Defendants.....................15

J.   Defendant COLON May Not Be Held Liable For Termination In Violation Of Public Policy..............................................................16

1

## **TABLE OF CONTENTS**

2

**PAGE(S)**

3    K.    As An Employee Of A Public Entity, Plaintiff Did Not Hold His Position

4    Pursuant To Contract, But Solely By Statute, Making His Wrongful Termination

5    Cause Of Action Improper As To CITY.................................................. 16

6    L.    Any Challenge To The Decisions Of The CITY Should Have Been Brought

7    Through Appropriate Administrative Appeals Including An Application For Writ

8    Of Mandamus.................................................................................19

9    M.    Plaintiff Has Not Adequately Alleged Defamation.............................20

10    N.    Plaintiff Has Not Demonstrated That the Communications Were Not

11    Privileged....................................................................................21

12    O.    There Can Be No Recovery for Intentional Infliction of Emotional

13    Distress.......................................................................................22

14    IV.    CONCLUSION...............................................................................23

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**PAGE(S)**

*FEDERAL CASES*

*Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)....................................................................................................4

*Brewster v. Board of Education,* 149 F.3d 971, 977 (9th Cir.1998)...........................13

*Foster v. Arcata Assoc., Inc.,*  772 F.2d 1453, 1459 (9th Cir.1985)..........................10

*Fragante v. City and County of Honolulu,*  888 F.2d 591, 595 (9th Cir. 1989).........10, 12

*Han v. United States Department of Justice*, 45 F.3d 333, 338 (9th Cir.1995)............13

*Kennedy v. Applause, Inc.,* 90 F.3d 1477, 1481 (9th Cir. 1996).............................9

*McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)...................................................................................................9, 10

*Miller v. County of Santa Cruz,* 796 F.Supp.1316 (N.D. Cal. 1992)......................20

*Miller v. Maxwell's International, Inc.*, 991 F.2d 583 (9th Cir. 1993)......................4

*NL Industries, Inc. v. Kaplan* 792 F.2d 896, 898 (9th Cir.1986)............................4

*Nunez v. Wal-Mart Stores, Inc.*, 164 F.3d 1243 (9th Cir. 1999)............................9

*St. Mary's Honor Center v. Hicks,* 509 U.S.  502, 113 S.Ct. 2742, 125 L.Ed.  2d 407 (1993)...................................................................................................10

*Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67...................................................................................................10

*Walsh v. Nevada Dept. of Human Resources,* 471 F.3d 1033, 1037-1038 (9th Cir. 2006)...........................................................................................4, 12, 15


*STATE CASES*

*Brundage v. Hahn,* 57 Cal.4th 228, 236 (1997)..............................................9

*Caldwell v. Montoya,* 10 Cal. 4th 972, 988 (1995)......................................6, 7, 8, 9

*City of Fresno v. Superior Court* 188 Cal.App.3d 1484 (1987)...........................19, 20

*Cochran v. Cochran*, 65 Cal.App.4th 488 (1998)............................................22

1

## TABLE OF AUTHORITIES

2                                                                    **PAGE(S)**

3   *Deschene v. Pinole Point Steele Co.,* 76 Cal.App. 433, 44 (1999)..........................9

4   *Faust v. California Portland Cement Co.*, 150 Cal.App.4th 864, 886 (2007)..............9

5   *Fiol v. Doellstedt* (1996) 50 Cal.App.4th 1318, 1326.......................................13

6   *Foley v. Interactive Data Corp.,* 47 Cal.3d 654, 687, 700 n. 42 (1988)....................10

7   *Gray v. Superior Court,* 181 Cal.App.3d 813 (1986)...............................10, 11, 12

8   *Guthrey v. State of California,* 63 Cal.App.4th 1108 (1998)............................10, 12

9   *Haub v. Friermuth,* 1 Cal.App.556, 82 P.571 (1902)........................................20

10  *Janken v. G.M. Hughes Electronics,* 46 Cal.App.4th 55 (1996)..........................4, 5

11  *Jones v. Lodge at Torrey Pines Partnership,* 42 Cal.4th 1158, 72 Cal.Rptr.3d 624, 625

12  (2008)...........................................................................................5

13  *Kemmerer v. County of Fresno,* 200 Cal.App.3d 1426 (1988)...........................17

14  *King v. United Parcel Service, Inc.,* 152 Cal.App.4th 426, 432 (2007).......................9

15  *Logan v. Southern California Rapid Transit District,* 136 Cal.App.3d 116 (1992)...19, 20

16  *Miller v. National Broadcasting Co.,* 187 Cal.App.3d 1463, 1482 (1986).................15

17  *Miller v. State of California,* 18 Cal. 3d 808 (1977).......................................16

18  *Reno v. Baird,* 18 Cal.4th 640 (1998)................................................4, 5, 16

19  *Sava v. Fuller,* 249 Cal.App.2d 281(1967)................................................8, 9

20  *Summers v. City of Cathedral City,* 225 Cal.App.3d 1047 (1990).......................18

21  *Valenzuela v. State of California,*194 Cal.App.3d. 916 (1987)...........................17

22  *Westlake Community Hospital v. Superior Court,* 17 Cal.3d 465 (1976)..............19, 20

23

24

25

26

27

28

CASE NO.: 07CV2218 LAB (RBB)

1

# <u>TABLE OF AUTHORITIES</u>

2
                                                                                **PAGE(S)**

3  *STATUTES*

4  *Federal Rule of Civil Procedure* 12(b) and Rule 12(b)(6)..................................3

5  *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed.2004)..........................4

6  42 *U.S.C.* § 1983.....................................................................12

7  42 U.S.C. §§ 12101 - 12213.........................................................4, 9

8  California *Civil Code* § 47.....................................................21, 22

9  California *Code of Civil Procedure* §§ 45 and 46...................................20

10 California *Government Code* § 815.2................................................8

11 California *Government Code* § 820.2..............................................6, 8

12 California *Government Code* §§ 12940.............................................4, 6

13 California *Government Code* § 12940(a)..............................................9

14 California *Government Code* § 12940(k)............................................12

15 California *Government Code* §§ 18000-22999.........................................18

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF THE CASE

The CITY OF IMPERIAL (hereinafter referred to as "CITY") allegedly employed plaintiff JOHN ESPINOZA in 2002 as a police officer.  Plaintiff was allegedly employed by the CITY for five years, until 2007.  (FAC 3:22-24).

