**DECLUES, BURKETT & THOMPSON, LLP**  EXEMPT FROM FEES PER: <u>GOVERNMENT CODE</u> SECTION 6103
Attorneys at Law
JEFFREY P. THOMPSON, Esq. (State Bar No. 136713)
JENNIFER K. BERNEKING, Esq. (State Bar No. 167172)
17011 Beach Blvd., Ste. 400
Huntington Beach, CA 92647-7455
Phone: (714) 843-9444
Fax: (714) 843-9452
e-mail address:  jthompson@dbtlaw.com

Attorneys for Defendants, **CITY OF IMPERIAL** (a public entity) and **MIGUEL COLON** (employee of a public entity)

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ESPINOZA, an individual, | CASE NO.: 07CV2218 LAB (RBB) |
| *Plaintiff,* | *Complaint Filed: 11/20/07* |
| vs. | *Judge Larry A. Burns*<br>*Courtroom 9* |
| CITY OF IMPERIAL, a public entity; MIGUEL COLON, an individual; IRA GROSSMAN, an individual; and DOES 1 THROUGH 50, inclusive, | **NOTICE OF MOTION AND DEFENDANT CITY OF IMPERIAL'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| *Defendants.* | [Filed Concurrently with Motion to Dismiss Plaintiff's First Amended Complaint] |
| | Date:  June 2, 2008<br>Time:  11:15 a.m.<br>Crtrm:  9 |
| | Trial Date:  None Assigned |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on **June 2, 2008** at **11:15 a.m.** or as soon thereafter as the matter may be heard in **Courtroom 9** of this court located at 880 Front Street, San Diego, California, defendant CITY OF IMPERIAL (a public entity) ("defendant") will move this Court for an order striking the following portions of plaintiff's First Amended

Complaint regarding punitive damages as against defendant CITY OF IMPERIAL as follows:

1. Paragraph 42 in its entirety
2. Paragraph 52 in its entirety.
3. Paragraph 63 in its entirety.
4. Paragraph 77 in its entirety.
5. Paragraph 85 in its entirety.
6. Paragraph 95 in its entirety.
7. Paragraph 114 in its entirety.
8. Paragraph 125 in its entirety.
9. Paragraph 133 in its entirety.
10. Paragraph 151 in its entirety.
11. Paragraph 156 in its entirety.
12. Paragraph 162 in its entirety.
13. From plaintiff's prayer, paragraph 7, page 30, line 5, in its entirety.

This motion is made pursuant to the Federal Rules of Civil Procedure, Rule 12(f), and is based on the grounds that plaintiff's First Amended Complaint and the above paragraphs fail to state a claim upon which the relief sought by plaintiff, punitive damages, can be granted against defendant CITY OF IMPERIAL.

This motion is based on this notice, the attached memorandum of points and authorities, Defendants' Motion to Dismiss filed concurrently herewith, and the documents on file, together with such oral and documentary evidence that may be presented at the hearing.

Dated: April 7, 2008            **DECLUES, BURKETT & THOMPSON, LLP**

BY: _____
JEFFREY P. THOMPSON, Esq.
JENNIFER K. BERNEKING, Esq.
Attorneys for Defendants, **CITY OF IMPERIAL** (a public entity) and **MIGUEL COLON** (employee of a public entity)

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. SUMMARY OF ISSUES

Plaintiff JOHN ESPINOZA ("plaintiff"), a former employee of defendant CITY OF IMPERIAL ("CITY"), previously employed as a police officer, alleges that he was wrongfully terminated from his position with defendant CITY. (Complaint ¶¶ 2, 9, and 15). Plaintiff alleges that the CITY perceived plaintiff as mentally disabled when he requested to take a paternity leave to care for a newborn child by his girlfriend. (Complaint ¶ 13). Plaintiff further alleges that the CITY required him to undergo psychological examination after his request for paternity leave and that he was later found unfit for duty. (Complaint ¶¶ 13-15). Plaintiff alleges that he was later terminated by the CITY on or about June 22, 2007. (Complaint ¶ 15).

