VINCENT J. TIEN, SBN 232828
LAW OFFICES OF VINCENT J. TIEN
17291 Irvine Boulevard, Suite 150
Tustin, California 92780
Telephone: (714) 544-8436
Facsimile: (714) 544-4337

Attorneys for Plaintiff, JOHN ESPINOZA

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ESPINOZA, an individual,<br><br>        *Plaintiff*,<br><br>-vs-<br><br>CITY OF IMPERIAL, a public entity; MIGUEL COLON, an individual; IRA GROSSMAN, an individual; and DOES 1 THROUGH 50, inclusive,<br><br>        *Defendants.* | CASE NO.: 07CV2218 LAB (RBB)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT IRA GROSSMAN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>*Assigned to: Hon. Larry Alan Burns, Courtroom 9, 2nd Floor*<br><br>MOTION<br>DATE: June 2, 2008<br>TIME: 11:15 a.m.<br>COURTROOM: 9<br><br>Action Filed: 11/20/07 |

1

# MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT IRA GROSSMAN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## I. INTRODUCTION

Defendant IRA GROSSMAN moves this Court to dismiss Plaintiff's Complaint against him. As discussed below, Civil Code §47 is not applicable to make Defendants conduct privileged. There was no official proceeding at the time of the conduct alleged. Section 47.5 expressly provides an exception to the privilege where a report is made to a police officer's employer department. Plaintiff can demonstrate actual malice, defeating 47(c) privilege. Plaintiff's allegations are sufficient to support invasion of privacy and emotional distress actions against GROSSMAN. Plaintiff can amend the Complaint to state a cause of action against GROSSMAN.

## II. STATEMENT OF FACTS

The pertinent allegations as indicated in Plaintiff's Complaint (First Amended Complaint, filed March 14, 2008) are essentially as follows:

Plaintiff was employed as a Police Officer by the CITY OF IMPERIAL in or about 2002. Plaintiff alleges that he was terminated from employment because of disability or perceived disability and in retaliation for his protected martial status, protected union activity, and for requesting family leave. Plaintiff also alleges that he was discriminated against, that he was denied reasonable accommodation, that his privacy rights were violated, and that he was defamed. Plaintiff alleges that all the Defendants were the agents of the others.

Plaintiff alleges that his separation and later marital dissolution with his ex-wife was contentious and mentally stressful, but that the unfortunate circumstances did not affect the performance of his duties for Defendants. Defendants, without Plaintiff's consent, disclosed private and confidential information about Plaintiff to third parties, including, but not limited to,

the entire police force of IMPERIAL. Plaintiff's allegations of harassment arise from the Police Chief Defendant COLON'S conduct in interfering with Plaintiff's private and confidential matters. Plaintiff alleges that COLON caused a police report to be falsified, in violation of state and federal law, in order to accomplish a wrongful termination of Plaintiff.

Shortly after Plaintiff requested newborn family care leave, Plaintiff was wrongfully required to undergo an unwarranted psychological examination, conducted by Defendants COLON and GROSSMAN. Defendant GROSSMAN, among other things, made false statements regarding Plaintiff, in writing, to the other Defendants, that Plaintiff lacked integrity, and falsely concluded that Plaintiff was unfit for duty. Plaintiff alleges that Defendants acted with actual malice and reckless disregard for the truth.

Ultimately, the foregoing allegations form the basis for Plaintiff's claims for civil rights violations and wrongful termination in violation of public policy. Defendant GROSSMAN challenges the legal sufficiency of Plaintiff's claims for defamation, invasion of privacy, and intentional infliction of emotional distress against him. The only facts presented by Defendant in support of his motion are the allegations of Plaintiff's Complaint. *See* Defendant's Request for Judicial Notice.

**III. LEGAL ARGUMENT**

**A.      STANDARD OF REVIEW ON MOTION TO DISMISS**

In reviewing a Rule 12(b)(6) motion, the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.* (9th Cir. 1998), 139 F3d 696, 699. The test is whether the facts, as alleged, support any valid claim entitling plaintiff to relief, not necessarily the one intended by plaintiff. Thus, a complaint should not be dismissed because plaintiff erroneously relies on the wrong legal theory if the facts alleged support any valid theory. *Haddock v. Board of Dental Examiners of Calif.* (9th Cir. 1985) 777 F2d 462, 464. Moreover, Rule 12(b)(6) dismissals are "especially disfavored in cases

where the complaint sets forth a novel legal theory that can best be assessed after factual development." *Baker v. Cuomo* (2nd Cir. 1995) 58 F3d 814, 818–819.

When a complaint's allegations are capable of more than one inference, the court must adopt whichever inference supports a valid claim. *Columbia Natural Resources, Inc. v. Tatum* (6th Cir. 1995) 58 F3d 1101, 1109. Some courts hold motions to dismiss civil rights complaints should be "scrutinized with special care." *Lillard v. Shelby County Board of Ed.* (6th Cir. 1996), 76 F3d 716, 724 (internal quotes omitted), *See also, Johnson v. State of Calif.* (9th Cir. 2000) 207 F3d 650, 653 (liberal construction rule particularly important in civil rights cases).

