VINCENT J. TIEN, SBN 232828
LAW OFFICES OF VINCENT J. TIEN
17291 Irvine Boulevard, Suite 150
Tustin, California 92780
Telephone: (714) 544-8436
Facsimile: (714) 544-4337

Attorneys for Plaintiff, JOHN ESPINOZA

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ESPINOZA, an individual, | CASE NO.: 07CV2218 LAB (RBB) |
| *Plaintiff,* | **DECLARATION OF VINCENT J. TIEN IN OPPOSITION TO DEFENDANT IRA GROSSMAN'S ANTI-SLAPP MOTION TO STRIKE PLAINTIFF'S COMPLAINT** |
| -vs- | |
| CITY OF IMPERIAL, a public entity; MIGUEL COLON, an individual; IRA GROSSMAN, an individual; and DOES 1 THROUGH 50, inclusive, | *Assigned to: Hon. Larry Alan Burns, Courtroom 9, 2nd Floor* |
| *Defendants.* | MOTION<br>DATE: June 2, 2008<br>TIME: 11:15 a.m.<br>COURTROOM: 9<br><br>Action Filed: 11/20/07 |

# DECLARATION OF VINCENT J. TIEN IN SUPPORT OF EX PARTE APPLICATION FOR ORDER CONSOLIDATING CASES

I, Vincent J. Tien, declare:

1. I am an attorney, duly admitted to practice in the United States District Court, Southern District of California. I am the attorney of record for Plaintiff JOHN ESPINOZA. The following facts are known to me by personal knowledge and, if called, I could testify competently thereto.

2. On or about November 15, 2008, I examined Dr. Grossman at a termination hearing before the City Council of Imperial regarding the basis for his prior statement that Plaintiff lacked integrity. Defendant GROSSMAN admitted that he based his conclusion of Plaintiff's lack of integrity on the supposed failure of Plaintiff to disclose the length of time that Plaintiff had been treating with his own family therapist.

3. GROSSMAN admits that he asked ESPINOZA if he had ever been treated by a mental health professional. GROSSMAN admits that ESPINOZA stated in answer to GROSSMAN'S question that he did see a counselor and also took his son to see the counselor. GROSSMAN claims that because ESPINOZA did not disclose the name of the counselor, or the length of time he had seen the counselor, that ESPINOZA was lying. Clearly, ESPINOZA simply answered the question posed by Defendant and Defendant's failure to ask follow-up questions was the reason for his lack of information. It was not an omission on ESPINOZA'S part indicating dishonesty. A true and correct copy of Excerpts from the Transcript of Proceedings, In the Matter of the Discipline [Termination of Employment] of JOHN ESPINOZA, with reporter's certificate is attached hereto and incorporated herein as "EXHIBIT 1".

1  I declare under penalty of perjury under the laws of the United States and of the State of
2  California that the foregoing is true and correct.
3  Executed this 16th day of May 2008 at Tustin, California.

By: s/Vincent J. Tien
VINCENT J. TIEN, Declarant

EXHIBIT 1

**CERTIFIED COPY**

BEFORE THE CITY COUNCIL OF THE CITY OF IMPERIAL

In the Matter of the Discipline )
[Termination of Employment] of: )
                                )
    JOHN ESPINOZA.               )
                                )

VOLUME I

(Pages 1 through 251, inclusive.)

Taken November 15, 2007

at Imperial, California

File No. 071115FW
Reported by: Nikki Cotton, CSR No. 7311


COURT REPORTERS, INC.

Personal Court Reporters
Sylvia Becker & Associates
Rose Reporting Service
Clifton-Strickland Reporters
Reason Reporting

Van Nuys • (818) 988-1900 • Los Angeles • (323) 857-1010
Ventura (805) 654-1058 • Santa Barbara • (805) 966-0177



partially based, it does not appear that he himself gathered any of this information and none of the data he did have related specifically to impulsivity other than the data he garnered from the psychological testing.

Is that accurate?

A. No.

Q. Please explain.

A. Yeah, the data I gathered, as we talked about, came from my interview that included personal history data in which we just finished talking about it.

Q. Okay. And now Dr. Taylor mentioned that -- in her report, that Mr. Espinoza had conveyed to her that he had been seeing a therapist by the name of Dr. Hittle. Do you recall reading that?

A. I do.

Q. And Mr. Espinoza, did he ever mention a Dr. Hittle to you during your evaluation of him?

A. Never.

Q. And did you ask him whether -- all doctors he's currently or previously been treated by?

A. Understand your question for me, the question goes like this: Have you ever been treated by a mental health professional? And, in fact, he did say he was and told me that he was -- had seen someone with regard to his divorce for a few sessions and that he had taken

his -- I think it's his son, his oldest -- I think it's a boy -- to a counselor because of an issue with this youngster not wanting to visit his mother. Never mentioned anything about a Dr. Hittle or his own personal therapist or having seen somebody for four years.