During plaintiff's employment with the CITY, plaintiff underwent a marital separation and later, a dissolution of his marriage.    Plaintiff allegedly underwent counseling and therapy for the marital separation and dissolution of his marriage.  (FAC 4:5-9).

In July 2006, plaintiff allegedly requested paternity leave to care for his newborn child by his girlfriend.  Allegedly shortly thereafter, plaintiff was required by the CITY, through Police Chief MIGUEL COLON (hereinafter referred to as "COLON"), to undergo a psychological examination with Psychologist Ira Grossman.  (FAC 4:21-24).

Plaintiff was placed on leave allegedly because he was found unfit for duty.  Thereafter, plaintiff allegedly obtained a release to return to work by a psychologist, but the CITY refused to allow him to return to work.  Plaintiff was allegedly terminated on or about June 22, 2007 after unspecified disciplinary actions.  (FAC 5:1-4; 6:17-18).

Based upon these facts, plaintiff has brought this suit against defendants CITY, COLON and Ira Grossman.  For the reasons set forth below, the Court may properly grant this Motion to Dismiss.

### II.    ANALYSIS

#### A.    The Court May Properly Grant This Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure 12

Federal Rule of Civil Procedure 12(b) provides that certain defenses, in law or fact, to a claim for relief in any pleading, may at the option of the pleader be made by motion.  These defenses include failure to state a claim upon which relief can be granted.

For the purposes of a motion to dismiss brought pursuant to Rule 12(b)(6), material allegations of the complaint which are well pleaded are accepted as true, and construed in

3

1   the light most favorable to Plaintiff. *NL Industries, Inc. v. Kaplan* 792 F.2d 896, 898 (9th
2   Cir.1986).   In order to survive dismissal for failure to state a claim pursuant to Rule
3   12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a
4   cause of action;" it must contain factual allegations sufficient to "raise a right to relief
5   above the speculative level." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955,
6   1965, 167 L.Ed.2d 929 (2007). "The pleading must contain something more ... than ... a
7   statement of facts that merely creates a suspicion [of] a legally cognizable right of action."
8   *Id.*, quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236
9   (3d ed.2004). The First Amended Complaint is deficient.   The Court may properly grant
10  this Motion as to defendants CITY and COLON.

11        **B.      The First, Third, and Sixth Causes of Action are Barred as to**
12        **Defendant COLON**

13        Plaintiff's first, third, and sixth causes of action for discrimination in violation of the
14  Americans with Disabilities Act ("ADA"), disability discrimination in violation of the
15  California Fair Employment and Housing Act ("FEHA"), and retaliation in violation of the
16  ADA and FEHA, respectively, are barred against defendant COLON because an individual
17  employee cannot be held personally liable for personnel management decisions plaintiff
18  contends were discriminatory and/or retaliatory.

19        Plaintiff's First Amended Complaint requests the imposition of liability on
20  individual defendant COLON for violation of the violation of the ADA, 42 U.S.C. §§
21  12101 - 12213, and California FEHA, California *Government Code* §§ 12940 *et seq.*
22  This is improper given the holdings in *Walsh v. Nevada Dept. of Human Resources*, 471
23  F.3d 1033, 1037-1038 (9th Cir. 2006) (supervisors and coworkers are not individually
24  liable under the ADA for disability discrimination) and *Janken v. G.M. Hughes*
25  *Electronics*, 46 Cal.App.4th 55 (1996), ratified in *Reno v. Baird*, 18 Cal.4th 640 (1998).
26  *See also, Miller v. Maxwell's International, Inc.*, 991 F.2d 583 (9th Cir. 1993) (holding
27  that individual defendants cannot be held personally liable under Title VII). In *Janken*, the
28  Court stated:

> We conclude ... that it was the intent of the Legislature to place individual supervisory employees at risk of personal liability for personal conduct constituting harassment, but that it was not the intent of the Legislature to place individual supervisory employees at risk of personal liability for personnel management decisions later considered to be discriminatory. We conclude that the Legislature's differential treatment of harassment and discrimination is based on the fundamental distinction between harassment as a type of conduct not necessary to a supervisor's job performance as contrasted with business or personnel management decisions which might later be considered discriminatory - is inherently necessary to performance of a supervisor's job.

*Janken*, 46 Cal.App.4th at 62-63. (Emphasis added) The *Janken* Court further concluded:

> [T]hat the Legislature intended that commonly necessary personnel management actions such as hiring and firing, job or project assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions, deciding who and who will not attend meetings, deciding who will be laid off and the like, do not come within the meaning of harassment. These are actions of a type necessary to carry out the duties of business and personnel management .... Harassment by contrast consists of actions outside the scope of job duties which are not of the type necessary to business personnel management.

*Id.*, 46 Cal.App.4th at 64-65. Most recently, the California Supreme Court held in *Jones v. Lodge at Torrey Pines Partnership*, 42 Cal.4th 1158, 72 Cal.Rptr.3d 624, 625 (2008) that the employer, but not nonemployer individuals, may be held liable for retaliation under FEHA.

A close study of the allegations in plaintiff's First Amended Complaint reveals that plaintiff alleges nothing more than discrimination and retaliation arising from decisions concerning his employment with the CITY. In other words, all of the allegations plaintiff makes in his First Amended Complaint and which give rise to the first, third, and sixth causes of action against COLON concern "necessary personnel management actions" as defined in *Janken, supra*, and upheld in *Reno, supra*. Therefore, these allegations cannot give rise to causes of action for discrimination or retaliation under the ADA or the FEHA against defendant COLON. Thus, the Court may sustain defendant COLON's motion to dismiss the first, third, and sixth causes of action against him.