Based upon these facts, plaintiff's First Amended Complaint sets forth thirteen (13) separate causes of action against defendants CITY, MIGUEL COLON ("COLON"), and IRA GROSSMAN ("GROSSMAN"): 1) Disability/medical condition discrimination under the Americans with Disabilities Act as to defendants CITY and COLON only; 2) Failure to accommodate under ADA as to defendants CITY and COLON only; 3) Disability/medical condition discrimination under California FEHA as to defendants CITY and COLON only; 4) Failure to accommodate under California FEHA as to defendants CITY and COLON only; 5) Harassment under ADA and FEHA as to defendants CITY and COLON only; 6) Retaliation under ADA and FEHA as to defendants CITY and COLON only; 7) 42 *U.S.C.* § 1983 as to defendants CITY and COLON only; 8) Impermissible medical examination, 42 *U.S.C.* § 12112(d)(1) as to defendants CITY and COLON only; 9) Invasion of privacy; 10) Wrongful termination in violation of public policy as to defendants CITY and COLON only; 11) Defamation; 12) Blacklisting, California *Labor Code* § 1050 as to defendants CITY and COLON only; and 13) Intentional infliction of emotional distress. Plaintiff has alleged punitive damages against defendant CITY in his various causes of action.

Defendant CITY hereby brings this Motion to Strike plaintiff's request for punitive damages pursuant to Federal Rules of Civil Procedure, Rule 12(f) on the grounds that such damages are not available against the CITY, a public entity.

## 2. AUTHORITY FOR MOTION

California statutory law has clearly established that punitive damages are not recoverable against a public entity. California *Government Code* § 818 states:

> "Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant."

The California *Government Code* goes on to include defendant CITY within its definition of a public entity. Indeed, *Government Code* § 811.2 states in pertinent part that:

> "'Public entity' includes the State, Regents of the University of California, a county, <u>city</u>, public authority, public agency, and any other political subdivision or public corporation in this state." (Emphasis added).

Moreover, the United States Supreme Court noted in *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 263, 101 S.Ct. 2748 (1981), that municipal immunity from punitive damages is well established and that if Congress wished for punitive damages to apply to a municipality, it would have specifically so provided. Indeed, *City of Newport* specifically holds that a municipality is immune from punitive damages under 42 *U.S.C.* § 1983. *Id.*, 453 U.S. at 271.

As such, defendant CITY contends that plaintiff has improperly sought punitive damages herein and the Court may properly strike plaintiff's request for punitive damages.

## 3. CONCLUSION

For the foregoing reasons, defendant CITY OF IMPERIAL respectfully requests the Court to strike the language set forth in defendant's Notice of Motion to Strike from

plaintiff's First Amended Complaint in its entirety. Defendant further requests that the Motion to Strike be granted without leave to amend.

Dated: April 7, 2008                    DECLUES, BURKETT & THOMPSON, LLP

BY: _____
JEFFREY P. THOMPSON, Esq.
JENNIFER K. BERNEKING, Esq.
Attorneys for Defendants, **CITY OF IMPERIAL** (a public entity) and **MIGUEL COLON** (employee of a public entity)

# PROOF OF SERVICE
### (C.C.P. section 1013a(3))

STATE OF CALIFORNIA ) 
) SS. 
COUNTY OF ORANGE )

I am over the age of 18 and I am not a party to the within action. I am employed by **DECLUES, BURKETT & THOMPSON, LLP,** in the County of Orange, at 17011 Beach Blvd., Ste. 400, Huntington Beach, California, 92647-5995.

On **April 8, 2008**, I served the attached: **NOTICE OF MOTION AND DEFENDANT CITY OF IMPERIAL'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

On the interested parties in this action by:

XXX Placing true copies thereof in sealed envelopes, addressed as described below.

Vincent J. Tien  
Law Offices of Vincent J. Tien  
17291 Irvine Blvd., Suite 150  
Tustin, CA 92780

White, Oliver & Amundson  
550 West C Street, Suite 950  
San Diego, CA 92101  
(619) 239-0300

XXX BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Huntington Beach, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

BY PERSONAL SERVICE: I caused such an envelope to be delivered by hand to the offices of the addressees.

BY FEDERAL EXPRESS (Receipt/Airbill No.: _____)

BY FACSIMILE TRANSMISSION: From FAX NO. (714) 843-9452 to FAX No.: _____ at or about Time, directed to Name. The facsimile machine I used complied with Rule 2003(3), and no error was reported by the machine. Pursuant to Rule 2005(I), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

XXX FEDERAL: I declare I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I declare, under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on **April 8, 2008**, at Huntington Beach, California.

Carolyn Rodriguez

6

CASE NO.: 07CV2218 LAB (RBB)