## B. CALIFORNIA CIVIL CODE SECTION 47 DOES NOT RENDER THE ALLEGED DEFAMATION PRIVILEGED BECAUSE THE COMMUNICATION WAS NOT MADE IN AN OFFICIAL PROCEEDING.

Defendant contends that his defamatory communications were made in an official proceeding, alleging, apparently, that the forced psychological evaluation was warranted. In fact, Plaintiff alleges that his divorce and the existence of mental stress did not affect his performance of duties for the CITY. [Plaintiff's Complaint, Paragraph 11]. Nor did Plaintiff ever seek a determination or verification of any disability. Plaintiff essentially alleges that Defendants maliciously fabricated the existence of mental disability in order to effect a termination of Plaintiff. However, significantly, Defendant fails to show that his report to Plaintiff's employer was authorized by law. To the contrary, Defendants should have applied for Plaintiff's disability retirement on Plaintiff's behalf, pursuant to California Government Code §21153, but has failed to perform a mandatory duty. Thus Defendants engage in so-called "proceedings" to advance their own interests, but refuse and fail to perform duties that are actually authorized and mandated by law.

*Pettus v. Cole* (1996), 49 Cal.App.4th 402, involved the disclosure of two psychiatric evaluations in connection with the employee's request for stress-related disability leave. The Court held that the disclosures violated the Confidentiality of Medical Information Act since

4

Civil Code §56.10 limits permissible disclosure to a description of any functional limitations that may have entitled the employee to leave work and also explicitly prohibits disclosure of medical cause. Importantly, the Court further held that the psychiatrists' disclosures were not privileged under either Civil Code §47(b) or §47(c), since the evaluations were not done in a judicial or quasi-judicial proceeding. "The policies underlying this statute are clearly intended to promote the accessibility or viability of the judicial system". "One of the primary factors which determines if a proceeding is quasi judicial is whether the administrative body involved is entitled to hold hearings and decide issues by application of rules of law and to ascertain facts…Pettus's request for leave and the subsequent disability verification procedure involved no such dispute resolution mechanism, no hearings, and the only decision makers involved were a private employer, Du Pont, and its employees and agents." Although Pettus involved a private employment dispute, the facts of this case are similar. Defendants did not hold hearings, there was no dispute resolution mechanism, and the only decision makers were the Defendants and their agents. The governing board of the CITY was not involved in the evaluation forced on ESPINOZA.

In *Gallanis-Politis v. Medina* (2007) 61 Cal.Rptr.3d 701, a county employee's retaliation lawsuit against her supervisors was subject to a motion to strike under the anti-SLAPP (strategic lawsuit against public participation) statute. The employee's allegations of unprotected activity by supervisors were incidental to her principal claim that supervisors conducted a pretextual investigation and prepared a false report against her, which was <u>undertaken in response to her pending lawsuit</u>. It should be noted that in this action, ESPINOZA is not claiming defamation based on communications after this lawsuit or claim was initiated, but rather on events and conduct that preceded this judicial action, that were not protected by the privilege.

**C. DEFENDANTS' RELIANCE ON *SHADDOX* IS MISPLACED IN LIGHT OF THE EXCEPTION OF CIVIL CODE §47.5**

Defendant relies heavily on the case of *Shaddox v. Bertani* (2003), 110 Cal.App.4th

1406. This reliance is misplaced, however, in light of California Civil Code §47.5, which provides that, notwithstanding the CC § 47(b) privilege, one who files a complaint with a peace officer's employer charging the officer with misconduct, criminal conduct or incompetence may be liable for defamation if the complaint was *knowingly false* and made with *spite, hatred or ill will* (emphasis added).

One court held that, by restricting defamatory speech against peace officers while leaving intact the CC § 47(b) privilege against all other public officials, CC § 47.5 represents *unconstitutional content-based discrimination*. See *Walker v. Kiousis* (2001) 93 CA4th 1432, 1446- 1457.

However, more recent authority in *Loshonkohl v. Kinder* (2003) 109 CA4th 510, 515-518, has held that § 47.5 is constitutional in view of a post-*Walker* Supreme Court case, *People v. Stanistreet* (2002) 29 C4th 497, that upheld the constitutionality of a statute (Pen.C. § 148.6) making the filing of a knowingly false misconduct allegation against a peace officer a misdemeanor. The exception applies here, where the complaint of police officer misconduct or incompetence was made to ESPINOZA'S Police Department employer. Plaintiff alleges that the communication was made with actual malice and reckless disregard for the truth. Indeed, this exception is expressly discussed in *Shaddox* (at fn. 12, 1417).