Q. After reviewing Dr. Taylor's report, did you think that Mr. Espinoza had been honest with you during your meeting with him?

A. No, that's -- obviously he's either not being honest with me or not being honest with Dr. Taylor. I don't know which.

Q. Now, if you had found out that Mr. Espinoza had been in therapy, would that have changed your overall conclusion as to his fitness review?

A. I certainly would have taken the opportunity to ask for a release to contact a therapist, especially one that he had seen for four years, and try and determine what was done. Was there any progress. Was there any improvement. What were the kinds of concerns. Was there a diagnosis, so on and so forth. So that collateral information could have been useful.

I don't believe that it would have changed my overall outcome recommendation, but it certainly is something that I would have wanted to have pursued.

BY MR. TIEN:

Q. Okay. What is your conclusion as to Officer Espinoza's integrity, then?

A. That he is lacking in integrity.

Q. And what do you base that on?

A. Well, we have a report from Dr. Taylor in which she claims, now, that Officer Espinoza told her that he'd been in psychotherapy with Dr. Hittle for four years. I said to him, have you ever been treated by a mental health professional, and that never came up. That's not --

Q. That's not what I recall.

A. That's not what you recall?

Q. No. You claim that he did, in fact, tell you that he had seen -- he'd gone to counseling and sent his son as well, didn't you?

A. Well, yeah, it's a partial truth, is it not?

COUNCIL MEMBER SAMPSON: But not for four years.

MR. TIEN: I'm asking the questions here.

THE WITNESS: He said to me, I saw a counselor during the course of my divorce for a couple of sessions, and I had a couple of sessions with -- in which my son was the patient or client, if you will, around his refusing to see his mother.

PERSONAL COURT REPORTERS (818) 988-1900

I never heard from him, so it was just an omission. It was lack of integrity by omission when he did not say to me, yes, I was in personal therapy for four years.

When you say to somebody, have you ever been treated, and he offers two, you would expect him to offer the third if he's honest. I didn't say tell me a couple of the times that you were involved in therapy. I said, were you ever treated by a mental health professional.

BY MR. TIEN:

Q. And he answered yes, did he not?

A. No. He said -- he didn't answer yes or no. He said, I saw a counselor during the course of my divorce for a couple of sessions, and a couple of months ago I took my son to a counselor.

Q. Okay. What of these incidents in Exhibit 1 did -- you mentioned you did not discuss all of them with John but some of them.

A. So you're asking me of which I did and which I didn't?

Q. Correct.

A. Um --

Q. Let's do it this way. Earlier you said that you talked about the shots fired incident, and then you

STATE OF CALIFORNIA ) 
                    : SS.
COUNTY OF SAN DIEGO )

I, _____, a Certified Shorthand Reporter, for the State of California, do hereby certify:

That I reported stenographically the proceedings had and testimony adduced at the proceedings held in the foregoing matter on the _15th_ day of _November_, _2007_; that my stenotype notes were later transcribed into typewriting under my direction, and the foregoing _231_ pages contain a true and complete record of the proceedings had and testimony adduced at said hearing.

Dated at San Diego, California, on the _7th_ day of _December_, 2007.

_____
CSR No. 7311

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 17291 Irvine Boulevard, Suite 150, Tustin, California 92780.

On May 19, 2008 I caused to be served the foregoing documents described as: **DECLARATION OF VINCENT J. TIEN IN OPPOSITION TO DEFENDANT IRA GROSSMAN'S ANTI-SLAPP MOTION TO STRIKE PLAINTIFF'S COMPLAINT** the parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

David M. White, Esq.
Susan L. Oliver, Esq.
Mina Miserlis, Esq.
WHITE, OLIVER & AMUNDSON
550 West C Street, Suite 950
San Diego, California 92101

Jeffrey P. Thompson, Esq.
Jennifer K. Berneking, Esq.
DECLUES, BURKETT & THOMPSON, LLP
17011 Beach Blvd., Ste. 400
Huntington Beach, CA 92647-7455

___ BY MAIL: I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Tustin, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on the same day in the ordinary course of business. I am aware that on the motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

___ BY EXPRESS SERVICE CARRIER: I deposited in a box or other facility regularly maintained by _____, an express service carrier, or delivered to a courier or driver authorized by said carrier to receive documents, each such envelope, in an envelope designated by the said express service carrier, with delivery fees paid for.

xx  BY FACSIMILE: I caused the foregoing documents to be sent to the addressee(s) above via facsimile.

___ BY PERSONAL SERVICE: I caused such envelope to be delivered by hand to the addressee above.

___ (STATE) I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

xx  (FEDERAL) I declare that I am employed in the office of the member of the bar of this court, at whose direction this service was made.

Executed this 19th day of May 2008 at Tustin, California.

s/Vincent J. Tien
VINCENT J. TIEN, Declarant.