///

**C.    Discretionary Decision Immunity Bars the Third and Sixth Causes of Action As to Defendant COLON**

Plaintiff's third cause of action alleges discrimination and the sixth cause of action alleges retaliation against defendant COLON under the FEHA. The discretionary decision immunity provided by California law bars the FEHA causes of action as to individual defendant COLON in this case.

Discretionary decision immunity in California is afforded by *Government Code* § 820.2. Section 820.2 provides:

> "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

The decision whether or not to retain an employee is the quintessential discretionary act of government which must be kept free of unseemly judicial interference. *See, Caldwell v. Montoya,* 10 Cal. 4th 972, 988 (1995). Accordingly *Government Code* § 820.2 prevents a plaintiff from requiring a Court to examine the acts of individual decision makers in a coordinate branch of government in connection with employment decisions concerning an employee. Further, Section 820.2 bars both common law and FEHA causes of action.

Indeed, the California Supreme Court's *Caldwell* decision is applicable herein by analogy although there are no allegations contained in the First Amended Complaint with indicate that defendant COLON acted to terminate plaintiff's employment. In the first paragraph of the decision, Justice Baxter stated the issue to be whether school officials who voted to terminate the employment of a school district superintendent are protected by immunity from an action brought pursuant to *Government Code* § 12940. *Id.* at 975-76. In the second paragraph of the decision, the Court stated its holding: "As a matter of law, participating board members therefore enjoy personal immunity under section 820.2. This immunity applies even where the dismissed official alleges that the members' votes were cast for reasons that violated FEHA." *Id.* at 976.

The Court set the stage for its analysis by stating:

> For purposes of our immunity analysis we assume, without deciding, that FEHA imposes individual tort liability on both public and private employees who cause or assist their covered 'employers' to violate the statute.  We also assume, without deciding, that in the absence of immunity, plaintiff has stated a valid claim against defendant Hansen for retaliatory discharge in violation of public policy.

*Id*. at 978, fn.3.

In its analysis, the Court addressed the issue of whether discretionary immunity would apply to the common law torts involving termination. *Id*. at 979-984. The Court held that discretionary immunity applied to protect board members for their vote. *Id*. at 983. In reaching this conclusion, the Court noted that previous cases had carefully preserved the distinction between policy and operational judgments. *Id*. at 981. The Court then went on to examine different cases in which certain acts had been determined to be discretionary or ministerial. The Court then stated:

> Under this standard, there seems little doubt that votes by members of a school district's governing board whether to renew the superintendent's employment contract qualify as discretionary acts within the meaning of section 820.2. Indeed, in *Lipman*, supra, 55 Cal. 2d 224, 11Cal.Rptr. 97, 359 P.2d 645, this court specifically held that community inquiries by school district trustees concerning a superintendent's fitness for continued employment must be considered immune discretionary acts within the scope of authority because, among other things, "[t]here is a vital public interest in securing free and independent judgment of school trustees in dealing with personnel problems." (Id. at p. 230, 11 Cal.Rptr. 97, 359 P.2d. 465.)
>
> The Senate legislative committee comment for section 820.2 states that the statute was intended to codify this aspect of *Lipman*'s analysis. (Sen. Legis. Committee com., 32 West's Ann. Gov.Code, supra § 820.2, pp. 226-227.)  If a school district's governing board may thus freely investigate whether to terminate the employment of the district's superintendent, surely the board's final decision not to renew the superintendent's contract is entitled to similar protection.

*Caldwell*, 10 Cal.4th at 982-983.

Here, even assuming the truth of plaintiff's allegations in the First Amended Complaint, Section 820.2 provides a complete immunity to plaintiff's discrimination and retaliation causes of action based upon FEHA. As the *Caldwell* Court noted:

> [P]ublic employees are immune for their discretionary acts, even those which constitute breaches of actionable duty, unless a

7

statute otherwise provides. Follows that where immunity provided by section 820.2 would otherwise apply, that immunity cannot be abrogated by a statute which simply imposes a general duty or liability on persons including public employees. Such a statute may indeed render the employee liable for his violations unless a specific immunity applies, but it does not remove the immunity. This further effect can only be achieved by a clear indication of legislative intent that the statutory immunity is withheld or withdrawn in a particular case.

*Id.* at 985-986. The *Caldwell* Court went on to hold that FEHA and its general prohibition against employment discrimination by both public and private employers does not meet that test. As *Caldwell* noted, "[t]here is no indication of legislative intent that, notwithstanding the statutory immunity for discretionary acts, public employees may be sued for personnel decisions which violate FEHA. Hence, that immunity must prevail, if otherwise applicable, over FEHA claims against public employees in their individual capacity." *Id*. at 988-989. (Emphasis added). Since immunity provided by *Government Code* § 820.2 prevails over FEHA claims against public employees, the Court may grant defendant COLON's motion to dismiss the third and sixth causes of action contained in the First Amended Complaint.

### D. Defendant CITY is Immune From Liability for the Third and Sixth Causes of Action Pursuant to Section 815.2 of the California *Government Code*

Section 815.2 of the California *Government Code* provides in pertinent part:

"(b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

Based upon the language of section 815.2 of the *Government Code*, California courts have consistently held that where a public employee is immune from liability because the act or omission at issue was the result of the exercise of his discretion, so also is the employing public entity. *Sava v. Fuller,* 249 Cal.App.2d 281(1967).

As outlined above, plaintiff herein complains that defendants discriminated against him based upon his disability and/or medical condition. Specifically, plaintiff contends that he was discriminated against when he was placed on leave and eventually terminated

1  allegedly due to the outcome of a psychological examination.  These personnel decisions

2  were made by public officials who were obviously exercising their discretion in

3  determining how to run the CITY.  As is clear from *Caldwell*, and *Sava*, *supra*, COLON is

4  immune from liability, so too is the CITY under section 815.2 of the *Government Code*.