### D. THE 47(c) PRIVILEGE CAN BE OVERCOME BY MALICE.

Defendant admits that 47(c) applies to communications made "without malice, to a person interested therein...". Plaintiff has adequately alleged malice in the Complaint. *See* Plaintiff's Complaint, Paragraph 151. Any ambiguity should be resolved in favor of supporting a valid claim. *Columbia Natural Resources, Inc. v. Tatum* (6th Cir. 1995) 58 F3d 1101, 1109. In particular, Defendant GROSSMAN had no basis to conclude that Plaintiff lacked integrity. Defendant GROSSMAN admitted that he based his conclusion of Plaintiff's lack of integrity on the supposed failure of Plaintiff to disclose the length of time that Plaintiff had been treating with

his own family therapist. GROSSMAN admits that he asked ESPINOZA if he had ever been treated by a mental health professional. GROSSMAN admits that ESPINOZA stated in answer to GROSSMAN'S question that he did see a counselor and also took his son to see the counselor. GROSSMAN claims that because ESPINOZA did not disclose the name of the counselor, or the length of time he had seen the counselor, that ESPINOZA was lying. Clearly, ESPINOZA simply answered the question posed by Defendant and Defendant's failure to ask follow-up questions was the reason for his lack of information. It was not an omission on ESPINOZA'S part indicating dishonesty.

## E. PLAINTIFF'S INVASION OF PRIVACY CLAIM CAN SURVIVE DEFENDANTS MOTION BECAUSE PLAINTIFF HAD A LEGALLY PROTECTED PRIVACY INTEREST, A REASONABLE EXPECTATION OF PRIVACY IN THE CIRCUMSTANCES, AND DEFENDANTS' CONDUCT WAS A SERIOUS INVASION.

As a matter of law, Plaintiff did have a reasonable expectation of privacy with regard to his personal and confidential information. The "zones of privacy", California Constitution, Article I, section I, creates a right of action against private as well as government entities and extend to legally recognized privacy interests in the details of a patient's medical and psychiatric history. *See Hill v. National Collegiate Athletic Assn.* (1994), 7 Cal.4th 1. "Indeed the Legislature recognized as much when it enacted section 56.10, allowing health care providers to disclose only narrow categories of medical information about employees, and then only for certain narrow purposes" An employee's right of privacy is one that helps workers maintain an aura of competence, efficiency, professionalism, social propriety, and seriousness of purpose, allowing them to perform their duties to the satisfaction of their employers but simultaneously to protect their job security and, thus, their economic well being.

As a matter of fact, Plaintiff has never placed his mental ability in issue. It was Defendant's pretextual examination, which forms the basis of the privacy claim. . Defendants, without Plaintiff's consent, disclosed private and confidential information about Plaintiff to third

parties, including, but not limited to, the entire police force of IMPERIAL. Plaintiff's allegations of harassment arise from the Police Chief Defendant COLON'S conduct in interfering with Plaintiff's private and confidential matters. [See Plaintiff's Complaint, Paragraphs, 11, 18, 19].

## F. DEFENDANT'S CONDUCT WAS SUFFICIENT TO SUPPORT A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

As indicted in Plaintiff's Complaint, Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendant's wrongful conduct was carried out with a conscious disregard of plaintiff's rights. As demonstrated, Defendant had no basis to conclude that Plaintiff was lacked integrity, yet recklessly or intentionally used such a conclusion, knowing the damage it would cause Plaintiff.

## IV. CONCLUSION/REQUEST FOR LEAVE TO AMEND.

Based on the foregoing, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss for Failure to State a Claim. In the event that the Court is inclined to grant the motion, Plaintiff respectfully requests leave to amend this complaint to cure any defects. A pleading can be amended to state a cause of action against the Defendant. In this case, for example, the allegations appear to support a violation of 42 U.S.C. §1983 as Defendant does not dispute that he was CITY and COLON'S agent and acted pursuant to their request.

LAW OFFICES OF VINCENT J. TIEN

Dated: May 16, 2008         By: s/Vincent J. Tien
                            VINCENT J. TIEN, Attorneys for Plaintiff, JOHN ESPINOZA

8

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 17291 Irvine Boulevard, Suite 150, Tustin, California 92780.

On May 19, 2008 I caused to be served the foregoing documents described as: **NOTICE OF STANDING ORDER IN CIVIL CASES** on the parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

David M. White, Esq.
Susan L. Oliver, Esq.
Mina Miserlis, Esq.
WHITE, OLIVER & AMUNDSON
550 West C Street, Suite 950
San Diego, California 92101

Jeffrey P. Thompson, Esq.
Jennifer K. Berneking, Esq.
DECLUES, BURKETT & THOMPSON, LLP
17011 Beach Blvd., Ste. 400
Huntington Beach, CA 92647-7455

___ BY MAIL: I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Tustin, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on the same day in the ordinary course of business. I am aware that on the motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

___ BY EXPRESS SERVICE CARRIER: I deposited in a box or other facility regularly maintained by _____, an express service carrier, or delivered to a courier or driver authorized by said carrier to receive documents, each such envelope, in an envelope designated by the said express service carrier, with delivery fees paid for.

_xx_ BY FACSIMILE: I caused the foregoing documents to be sent to the addressee(s) above via facsimile.

___ BY PERSONAL SERVICE: I caused such envelope to be delivered by hand to the addressee above.

___ (STATE) I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

_xx_ (FEDERAL) I declare that I am employed in the office of the member of the bar of this court, at whose direction this service was made.

Executed this 19th day of May 2008 at Tustin, California.

                                                         s/Vincent J. Tien
                                                    VINCENT J. TIEN, Declarant.