5  As such, plaintiff cannot state a claim against defendant CITY based upon the conduct

6  alleged in the third and sixth cause of action.  The Court may properly grant defendant

7  CITY's motion to dismiss the third and sixth causes of action.

8  **E.**    **Plaintiff Has Not Set Forth a Prima Facie Cause of Action for**

9        **Disability Discrimination, Harassment or Retaliation Under Either the**

10        **ADA or the California FEHA**

11       Plaintiff alleges disability discrimination against the CITY and COLON in his first

12  and second causes of action.  The first cause of action alleges disability discrimination

13  under the ADA.  42 U.S.C. §§ 12101-12213.  The second cause of action alleges disability

14  discrimination under the California FEHA.  California *Government Code* § 12940(a).

15  Further, plaintiff alleges harassment and retaliation under both the ADA and FEHA

16  against both the CITY and COLON in his fifth cause of action and sixth cause of action,

17  respectively.

18       Under both the ADA and FEHA, the plaintiff establishes a prima facie cause of

19  action by showing that he: (1) Suffers from a disability; (2) Is a qualified individual; and

20  (3) Was subject to adverse employment action because of the disability.  *Faust v.*

21  *California Portland Cement Co.*, 150 Cal.App.4th 864, 886 (2007); *King v. United Parcel*

22  *Service, Inc.,* 152 Cal.App.4th 426, 432 (2007); *Deschene v. Pinole Point Steele Co.,* 76

23  Cal.App. 433, 44 (1999); *Brundage v. Hahn,* 57 Cal.4th 228, 236 (1997); *Nunez v. Wal-*

24  *Mart Stores, Inc.*, 164 F.3d 1243 (9th Cir. 1999); *Kennedy v. Applause, Inc.,* 90 F.3d 1477,

25  1481 (9th Cir. 1996).   The employer must then offer a legitimate non-discriminatory

26  reason for the adverse employment action.  Plaintiff then bears the burden of proving that

27  the employer's proffered reason is pretextual.  *Brundage,* 57 Cal.App. 4th at 236.  *See*

28  *also, McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668

1  (1973).

2      As confirmed by the United States Supreme Court in *St. Mary's Honor Center v.*

3  *Hicks,* 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed. 2d 407 (1993), the ultimate burden

4  remains at all time on plaintiff to affirmatively prove intentional discrimination, even if a

5  court rejects a defendant's proffered reasons for an employment decision. Here, plaintiff's

6  allegations, even if accepted as true, do not establish a prima facie case of discrimination,

7  harassment or retaliation against the defendants.

8      To establish a prima facie case, plaintiff must offer evidence that "give(s) rise to an

9  inference of unlawful discrimination." *Texas Dept. of Community Affairs v. Burdine,* 450

10  U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed. 2d 207 (1981). In short, plaintiff must plead the

11  four requirements set forth in *McDonnell Douglas*, supra:

12      (1) That the plaintiff belongs to a class protected by Title VII; (2)
        That the plaintiff applied and was qualified for a job for which
13      the employer was seeking applicants; (3) That, despite being
        qualified, the plaintiff was rejected; and (4) That, after the
14      plaintiff's rejection, the position remained open, and the
        employer continued to seek applicants from persons of
15      comparable qualifications.

16  *McDonnell Douglas*, 411 U.S. at 802. The *McDonnell Douglas* test is flexible and may be

17  adapted to the fact situation as appropriate. *Fragante v. City and County of Honolulu,* 888

18  F.2d 591, 595 (9th Cir. 1989).

19      Further, the issue of whether plaintiff can set forth a prima facie cause of action can

20  be decided as a matter of law when there is no genuine issue of material fact. *Foster v.*

21  *Arcata Assoc., Inc.,* 772 F.2d 1453, 1459 (9th Cir. 1985). In fact, the sustaining of a

22  Motion to Dismiss without leave to amend is appropriate where a plaintiff can make no

23  more than conclusionary allegations of discrimination, harassment, and retaliation without

24  ultimate facts supporting such an assertion. *Gray v. Superior Court,* 181 Cal.App.3d 813

25  (1986), *disapproved on other grounds*, *Foley v. Interactive Data Corp.*, 47 Cal.3d 654,

26  687, 700 n. 42 (1988). *See also, Guthrey v. State of California,* 63 Cal.App.4th 1108

27  (1998).

28

CASE NO.: 07CV2218 LAB (RBB)

In *Gray*, the Court of Appeal for the Fourth District of California affirmed the sustaining of a demurrer without leave to amend as to a terminated employee's claim of sex discrimination and retaliation under the FEHA. The Court stated:

> [Plaintiff's] pleading has no specific factual allegations suggesting sexual discrimination. He simply lists [his supervisor's] actions in failing to cooperate, postponing his annual review, submitting a false report and refusing to allow him to complete his response, and affixes to them a sexual discrimination label.
>
> *****
>
> The allegations of retaliatory discharge in violation of Government Code sections 12920 and 12940, subdivision (f) are totally without factual support. [Plaintiff] simply asserts the termination was in violation of these sections without any alleged factual basis.

*Gray, supra*, 181 Cal.App.3d at 820.

The pleading standard set forth in *Gray* and *Guthrey*, plainly establish the insufficiency of plaintiff's allegations of discrimination, harassment, and retaliation herein. In this case, plaintiff provides few, if any, allegations supporting the proposition that he was discriminated, harassed, and/or retaliated against by defendants on the basis of his disability. The First Amended Complaint alleges only as follows:

> 35.   Plaintiff is regarded as an individual with a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C §12102(2). Plaintiff has a record of perceived mental impairment, and is regarded by CITY as having such an impairment.
>
> 36.   Plaintiff is a "qualified individual with a disability" as defined in §101(8) of the ADA, 42 U.S.C. § 12111(8). Plaintiff is an individual with a disability or perceived disability who, with or without reasonable accommodation can perform the essential functions of a position with the CITY.
>
> 56.   As alleged herein, Defendants subjected Plaintiff to adverse employment action, culminating in termination, on the basis of disability or perceived disability in violation of the California Fair Employment and Housing Act, Government Code §§12900 et seq.
>
> 57.   Defendants knew Plaintiff had mental disabilities and/or medical conditions caused by performing his work. Alternatively, Defendants perceived Plaintiff to have non-industrial disabilities and/or medical conditions

11

81.    As alleged herein, Plaintiff was subjected to unwelcome harassment, including, but not limited to hostile work environment, based on his disabilities or perceived disabilities.

89.    Defendants subjected Plaintiff to unwarranted adverse employment action.

FAC ¶¶ 35, 36, 56, 57, 81, and 89.

Plaintiff's allegations do not meet the pleading standards established by *Foster, Gray* and *Guthrey*.  Indeed, plaintiff has not pled the connection between any of the allegedly discriminatory, harassing, and/or retaliatory actions and his disability.  Indeed, plaintiff has not specifically identified his disability or perceived disability anywhere in the First Amended Complaint.  Simply put, there are no specifics pled in the First Amended Complaint to support a cause of action for discrimination, harassment, or retaliation against the defendants.  As in *Gray* and *Guthrey*, plaintiff's mere belief that he was a victim of discrimination does not overcome the need for the necessary facts upon which such claims may be brought.  As such, defendant CITY and COLON's motion to dismiss the first, second, fifth and sixth causes of action may be granted.

## F.    COLON Is Inappropriately Named in Plaintiff's Second and Fourth Causes of Action for Failure to Accommodate

Plaintiff's second and fourth causes of action for failure to accommodate in violation of the ADA and FEHA inappropriately name individual defendant COLON as a party to these causes of action.  These causes of action can only be alleged against an employer, not an individual employee such as COLON.  *See, Walsh v. Nevada Dept. of Human Resources, supra,* 471 F.3d at 1037-1038 (9th Cir. 2006) which found that supervisors and coworkers are not individually liable under the ADA for disability discrimination and by extension, failure to accommodate.

Indeed, California *Government Code* § 12940(k) provides that it shall be an unlawful employment practice:

> "For an <u>employer</u>, labor organization, employment agency, apprenticeship training program, or any training program leading to employment, to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

(Emphasis added).

Thus, it is clear from the above statute that there is no personal liability for an individual defendant under the California Fair Employment and Housing Act for failure to accommodate. *See, Fiol v. Doellstedt* (1996) 50 Cal.App.4th 1318, 1326 (the duty to prevent sexual harassment is owed by the employer not the supervisor). As a result, the Court may sustain defendant COLON's motion to dismiss to the second and fourth causes of action without leave to amend.

### G.   COLON in His Individual Capacity Enjoys Qualified Immunity As To the 42 *U.S.C.* § 1983 Cause of Action

Plaintiff cannot recover from COLON in his individual capacity as to the seventh cause of action for violation of 42 *U.S.C.* § 1983, because plaintiff has failed to allege COLON violated a clearly established statutory or constitutional right of which a reasonable person would have known. Accordingly, COLON enjoys qualified immunity from this cause of action.

Qualified immunity is a defense by which public officials are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Brewster v. Board of Education,* 149 F.3d 971, 977 (9th Cir.1998). Of course, the immunity is limited to suits brought against officials in their individual capacity. *Han v. United States Department of Justice*, 45 F.3d 333, 338 (9th Cir.1995).

While it may appear that the right to due process in public employment is clearly established, and therefore qualified immunity is not applicable, that analysis is too superficial. As the Court in *Brewster, supra,* 149 F.3d 971 explained:

> The plaintiff shoulders the burden of proving that the rights he claims are "clearly established." *See Davis v. Scherer*, 468 U.S. 183, 197, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). The Supreme Court has made clear that qualified immunity provides a protection to government officers that is quite far-reaching. Indeed, it safeguards "all but the plainly incompetent or those who knowingly violate the law.... [I]f officers of reasonable competence could disagree on th[e] issue [whether a chosen course of action is constitutional], immunity should be recognized." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct.

13

1092, 89 L.Ed.2d 271 (1986); *see also Knox v. Southwest Airlines*, 124 F.3d 1103, 1107 (9th Cir.1997) ("Th[e] test allows ample room for reasonable error on the part of the [government official].").

The Supreme Court has also amplified what it means for a right to be "clearly established" within the meaning of *Harlow*. Specifically, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). In other words, before being charged with monetary liability, public officials must be given clear notice that their conduct is unlawful. To that end, the Supreme Court has observed that the *Harlow* standard "depends substantially upon the level of generality at which the relevant 'legal rule' is to be identified." *Id.* at 639, 107 S.Ct. 3034. In assessing claims of qualified immunity, reviewing courts must not view constitutional rights in the abstract but rather "in a more particularized, and hence more relevant, sense." *Id.* at 640, 107 S.Ct. 3034. Thus, in order to ensure that government officials receive necessary guidance, courts should focus the qualified immunity inquiry at the level of implementation. As this court has put the matter, "the right referenced by the *Harlow* test is not a general constitutional guarantee ... but its application in a particular context." *Todd v. United States*, 849 F.2d 365, 370 (9th Cir.1988); *accord Kelley v. Borg*, 60 F.3d 664, 667 (9th Cir.1995) ("[B]road rights must be particularized before they are subjected to the clearly established test."). In other words, courts adjudicating claims of qualified immunity must look not to constitutional guarantees themselves but to the various doctrinal tests and standards that have been developed to implement and to administer those guarantees. *See generally* Richard H. Fallon, *The Supreme Court, 1996 Term--Foreword: Implementing the Constitution*, 111 Harv. L.Rev. 56, 56 (1997) ("Even when general agreement exists that the Constitution reflects a particular value or protective purpose, questions of implementation often remain.").

*Id.*, 149 F.3d at 977.

Here, it appears plaintiff has alleged that he was removed from employment with defendant CITY without due process, but this allegation does not withstand scrutiny. Even if it did, it appears that disciplinary charges were brought against plaintiff and were brought to a final conclusion. (FAC 6:1-18). Plaintiff can scarcely argue that he was not granted due process. Under such alleged circumstances, qualified immunity bars this suit against COLON in his individual capacity. The Court may properly dismiss the seventh cause of action as to defendant COLON.

///

14

**H.    The Eighth Cause Of Action For Impermissible Medical Examination Is Duplicative Of The First And Fifth Causes Of Action**

The eighth cause of action alleges a violation of the ADA based upon an impermissible medical evaluation.    However, this cause of action is duplicative of plaintiff's first cause of action for disability discrimination under the ADA and fifth cause of action for harassment under the ADA.    Indeed, plaintiff has incorporated by reference each and every allegation previously plead in these two causes of action in setting forth his eighth cause of action.    As such, it is duplicative and merely another basis for establishing liability under the ADA for discrimination.

Further, defendant COLON is named in this cause of action in addition to the CITY. As set forth herein previously, supervisors and coworkers are not individually liable under the ADA for disability discrimination.    *See Walsh, supra*, 471 F.3d at 1037-1038.    As a result, the Court may properly dismiss this cause of action in its entirety as to both the CITY and COLON.

**I.    Plaintiff's Ninth Cause Of Action For Invasion Of Privacy Fails To State Facts Sufficient To State A Cause Of Action Against Defendants**

Plaintiff's ninth cause of action alleges invasion of privacy.    Plaintiff alleges that defendants subjected him to a medical examination in order to reveal a mental illness. (FAC 22:27-28).    The tort of invasion of privacy is in fact comprised of four separate torts: 1) Intrusion into private affairs; 2) Public disclosure of private facts;  3) False light; and 4) Appropriation of an individual's name for commercial advantage.    *See, Miller v. National Broadcasting Co.,* 187 Cal.App.3d 1463, 1482 (1986).

It is not clear from the face of the Complaint if plaintiff is alleging intrusion into private affairs or public disclosure of private facts.    As such, plaintiff has not adequately plead the basis for this cause of action.    Therefore, the Court may grant defendants' motion to dismiss the ninth cause of action.

///

**J.    Defendant COLON May Not Be Held Liable For Termination In Violation Of Public Policy**

Plaintiff's tenth cause of action alleges wrongful termination in violation of public policy against defendants CITY and COLON.  At the outset, the California Supreme Court has made it clear that an individual defendant may not be sued for wrongful termination in violation of public policy.  In *Reno v. Baird*, *supra*, the Court held that not only can individuals like defendant COLON <u>not</u> be held liable for acts of intentional discrimination under the FEHA, but that such an individual employee cannot also be held liable for wrongful discharge in violation of public policy. *Reno,* 18 Cal.4th at 663-664.

In this case, plaintiff's First Amended Complaint alleges that at all times defendant COLON was an employee of the CITY.  (FAC 2:18-24).  Further, it appears that plaintiff seeks to hold defendant COLON personally liable under plaintiff's tenth cause of action.  The California Supreme Court's decision in *Reno, supra*, makes it clear that defendant COLON cannot be held personally liable.  As such, defendant COLON's motion to dismiss plaintiff's tenth cause of action must be granted without leave to amend.

**K.    As An Employee Of A Public Entity, Plaintiff Did Not Hold His Position Pursuant To Contract, But Solely By Statute, Making His Wrongful Termination Cause Of Action Improper As To CITY**

Plaintiff's tenth cause of action for wrongful termination in violation of public policy against CITY asserts a claim based on defendant CITY's purported wrongful termination of plaintiff's employment.  However, it has long been recognized in California that public employees hold their positions not by contract but by statute.  Such employees may not pursue actions based on common law/breach of contract theories.

For example, in *Miller v. State of California*, 18 Cal. 3d 808 (1977), the California Supreme Court stated:

> [I]t is well settled in California that public employment <u>is not held by contract but by statute</u>. . . nor is any vested contractual right conferred on the public employee because he occupies a civil service position since it is equally well settled that the terms and conditions of civil service employment are fixed by statute and not by contract. (Citations omitted). Indeed, the statutory

> provisions controlling the terms and conditions of civil service employment cannot be circumvented by purported contracts in conflict therewith.

*Id.* at 813-814. (Emphasis added).

In *Valenzuela v. State of California,*194 Cal.App.3d. 916 (1987), a former state highway traffic officer contending that he had been forced into retirement as a result of on-the-job harassment filed a claim and then sued the State for breach of implied contract, breach of the implied covenant of good faith and fair dealing, wrongful termination and intentional infliction of emotional distress.  The State demurred to the complaint and the trial court upheld the demurrer without leave to amend.  The Appellate Court affirmed, stating:

> Employees of the State Highway Patrol are members of the California Civil Service System which is covered by California's Constitution. (Citations omitted).  The terms and conditions of civil service employment <u>are fixed by statute and not by contract</u> (citations omitted) and a state employee accepts and benefits from numerous employment provisions which include all aspects of hiring, performance, grievances, lay-offs and retirement. (Citations omitted).

*Id.* at 919-920. (Emphasis added).

The *Valenzuela* Court also held that "[a]n aggrieved civil service employee must use all agency administrative procedures, including available appellate review, before otherwise resorting to the courts." *Id.* at 920.  Likewise, in *Kemmerer v. County of Fresno* 200 Cal.App.3d 1426 (1988), plaintiff had been terminated according to procedures set out by law and had gone through the administrative appeal procedures.  Plaintiff was successful in his administrative appeal, and thus was reinstated with back pay after termination.  <u>He then sued</u> the County and various officers of the County for breach of the implied covenant of good faith and fair dealing, as well as various tort theories.  The Court of Appeal held:

> Plaintiff's causes of action predicated upon the existence of a contract between him and the County are grounded upon the false premise that he served under a contract of employment which included an implied covenant of good faith and fair dealing. . . .  The public employee, thus, can have no vested contractual rights in the <u>terms</u> of his or her employment, such

terms being subject to change by the proper statutory authority. (Citation omitted).

*Id.* at 1432-33. (Emphasis in original). The Court of Appeal upheld the trial court's ruling sustaining defendants' demurrer without leave to amend for breach of employment contract and breach of the implied covenant good faith and fair dealing.

Additionally, the Court in *Summers v. City of Cathedral City*, 225 Cal.App.3d 1047 (1990), stated:

> It is well settled in California that <u>public employment is not held by contract but by statute</u> and that, insofar as the duration of such employment is concerned, no employee has a vested contractual right to continue an employment beyond the time or contrary to the terms and conditions fixed by law.
>
> * * *
>
> Thus as a matter of law, there can be no express or implied in fact contract between plaintiff and the City which restricts the manner or reasons for termination of his employment.

*Id.*, 225 Cal.App.3d at 1065-1066. (Emphasis added).

In the present case, plaintiff concedes that at all relevant times he was an employee of defendant CITY and that CITY is a public entity, more specifically, a municipality. (FAC 2:9-16).   As such, all aspects of his employment, including discipline and termination, are set forth by statutes, not common law contract or tort principals.

For example, California *Government Code* §§ 18000-22999 generally sets forth the terms of employment for public employees.  While certain types of employees have tenure and other employment rights, others have no employment rights other than those provided by statute--common law contract theories such as "implied contract" and "good faith and fair dealing" have no relevance.  Accordingly, any and all rights and procedures, including appeal or review rights, if any, can only be provided by statute.  To the extent that plaintiff wishes to challenge any decision made regarding his employment, his remedies lay exclusively in administrative procedures.  If plaintiff claims that he was denied any administrative procedures or that such decisions were unjust, the only remedy was a mandamus claim to enforce any statutory rights he claims were violated.

**L.    Any Challenge To The Decisions Of The CITY Should Have Been Brought Through Appropriate Administrative Appeals Including An Application For Writ Of Mandamus**

As discussed above, all facets of employment, including termination, are provided solely by statute.  Accordingly, any claims by plaintiff that his statutory employment rights were violated can only be raised through administrative remedies or, if necessary, mandamus.

The California Supreme Court explained this rule in *Westlake Community Hospital v. Superior Court*, 17 Cal.3d 465 (1976).  *Westlake* involved a physician's challenge to a hospital administration board's decision to deny staff privileges.   In ruling that the physician was required to exhaust all possible administrative remedies, including seeking a writ of mandamus before bringing a civil action, the Court stated:

> We further conclude that whenever a hospital, pursuant to a quasi-judicial proceeding, reaches a decision to deny staff privileges, an aggrieved doctor must first succeed in setting aside the quasi-judicial decision in a mandamus action before he may institute a tort action for damages.  As we point out, the mandate has been the traditional means for reviewing analogous quasi-judicial determinations, and we believe that before hospital board or committee members are subjected to potential personal liability for actions taken in a quasi-judicial setting, an aggrieved doctor should be required to overturn the challenge to the quasi-judicial decision directly in a mandamus action. . . . [O]nce the hospital's quasi-judicial decision has been found improper in a mandate action, an excluded doctor may proceed in tort against the hospital, its board or committee members or any others legally responsible for the denial of staff privileges.

*Id.* at 469.

This principle was reiterated in *Logan v. Southern California Rapid Transit District*, 136 Cal.App.3d 116 (1992).  *Logan* involved a bus driver challenging the decision of the administrative agency at the transit district.  The Court stated that plaintiff was required to seek a writ of mandamus before bringing a civil action.  *Id.* at 123-124.

Similarly, in *City of Fresno v. Superior Court* 188 Cal.App.3d 1484 (1987), the Court granted summary judgment based on the finding that a city employee had not exhausted all administrative remedies before bringing a civil action for wrongful

1  discharge, intentional interference with contractual relations, and intentional and negligent

2  infliction of emotional distress.

3      Indeed, in a case that is particularly on point with the facts of the instant matter,

4  *Miller v. County of Santa Cruz,* 796 F.Supp.1316 (N.D. Cal. 1992), held that a police

5  officer who failed to seek judicial review of the police commission's hearing affirming his

6  termination was precluded from bringing a civil rights action.  The United States District

7  Court for the Northern District of California cited *Westlake, Logan,* and *City of Fresno* and

8  ruled that a writ of mandamus, not a separate civil action, was the appropriate method of

9  challenging the findings of an administrative board.

10      As stated before, the California Legislature has specifically set out the rules

11  governing all aspects of a public employee's employment.    Plaintiff's wrongful

12  termination cause of action is therefore untenable and the CITY's motion to dismiss may

13  therefore be sustained without leave to amend.

14      **M.    Plaintiff Has Not Adequately Alleged Defamation**

15      Plaintiff's eleventh cause of action is one for defamation against the defendants.

16  California *Code of Civil Procedure* §§ 45 and 46 respectively, define libel and slander

17  (defamation) as a "false and unprivileged publication ....".    The tort involves (a)

18  publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural

19  tendency to injure or that causes special damage.  Cal. *Code of Civil Procedure* § 45 and

20  46.  The requirements for pleading defamation have been set forth in well settled case law.

21  In *Haub v. Friermuth,* 1 Cal.App.556, 82 P.571 (1902), the Court examined the case in

22  which plaintiff was allegedly slandered by defendant when defendant allegedly imputed a

23  crime to plaintiff.   In finding that the evidence at trial was not sufficient to sustain a

24  judgment for plaintiff, the appellate court stated:

25          The complaint in such action may specify the crime alleged to
have been imputed to the plaintiff, accompanied by the words in

26          which the crime was charged, or it may merely set forth the
words alleged to have been spoken; but in either case it must

27          appear from the words themselves, aided, if necessary, by proper
averments of their meaning and application, that the defendant

28          charged the plaintiff with a crime.  It is not sufficient to merely
allege that he charged the plaintiff with having committed a

certain crime. The words must be set out in the complaint, that the defendant may have notice of the particular charge which he is required to answer. The rule is of long standing that to authorize recovery of such action the plaintiff must prove the utterance of the words set forth in his complaint, or enough of them to show that the defendant charged him with the particular offense constituting the slander .... In actions for slander the rule is that the *probata* must correspond with the *allegata* is eminently applicable. The plaintiff is not entitled to recovery upon proof of words not set forth in his complaint, or upon a failure to prove the slanderous words which he has alleged.

*Id.*, 1 Cal.App. at 556, 83 P. 571. Thus, plaintiff must set forth the allegedly slanderous (or libelous) statements in the body of the complaint.

Here, plaintiff has not alleged the words spoken with such sufficiency but merely states:

137. Defendant CITY and COLON, furnished false, defamatory and inaccurate information, including, but not limited to, false disciplinary charges and falsified accounts of alleged misconduct to Defendant GROSSMAN, unprivileged person, and through official law enforcement records.

138. Defendant GROSSMAN, among other things, made false statements regarding Plaintiff, in writing, to the other Defendants, that Plaintiff lacked integrity, and falsely concluded that Plaintiff was unfit for duty.

(FAC 26:13-20). Therefore, defendants submit that plaintiff has not stated a cause of action for defamation per se. Accordingly, the Court may properly grant defendants' motion to dismiss plaintiff's tenth cause of action.

## N.  Plaintiff Has Not Demonstrated That the Communications Were Not Privileged

California *Civil Code* § 47 provides in relevant part:

A privileged publication or broadcast is one made:

(a)  In a proper discharge of an official duty.

(b)  In any (1) legislative or (2) judicial proceeding, or (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title I of Part 3 of the Code of Civil Procedure, except as follows ....

21

> (c) In a communication without malice, to a person interested therein, (1) by one who is also interested in or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing a motive for the communication to be innocent or (3) who is requested by the person interested to give the information. This subdivision applies to and includes a communication concerning the job performance or qualifications of an applicant for employment, based upon credible evidence, made without malice, by a current or former employer of the applicant to, and upon request of, one whom the employer reasonably believes is a prospective employer of the applicant. This subdivision authorizes a current or former employer, or the employer's agent, to answer whether or not the employer would rehire a current or former employee. . . .

Cal. *Civ. Code* § 47. Here, from all that appears, the communication falls within the exception set forth in subparts (a) and (b) since the unknown alleged comments were made during the discharge of an official duty consisting of an alleged inquiry into plaintiff's fitness for duty and possibly during disciplinary actions against plaintiff. (FAC 26:13-16). Thus, the alleged disclosures appear to be doubly privileged.

Accordingly, plaintiff has not demonstrated that the communications were not privileged since the alleged comments were supposedly made in a proper discharge of an official duty and during the course of a judicial proceeding or other official proceeding (disciplinary action). Indeed, there is no allegation that defendant acted with the requisite malice to overcome this privilege. Therefore, defendants submit that the Court may properly grant the motion to dismiss plaintiff's eleventh cause of action.

## O.    There Can Be No Recovery for Intentional Infliction of Emotional Distress

In *Cochran v. Cochran*, 65 Cal.App.4th 488 (1998), the Court stated:

> The tort of intentional infliction of emotional distress is comprised of three elements: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct. (Citation omitted).

*Id.* at 494.

The *Cochran* Court further noted that:

1
2
3
4

> In order to meet the first requirement of the tort, the alleged conduct " '. . . must be so extreme as to exceed all bounds of that usually tolerated in a civilized community.' [Citation.] Generally, conduct will be found to be actionable where the 'recitation of facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

5

*Id.*   The Court also noted that appellate courts have affirmed orders which sustained

6

demurrers on the ground that the defendant's alleged conduct was not sufficiently

7

outrageous. *Id.*

8

Here, plaintiff has not pleaded the outrageous conduct required to make out a cause

9

of action for intentional infliction of emotional distress against defendants CITY and/or

10

COLON.   Indeed, all of the acts attributed to defendants CITY and COLON are due to

11

personnel related actions.   Plaintiff has also not pleaded facts demonstrating an intention to

12

cause, or the reckless disregard of the probability of causing emotional distress.   There are

13

simply no allegations to cause anyone to exclaim, "Outrageous" as to any defendants'

14

alleged acts.   The Court may properly sustain defendant CITY and COLON's motion to

15

dismiss the thirteenth cause of action.

16

## IV.   CONCLUSION

17

As explained in detail above, plaintiff has failed to allege any claim upon which

18

relief may be granted as to the CITY and COLON.   Therefore, defendants CITY and

19

COLON respectfully request the Court to grant this motion.

20

Dated: April 7, 2008　　　　　　**DECLUES, BURKETT & THOMPSON, LLP**

21
22

BY: _____

23

　　　　　JEFFREY P. THOMPSON, Esq.

24

　　　　　JENNIFER K. BERNEKING, Esq.
　　　　　Attorneys for Defendants, **CITY OF IMPERIAL**
　　　　　(a public entity) and **MIGUEL COLON**
　　　　　(employee of a public entity)

25
26
27
28

CASE NO.: 07CV2218 LAB (RBB)

# PROOF OF SERVICE
## (C.C.P. section 1013a(3))

STATE OF CALIFORNIA  )
                         ) SS.
COUNTY OF ORANGE   )

      I am over the age of 18 and I am not a party to the within action.  I am employed by **DECLUES, BURKETT & THOMPSON, LLP,** in the County of Orange, at 17011 Beach Blvd., Ste. 400, Huntington Beach, California, 92647-5995.

      On **April 8, 2008,** I served the attached:  **NOTICE OF MOTION AND MOTION OF DEFENDANTS CITY OF IMPERIAL AND MIGUEL COLON TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

On the interested parties in this action by:

XXX  Placing true copies thereof in sealed envelopes, addressed as described below.

Vincent J. Tien                         White, Oliver & Amundson
Law Offices of Vincent J. Tien        550 West C Street, Suite 950
17291 Irvine Blvd., Suite 150          San Diego, CA 92101
Tustin, CA 92780                   (619) 239-0300

XXX  BY MAIL:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Huntington Beach, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

      BY PERSONAL SERVICE: I caused such an envelope to be delivered by hand to the offices of the addressees.

      BY FEDERAL EXPRESS (Receipt/Airbill No.: _____)

      BY FACSIMILE TRANSMISSION: From FAX NO. (714) 843-9452 to FAX No.: _____ at or about Time, directed to Name.  The facsimile machine I used complied with Rule 2003(3), and no error was reported by the machine.  Pursuant to Rule 2005(I), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

XXX  FEDERAL: I declare I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

      I declare, under penalty of perjury under the laws of the State of California, that the above is true and correct.

      Executed on **April 8, 2008**, at Huntington Beach, California.

_____
Carolyn Rodriguez

24

CASE NO.: 07CV2218 LAB (RBB)