1  VINCENT J. TIEN, SBN 232828
   LAW OFFICES OF VINCENT J. TIEN
2  17291 Irvine Boulevard, Suite 150
   Tustin, California 92780
3  Telephone: (714) 544-8436
   Facsimile: (714) 544-4337
4

5  Attorneys for Plaintiff, JOHN ESPINOZA

6

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11 JOHN ESPINOZA, an individual,        CASE NO.: 07CV2218 LAB (RBB)

12
                                        MEMORANDUM OF POINTS AND
13         Plaintiff,                    AUTHORITIES IN OPPOSITION TO
                                        DEFENDANT CITY OF IMPERIAL AND
14     -vs-                              MIGUEL COLON TO DISMISS
                                        PLAINTIFF'S FIRST AMENDED
15 CITY OF IMPERIAL, a public entity;    COMPLAINT
   MIGUEL COLON, an individual; IRA
16 GROSSMAN, an individual; and DOES 1
   THROUGH 50, inclusive,                Assigned to: Hon. Larry Alan Burns, Courtroom
17                                       9, 2nd Floor
           Defendants.
18

19

20                                       MOTION
                                        DATE: June 2, 2008
21                                       TIME: 11:15 a.m.
                                        COURTROOM: 9
22
                                        Action Filed: 11/20/07
23

24

25

26

27

28

1

## TABLE OF CONTENTS

2

3   I. INTRODUCTION............................................................. 1

4   II. STATEMENT OF FACTS................................................ 2

5   III. LEGAL ARGUMENT.................................................... 2

6       A.      STANDARD OF REVIEW ON MOTION TO DISMISS................ 2

7       B. DEFENDANT COLON CAN BE LIABLE ON THE FIRST
        AND THIRD CAUSES OF ACTION IN HIS OFFICIAL CAPACITY
8       AND ON THE FIFTH CAUSE OF ACTION IN HIS INDIVIDUAL
        CAPACITY............................................................... 3
9

        C. DISCRETIONARY IMMUNITY DOES NOT APPLY TO BAR THE
10      THIRD AND SIXTH CAUSES OF ACTION......................... 4

11      D. DEFENDANT CITY IS NOT IMMUNE FROM LIABILITY FOR THE
        THIRD AND SIXTH CAUSES OF ACTION PURSUANT TO SECTION
12      815.2 OF THE CALIFORNIA GOVERNMENT CODE AS A MATTER OF
        LAW...................................................................... 6
13

        E. PLAINTIFF'S ALLEGATIONS ARE SUFFICIENT TO STATE A
14      CAUSE OF ACTION FOR DISABILITY DISCRIMINATION,
        HARASSMENT AND RETALIATION UNDER THE ADA AND
15      CALIFORNIA FEHA...................................................7

16      F. DEFENDANT COLON CAN BE HELD LIABLE IN HIS
        OFFICIAL CAPACITY ON THE SECOND AND FOURTH CAUSES
17      OF ACTION.............................................................8

18      G. PLAINTIFF'S ALLEGATIONS ARE SUFFICIENT TO STATE A
        CAUSE OF ACTION FOR DISABILITY DISCRIMINATION,
19      HARASSMENT AND RETALIATION UNDER THE ADA AND
        CALIFORNIA FEHA................................................... 9
20

        H. PLAINTIFF'S EIGHTH CAUSE OF ACTION SHOULD
21      WITHSTAND DEFENDANTS' MOTION TO DISMISS AS A VALID
        CLAIM CANNOT BE DISMISSED SO LONG AS THE FACTS
22      ALLEGED SUPPORT ANY VALID THEORY........................ 10

23      I. PLAINTIFF'S NINTH CAUSE OF ACTION FOR INVASION OF
        PRIVACY IS SUFFICIENTLY PLED................................. 10
24

        J. DEFENDANT COLON MAY BE HELD LIABLE FOR
25      WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY......11

26      K. DEFENDANTS CHALLENGE TO WRONGFUL
        TERMINATION CONTRACT CLAIMS ARE NOT APPLICABLE
27      TO THIS ACTION...................................................... 11

28

i

L. PLAINTIFF IS NOT REQUIRED TO EXHAUST ADMINISTRATIVE REMEDIES OR MANDAMUS BEFORE MAINTAINING THIS ACTION...................................... 11

M. PLAINTIFF'S DEFAMATION ACTION HAS BEEN SUFFICIENTLY ALLEGED. ........................................ 12

N. THE ALLEGED DEFAMATORY COMMUNICATIONS WERE NOT PRIVILEGED. ........................................... 12

O. DEFENDANT'S CONDUCT WAS SUFFICIENT TO SUPPORT A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS................................................................ 14

IV. CONCLUSION/REQUEST FOR LEAVE TO AMEND............................ 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS

1

# **TABLE OF AUTHORITIES**

2

<u>Cases</u>

3

**FEDERAL**

4

5    *Baker v. Cuomo* (2nd Cir. 1995) 58 F3d 814,
             818–819...........................................................................    3
6

     *Columbia Natural Resources, Inc. v. Tatum* (6th Cir. 1995)
7            58 F3d 1101, 1109.............................................................    3

8    *Haddock v. Board of Dental Examiners of Calif.* (9th Cir. 1985),
             777 F2d 462, 464.............................................................    2,8,10
9
     *Hafer v. Melo,*
10           502 U.S. 21....................................................................    11

11   *Johnson v. State of Calif.* (9th Cir. 2000)
             207 F3d 650, 653.............................................................    3
12
     *Kaminski v. Target Stores,*
13           1998 WL 575097 (N.D.Cal.1998)......................................    3

14   *Liberto-Blanck v. City of Arroyo Grande,*
             33 F.Supp.2d 1241 (C.D.Cal.1999)....................................    3
15
     *Lillard v. Shelby County Board of Ed.* (6th Cir. 1996),
16           76 F3d 716, 724..............................................................    3

17   *Pareto v. F.D.I.C.* (9th Cir. 1998),
             139 F3d 696, ..................................................................    2,8
18
     *Peterson v. Santa Clara Valley Medical Center,*
19           2000 WL 98262 (N.D.Cal.2000).......................................    3

20   *Soo v. United Parcel Serv., Inc.,*
             73 F.Supp.2d 1126 (N.D.Cal.1999)....................................    3
21
     *Winarto v. Toshiba America Electronics Components, Inc.,*
22           274 F.3d 1276.................................................................    4

23

**STATE**
24
     *Caldwell v. Montoya* (1995),
25           10 Cal.4th 972, 42 Cal.Rptr.2d 842....................................    4-6

26   *Gallanis-Politis v. Medina* (2007)
             61 Cal.Rptr.3d 701...........................................................    13
27
     *Hill v. National Collegiate Athletic Assn.* (1994),
28           7 Cal.4th 1....................................................................    10

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS

*Janken v. G.M. Hughes*,
    46 Cal.App.4th 55......................................................... 3,8

*Johnson v. State* (1968),
    69 Cal.2d 782, 73 Cal.Rptr. 240........................................ 4

*Loshonkohl v. Kinder* (2003)
    109 CA4th 510.......................................................... 14

*Ortega v. Contra Costa Community College Dist.,*
    156 Cal.App.4th 1073, 67 Cal.Rptr.3d 832............................. 11

*People v. Stanistreet* (2002)
    29 C4th 497............................................................. 14

*Pettus v. Cole* (1996),
    49 Cal.App.4th 402..................................................... 12

*Reno v. Baird,*
    18 Cal.4th 640......................................................... 3,8

*Walker v. Kiousis* (2001)
    93 CA4th 1432, 1446- 1457............................................. 13

*Williams v. Housing Authority of Los Angeles* (2004)
    121 Cal.App.4th 708................................................... 12

## Statutes

Civil Code §44, et seq.................................................. 9
Civil Code §47, et seq.................................................. 12
Civil Code §47.5....................................................... 13
Civil Code §56.10...................................................... 12

FRCP Rule 12(b)(6)..................................................... 2,15

Government Code §3300, et seq.......................................... 9
Government Code §815.2................................................. 4
Government Code §820................................................... 4
Government Code §820.2................................................. 4
Government Code §§12900 et seq.,....................................... 9
Government Code §12945.2............................................... 9
Government Code §21153................................................. 9
Labor Code 132a........................................................ 9
Labor Code §1101....................................................... 9
Labor Code §1050....................................................... 9
Labor Code §922........................................................ 9
Penal Code §134, et seq. .............................................. 9

iv

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS

1    **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO**

2    **DEFENDANT CITY OF IMPERIAL AND MIGUEL COLON TO DISMISS**

3    **PLAINTIFF'S FIRST AMENDED COMPLAINT**

4

5    **I. INTRODUCTION**

6

7         Defendants raise numerous challenges to the sufficiency of Plaintiff's First Amended

8    Complaint.  However, absent introduction of extrinsic evidence, Defendants alleged defects in

9    the pleading must appear on the face of Plaintiff's Complaint.  As discussed in this

10    Memorandum, Plaintiff has sufficiently alleged his causes of action.  Defendant's have not

11    demonstrated merit for their various attacks on the causes of action and therefore the Motion to

12    Dismiss should be denied.  In the event that this Court is inclined to grant any portion of

13    Defendants' Motion, Plaintiff respectfully requests leave to amend the Complaint.

14

15    **II. STATEMENT OF FACTS**

16

17         The pertinent allegations as indicated in Plaintiff's Complaint (First Amended Complaint,

18    filed March 14, 2008) are essentially as follows:

19         Plaintiff was employed as a Police Officer by the CITY OF IMPERIAL in or about 2002.

20    Plaintiff alleges that he was terminated from employment because of disability or perceived

21    disability and in retaliation for his protected martial status, protected union activity, and for

22    requesting family leave.  Plaintiff also alleges that he was discriminated against, that he was

23    denied reasonable accommodation, that his privacy rights were violated, and that he was

24    defamed.  Plaintiff alleges that all the Defendants were the agents of the others.

25         Plaintiff alleges that his separation and later marital dissolution with his ex-wife was

26    contentious and mentally stressful, but that the unfortunate circumstances did not affect the

27    performance of his duties for Defendants.  Defendants, without Plaintiff's consent, disclosed

28    private and confidential information about Plaintiff to third parties, including, but not limited to,

1  the entire police force of IMPERIAL. Plaintiff's allegations of harassment arise from the Police

2  Chief Defendant COLON'S conduct in interfering with Plaintiff's private and confidential

3  matters. Plaintiff alleges that COLON caused a police report to be falsified, in violation of state

4  and federal law, in order to accomplish a wrongful termination of Plaintiff.

5        Shortly after Plaintiff requested newborn family care leave, Plaintiff was wrongfully

6  required to undergo an unwarranted psychological examination, conducted by Defendants

7  COLON and GROSSMAN. Defendant GROSSMAN, among other things, made false

8  statements regarding Plaintiff, in writing, to the other Defendants, that Plaintiff lacked integrity,

9  and falsely concluded that Plaintiff was unfit for duty. Plaintiff alleges that Defendants acted

10  with actual malice and reckless disregard for the truth.

11        Ultimately, the foregoing allegations form the basis for Plaintiff's claims for civil rights

12  violations and wrongful termination in violation of public policy. Defendant GROSSMAN

13  challenges the legal sufficiency of Plaintiff's claims for defamation, invasion of privacy, and

14  intentional infliction of emotional distress against him. The only facts presented by Defendant in

15  support of his motion are the allegations of Plaintiff's Complaint. *See* Defendant's Request for

16  Judicial Notice.

17

18  **III. LEGAL ARGUMENT**

19

20  **A.    STANDARD OF REVIEW ON MOTION TO DISMISS**

21

22        In reviewing a Rule 12(b)(6) motion, the court must accept as true all material allegations

23  in the complaint, as well as reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.*

24  (9th Cir. 1998), 139 F3d 696, 699. The test is whether the facts, as alleged, support any valid

25  claim entitling plaintiff to relief, not necessarily the one intended by plaintiff. Thus, a complaint

26  should not be dismissed because plaintiff erroneously relies on the wrong legal theory if the facts

27  alleged support any valid theory. *Haddock v. Board of Dental Examiners of Calif.* (9th Cir.

28  1985) 777 F2d 462, 464. Moreover, Rule 12(b)(6) dismissals are "especially disfavored in cases

2

1 where the complaint sets forth a novel legal theory that can best be assessed after factual

2 development." *Baker v. Cuomo* (2nd Cir. 1995) 58 F3d 814, 818–819.

3      When a complaint's allegations are capable of more than one inference, the court must

4 adopt whichever inference supports a valid claim. *Columbia Natural Resources, Inc. v. Tatum*

5 (6th Cir. 1995) 58 F3d 1101, 1109. Some courts hold motions to dismiss civil rights complaints

6 should be "scrutinized with special care." *Lillard v. Shelby County Board of Ed.* (6th Cir. 1996),

7 76 F3d 716, 724 (internal quotes omitted), *See also, Johnson v. State of Calif.* (9th Cir. 2000)

8 207 F3d 650, 653 (liberal construction rule particularly important in civil rights cases).

9

10 **B. DEFENDANT COLON CAN BE LIABLE ON THE FIRST AND THIRD CAUSES OF**

11 **ACTION IN HIS OFFICIAL CAPACITY AND ON THE FIFTH CAUSE OF ACTION IN**

12 **HIS INDIVIDUAL CAPACITY.**

13

14      Under the authority of *Reno v. Baird*, 18 Cal.4th 640, and *Janken v. G.M. Hughes*, 46

15 Cal.App.4th 55, supervisory employees can be held liable in their official capacities for ADA and

16 FEHA Discrimination. While the consensus among Federal Courts is that individual supervisors

17 cannot be individually liable, it is well established that public officials can be held liable in their

18 official capacities for disability discrimination. "[S]ince 1993, eight federal circuits have either

19 (1) held that the "agent" language does not create individual liability for discrimination, or (2)

20 found that, although individuals can be sued in their official or representative capacity, they may

21 not be sued in their individual capacity and have no personal liability, or (3) interpreted similar

22 language in a state statute as not creating individual liability." 18 Cal.4th 640, at 648 (emphasis

23 added).

24      As for Plaintiff's retaliation claims, "[e]very federal district court that has considered this

25 issue since *Reno* has also concluded that *Reno* does not apply to retaliation. *E.g., Peterson v.*

26 *Santa Clara Valley Medical Center,* 2000 WL 98262 (N.D.Cal.2000); *Soo v. United Parcel*

27 *Serv., Inc.,* 73 F.Supp.2d 1126 (N.D.Cal.1999); *Liberto-Blanck v. City of Arroyo Grande,* 33

28 F.Supp.2d 1241 (C.D.Cal.1999); *Kaminski v. Target Stores,* 1998 WL 575097 (N.D.Cal.1998).

1  We conclude that an individual-supervisor may be held personally liable for retaliation under the

2  FEHA." *Winarto v. Toshiba America Electronics Components, Inc.,* 274 F.3d 1276.

3

4  **C. DISCRETIONARY IMMUNITY DOES NOT APPLY TO BAR THE THIRD AND**

5  **SIXTH CAUSES OF ACTION.**

6

7      Defendants rely heavily on *Caldwell v. Montoya* (1995), 10 Cal.4th 972, 42 Cal.Rptr.2d

8  842, for the proposition that the Defendant in this action is immune for exercising his discretion.

9  In fact, however, the immunity does not apply.

10      As explained in by the California Supreme Court in *Caldwell*, *Johnson v. State* (1968), 69

11  Cal.2d 782, 73 Cal.Rptr. 240, was the first case to construe Government Code §820.2, and

12  remains as the applicable framework in determining discretionary act immunity under that

13  section. *Caldwell* involved a school board's decision not to renew the employment contract of

14  its then 66-year-old superintendent, Richard Caldwell.  Caldwell alleged breach of contract,

15  violation of FEHA (racial and age discrimination), and retaliatory discharge in violation of

16  public policy and the defendants claimed immunity under §820.2.

17      Essentially, the immunity to government officials is granted for so-called "policy"

18  decisions but not "operational" decisions.  In addition to the threshold issue of whether the act

19  complained of actually implicates policy concerns (and not merely implementation of a basic

20  policy already formulated), in order for immunity to exist, the public entity must have actually

21  engaged in a weighing of factors, in other words, a considered decision.

> Under these circumstances, *Johnson* concluded, a 'workable definition' of
> immune discretionary acts draws the line between 'planning' and
> 'operational' functions of government. (*Johnson, supra,* 69 Cal.2d at pp.
> 793, 794.) Immunity is reserved for those '*basic policy decisions* [which
> have] ... been [expressly] committed to coordinate branches of
> government,' and as to which judicial interference would thus be
> 'unseemly.' ( *Id.* at p. 793, italics in original.) Such 'areas of quasi-
> legislative policy-making ... are sufficiently sensitive' ( *id.* at p. 794) to
> call for judicial abstention from interference that 'might even in the first
> instance affect the coordinate body's decision-making process' ( *id.* at p.
> 793).

22

23

24

25

26

27

28

On the other hand, said *Johnson*, there is no basis for immunizing lower-level, or 'ministerial,' decisions that merely implement a basic policy already formulated. (*Johnson, supra*, 69 Cal.2d at p. 796.) Moreover, we cautioned, immunity applies only to *deliberate and considered* policy decisions, in which a '[conscious] balancing [of] risks and advantages ... took place. The fact that an employee normally engages in 'discretionary activity' is irrelevant if, in a given case, the employee did not render a considered decision. [Citations].' ( *Id.* at p. 795, fn. 8.)

Recognizing that 'it is not a tort for government to govern' ( *Dalehite v. United States* (1953) 346 U.S. 15, 57 [97 L.Ed. 1427, 1452, 73 S.Ct. 956] (dis. opn. of Jackson, J.)), our subsequent cases have carefully preserved the distinction between policy and operational judgments. Thus, we have rejected claims of immunity for a bus driver's decision not to intervene in one passenger's violent assault against another (*Lopez v. Southern Cal. Rapid Transit Dist.* (1985) 40 Cal.3d 780, 793-795 [221 Cal.Rptr. 840, 710 P.2d 907]), a college district's failure to warn of known crime dangers in a student parking lot (*Peterson v. San Francisco Community College Dist.* (1984) 36 Cal.3d 799, 815 [205 Cal.Rptr. 842, 685 P.2d 1193]), a county clerk's libelous statements during a newspaper interview about official matters (*Sanborn v. Chronicle Pub. Co.* (1976) 18 Cal.3d 406, 415-416 [134 Cal.Rptr. 402, 556 P.2d 764]), university therapists' failure to warn a patient's homicide victim of the patient's prior threats to kill her (*Tarasoff v. Regents of University of California* (1976) 17 Cal.3d 425, 444-447 [131 Cal.Rptr. 14, 551 P.2d 334, 83 A.L.R.3d 1166]), and a police officer's negligent conduct of a traffic investigation once undertaken ( *McCorkle v. City of Los Angeles* (1969) 70 Cal.2d 252, 261-262 [74 Cal.Rptr. 389, 449 P.2d 453]).

*Caldwell v. Montoya* (1995), 10 Cal.4th 972, 981-982, (internal quotations, emphasis, and citations in original)

*Caldwell* further reasons that the decision not to renew Caldwell's employment contract qualifies as a discretionary act with in the meaning of 820.2. "[T]he decision about who should serve as superintendent of a school district particularly satisfies the immunity justifications set forth in Johnson." *Caldwell*, at 982. "The superintendent…is the district's foremost appointed official, with primary responsibility for representing, guiding, and administering it." Indeed, the Supreme Court clearly indicated the narrowness of its holding in the first sentence of the opinion, stating: "In this case, we confront a narrow but important issue: are individual members of an elected school board immune from a suit seeking damages against them personally for their successful votes to terminate the employment of the school district's superintendent, even when the complaint alleges race and age discrimination in violation of California's Fair Employment and Housing Act?" *Id.* at 975-976.

1    In contrast, it is undisputed that ESPINOZA was a police officer. The individual

2    defendant, COLON, is not a member of the CITY'S governing board nor does he have the power

3    to vote on CITY policy. This case does not involve a position, such as superintendent, that

4    "particularly satisfies" the immunity justifications. It is not a position with primary

5    responsibility for representing, guiding and administering the public entitiy's broad-based

6    policies. Rather, the Defendant's acts and omissions alleged are "ministerial" and merely the

7    "lower-level" decisions that implement a basic policy already formulated.

8
9
10
11
12
13
14
15

> The statutes specifically limit the length of a superintendent's contract and otherwise place the superintendent's employment within the sole authority and discretion of the district's governing board. (Ed. Code, §§ 35010, 35026, 35031, 35163, 35164.) The matter is therefore "expressly entrusted to a coordinate branch of government" at its highest level.( *Johnson, supra,* 69 Cal.2d at p. 793.) The superintendent, in turn, is the district's foremost appointed official, with primary responsibility for representing, guiding, and administering it. (Ed. Code, § 35035.) The governing board's choice about who should occupy this crucial post is therefore a peculiarly sensitive and subjective one, with fundamental policy implications. There is a "vital public interest" (see *Lipman, supra,* 55 Cal.2d at p. 230) in encouraging *both* unfettered debate and judgment about the issue *and* candid public explanation by the politically accountable board members of the reasons for their votes

16
17

> 10 Cal.4th 972, 983-984 (internal quotations, emphasis, and citations in original)

18    This case clearly falls within the ministerial act exceptions to discretionary immunity and

19    is readily distinguishable from *Caldwell*. Defendant is not immune under §820.2 as a matter of

20    law. This Court need not even reach the issue of whether a considered decision was made.

21

22    **D. DEFENDANT CITY IS NOT IMMUNE FROM LIABILITY FOR THE THIRD AND**

23    **SIXTH CAUSES OF ACTION PURSUANT TO SECTION 815.2 OF THE CALIFORNIA**

24    **GOVERNMENT CODE AS A MATTER OF LAW.**

25

26    *Caldwel v. Montoya* (1995), 10 Cal.4th 972, does not support Defendants' circular and

27    misleading argument that where the Individual Defendant is immune, so too is the public entity

28    Defendant. The *Caldwell* Court stated:

Nothing we say here is intended to imply that because the individual board members are immune, plaintiff's FEHA claim against *PUSD itself* is also barred. Section 815.2 does generally provide that a public entity is liable for an employee's act or omission within the scope of employment if the employee himself could be sued (subd. (a)), but that the entity is immune if the employee is immune (subd. (b)). We observe, however, that section 815.2 simply applies principles of *vicarious* entity liability. In subdivision (b), it establishes the premise that if the directly liable employee himself cannot be sued, the doctrine of respondeat superior should not apply against the entity. (See *Bradford v. State of California* (1973) 36 Cal.App.3d 16, 20 [111 Cal.Rptr. 852].) However, FEHA creates *direct* statutory rights, obligations, and remedies between a covered "employer," private or public, and those persons it considers or hires for employment. (§§ 12926, subd. (d), 12940, subds (a), (c)-(k), 12941, 12942, 12945, 12945.2, 12945.5, 12946, 12947.5, 12950, 12965.) FEHA thus provides a basis of direct entity liability independent of the derivative liabilities addressed in section 815.2. Accordingly, any personal immunity of a public employee against a particular FEHA claim does not necessarily accrue to the benefit of the public entity itself as a covered "employer." (See *Bradford, supra,* 36 Cal.App.3d at p. 20; also cf. *Ramos v. County of Madera, supra,* 4 Cal.3d 685, 695.) In any event, the issue of entity immunity is not before us in this case, and we do not decide it.

10 Cal.4th 972, 989, footnote 9 (internal quotations, emphasis, and citations in original)

The CITY OF IMPERIAL'S liability under the Third and Sixth Causes of Action are predicated on its direct liability. It is not immune under Government Code §815.2.

## E. PLAINTIFF'S ALLEGATIONS ARE SUFFICIENT TO STATE A CAUSE OF ACTION FOR DISABILITY DISCRIMINATION, HARASSMENT AND RETALIATION UNDER THE ADA AND CALIFORNIA FEHA.

Plaintiff has adequately alleged the adverse actions, disability discrimination, harassment, and retaliation. Primarily, it is alleged that Plaintiff was terminated for his disability. For example:

23. During his employment, ESPINOZA was subjected to adverse employment action, harassment, and hostile work environment, primarily by his supervisor, Defendant COLON, but with the ratification and conspiracy of the other Defendants. Plaintiff was denied assignments that he was qualified for. Defendants interfered with Plaintiff's personal life, invaded Plaintiff's privacy by disclosing confidential information regarding Plaintiff to third parties, brought numerous false disciplinary charges against Plaintiff, engaged in harassment, and created a hostile

7

1  work environment for Plaintiff, all apparently in order to wrongfully
   manufacture false grounds to terminate Plaintiff. Plaintiff's termination
2  was without any legitimate cause. All disciplinary actions against Plaintiff
   have been brought to final conclusion, with no termination being imposed.

3

4       24.    Plaintiff alleges that Defendants wrongfully terminated
        Plaintiff in violation of the collective bargaining agreement and state and
        federal law, without proper cause, and in violation of due process.
5       Defendants wrongfully terminated Plaintiff, among other things, in
        retaliation for his participation in union and/or political activity, his
6       exercise of his Constitutional rights, and for his marital status. Defendant
        CITY'S policies limited, segregated and classified persons such as
7       Plaintiff on the basis of protected characteristics.

8  Plaintiff's Complaint, page 6.

9       Plaintiff respectfully requests leave to amend the Complaint in the event this Court grants

10 Defendants Motion. In reviewing a Rule 12(b)(6) motion, the court must accept as true all

11 material allegations in the complaint, as well as reasonable inferences to be drawn from them.

12 *Pareto v. F.D.I.C.* (9th Cir. 1998), 139 F3d 696, 699. The test is whether the facts, as alleged,

13 support any valid claim entitling plaintiff to relief, not necessarily the one intended by plaintiff.

14 Thus, a complaint should not be dismissed because plaintiff erroneously relies on the wrong

15 legal theory if the facts alleged support any valid theory. *Haddock v. Board of Dental Examiners*

16 *of Calif.* (9th Cir. 1985) 777 F2d 462, 464.

17

18 **F. DEFENDANT COLON CAN BE HELD LIABLE IN HIS OFFICIAL CAPACITY ON**

19 **THE SECOND AND FOURTH CAUSES OF ACTION.**

20

21      Under the authority of *Reno v. Baird*, 18 Cal.4th 640, and *Janken v. G.M. Hughes*, 46

22 Cal.App.4th 55, supervisory employees can be held liable in their official capacities for ADA and

23 FEHA Discrimination. While the consensus among Federal Courts is that individual supervisors

24 cannot be individually liable, it is well established that public officials can be held liable in their

25 official capacities for disability discrimination. "[S]ince 1993, eight federal circuits have either

26 (1) held that the "agent" language does not create individual liability for discrimination, or (2)

27 found that, although individuals can be sued in their official or representative capacity, they may

28

1  not be sued in their individual capacity and have no personal liability, or (3) interpreted similar

2  language in a state statute as not creating individual liability." 18 Cal.4th 640, at 648.

3

4  **G. PLAINTIFF'S ALLEGATIONS ARE SUFFICIENT TO STATE A CAUSE OF**

5  **ACTION FOR DISABILITY DISCRIMINATION, HARASSMENT AND RETALIATION**

6  **UNDER THE ADA AND CALIFORNIA FEHA.**

7

8       Defendants assert that a qualified immunity applies to because Plaintiff has "failed to

9  allege COLON violated a clearly established statutory or constitution right of which a reasonable

10  person would have known". Plaintiff alleges several clearly established statutory rights of which

11  a reasonable person would have known.  For example, Paragraph 128 alleges that:

12

13             128.   At all times relevant to this action, among other things, the
      United States Americans with Disabilities Act, California Fair
14      Employment and Housing Act, Government Code §§12900 et seq.,
      prohibiting harassment, discrimination, and retaliation on the basis of
      disability and marital status and exercise of leave rights, California Labor
15      Code 132a, prohibiting discrimination against injured workers, California
      Labor Code §1101, et seq., prohibiting discharge of employees for
16      engaging in political activities, California Labor Code §1050, prohibiting
      blacklisting, California Labor Code §922, et seq., prohibiting discharge of
17      employees for engaging in union activity, California Government Code
      §12945.2, protecting leave rights for newborn care, California Civil Code
18      §44, et seq., prohibiting defamation, California Government Code §3300,
      et seq., the "Peace Officers Bill of Rights", and California Penal Code
19      §134, et seq., prohibiting false evidence and false report of crimes, were in
      full force and effect and were binding on Defendants.
20

21       Surely, Defendant COLON, a police officer himself, would have known of the "Peace

22  Officer's Bill of Rights", Government Code §3300 et seq.  Accordingly, Defendant is not

23  shielded from liability for civil damages as his conduct violated these clearly established rights,

24  which a reasonable person would have known.  In fact, Defendants treated Plaintiff's termination

25  as a disciplinary action, though it was based on a purported mental inability to perform the job.

26  Defendants should have applied for Plaintiff's disability retirement on Plaintiff's behalf, but has

27  failed to perform this mandatory duty as clearly expressed in California Government Code

28  §21153.

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
NO.07CV2218

**H. PLAINTIFF'S EIGHTH CAUSE OF ACTION SHOULD WITHSTAND DEFENDANTS' MOTION TO DISMISS AS A VALID CLAIM CANNOT BE DISMISSED SO LONG AS THE FACTS ALLEGED SUPPORT ANY VALID THEORY.**

The test is whether the facts, as alleged, support any valid claim entitling plaintiff to relief, not necessarily the one intended by plaintiff. Thus, a complaint should not be dismissed because plaintiff erroneously relies on the wrong legal theory if the facts alleged support any valid theory. *Haddock v. Board of Dental Examiners of Calif.* (9th Cir. 1985) 777 F2d 462, 464.

**I. PLAINTIFF'S NINTH CAUSE OF ACTION FOR INVASION OF PRIVACY IS SUFFICIENTLY PLEAD.**

As a matter of law, Plaintiff did have a reasonable expectation of privacy with regard to his personal and confidential information. The "zones of privacy", California Constitution, Article I, section I, creates a right of action against private as well as government entities and extend to legally recognized privacy interests in the details of a patient's medical and psychiatric history. *See Hill v. National Collegiate Athletic Assn.* (1994), 7 Cal.4th 1. "Indeed the Legislature recognized as much when it enacted section 56.10, allowing health care providers to disclose only narrow categories of medical information about employees, and then only for certain narrow purposes" An employee's right of privacy is one that helps workers maintain an aura of competence, efficiency, professionalism, social propriety, and seriousness of purpose, allowing them to perform their duties to the satisfaction of their employers but simultaneously to protect their job security and, thus, their economic well being.

As a matter of fact, Plaintiff has never placed his mental ability in issue. It was Defendant's pretextual examination, which forms the basis of the privacy claim. Defendants, without Plaintiff's consent, disclosed private and confidential information about Plaintiff to third parties, including, but not limited to, the entire police force of IMPERIAL. Plaintiff's allegations

1    of harassment arise from the Police Chief Defendant COLON'S conduct in interfering with

2    Plaintiff's private and confidential matters.  [See Plaintiff's Complaint, Paragraphs, 11, 18, 19].

3

4    **J. DEFENDANT COLON MAY BE HELD LIABLE FOR WRONGFUL TERMINATION**

5    **IN VIOLATION OF PUBLIC POLICY.**

6

7         Defendants rely on *Reno v. Baird*, 18 Cal.4th 640, and *Janken v. G.M. Hughes*, 46

8    Cal.App.4th 55, indicate that individual supervisors cannot be held liable in their individual

9    capacities for ADA and FEHA Discrimination and wrongful discharge in violation of public

10   policy claims.  However, *Reno* is equally clear that individual defendants can be held liable in

11   their official capacities.  *See also Hafer v. Melo,* 502 U.S. 21.  Accordingly, Defendant COLON

12   can be held liable in his official capacity.

13

14   **K. DEFENDANTS CHALLENGE TO WRONGFUL TERMINATION CONTRACT**

15   **CLAIMS ARE NOT APPLICABLE TO THIS ACTION.**

16

17        Defendants' argument that express and implied contract claims must fail appears to be

18   misplaced.  Plaintiff, in fact does not allege such claims.  Thus the argument is moot.

19

20   **L. PLAINTIFF IS NOT REQUIRED TO EXHAUST ADMINISTRATIVE REMEDIES**

21   **OR MANDAMUS BEFORE MAINTAINING THIS ACTION.**

22

23        Recent authority on point is *Ortega v. Contra Costa Community College Dist.*, 156

24   Cal.App.4th 1073, 67 Cal.Rptr.3d 832.  In *Ortega* a community college district's internal

25   grievance procedure was created by collective bargaining agreement (CBA) and culminated in

26   arbitration.  Neither administrative nor judicial exhaustion applied to bar claims against the

27   public entity district by a former community college football coach who challenged his demotion

28   and termination as discriminatory under Fair Employment and Housing Act (FEHA), despite fact

11

1  that he had chosen to initiate grievance procedure provided in CBA following each adverse

2  employment action.

3

4  > Because the CBA provides for arbitration of employee complaints,
> Ortega's utilization of this grievance process does not bar his state court
> FEHA actions against the District. In both his demotion and his

5  > termination cases, Ortega alleged that he timely filed a complaint with the
> DFEH, and this is sufficient to plead exhaustion. ( *Williams v. Housing*

6  > *Authority of Los Angeles* (2004) 121 Cal.App.4th 708, 721, 17 Cal.Rptr.3d
> 374 ( *Williams* )...

7  > In each of his two lawsuits, Ortega sought nonstatutory relief in addition
> to the relief he sought under the FEHA. We conclude he was not required

8  > to exhaust the available administrative procedures for these nonstatutory
> claims.

9

10  > 156 Cal.App.4th 1073, 1086

11

12  ## M. PLAINTIFF'S DEFAMATION ACTION HAS BEEN SUFFICIENTLY ALLEGED.

13

14  Defendants claims the alleged defamation has not been specified in the Complaint.  In

15  fact, in regards to Defendant GROSSMAN'S anti-SLAPP Motion, Plaintiff presents evidence

16  regarding specific allegations of defamation.  Essentially, Defendants defamed Plaintiff in

17  publishing the false statement that Plaintiff lacked integrity.  *See* Declaration of Vincent J. Tien

18  in Opposition to Grossman's anti-SLAPP Motion.

19

20  ## N. THE ALLEGED DEFAMATORY COMMUNICATIONS WERE NOT PRIVILEGED.

21

22  *Pettus v. Cole* (1996), 49 Cal.App.4th 402, involved the disclosure of two psychiatric

23  evaluations in connection with the employee's request for stress-related disability leave.  The

24  Court held that the disclosures violated the Confidentiality of Medical Information Act since

25  Civil Code §56.10 limits permissible disclosure to a description of any functional limitations that

26  may have entitled the employee to leave work and also explicitly prohibits disclosure of medical

27  cause.  Importantly, the Court further held that the psychiatrists' disclosures were not privileged

28  under either Civil Code §47(b) or §47(c), since the evaluations were not done in a judicial or

12

1   quasi-judicial proceeding. "The policies underlying this statute are clearly intended to promote

2   the accessibility or viability of the judicial system". "One of the primary factors which

3   determines if a proceeding is quasi judicial is whether the administrative body involved is

4   entitled to hold hearings and decide issues by application of rules of law and to ascertain

5   facts…Pettus's request for leave and the subsequent disability verification procedure involved no

6   such dispute resolution mechanism, no hearings, and the only decision makers involved were a

7   private employer, Du Pont, and its employees and agents." Although Pettus involved a private

8   employment dispute, the facts of this case are similar. Defendants did not hold hearings, there

9   was no dispute resolution mechanism, and the only decision makers were the Defendants and

10  their agents. The governing board of the CITY was not involved in the evaluation forced on

11  ESPINOZA.

12       In *Gallanis-Politis v. Medina* (2007) 61 Cal.Rptr.3d 701, a county employee's retaliation

13  lawsuit against her supervisors was subject to a motion to strike under the anti-SLAPP (strategic

14  lawsuit against public participation) statute. The employee's allegations of unprotected activity

15  by supervisors were incidental to her principal claim that supervisors conducted a pretextual

16  investigation and prepared a false report against her, which was <u>undertaken in response to her</u>

17  <u>pending lawsuit</u>. It should be noted that in this action, ESPINOZA is not claiming defamation

18  based on communications after this lawsuit or claim was initiated, but rather on events and

19  conduct that preceded this judicial action, that were not protected by the privilege.

20       In light of California Civil Code §47.5, which provides that, notwithstanding the CC §

21  47(b) privilege, one who files a complaint with a peace officer's employer charging the officer

22  with misconduct, criminal conduct or incompetence may be liable for defamation if the

23  complaint was *knowingly false* and made with *spite, hatred or ill will* (emphasis added).

24       One court held that, by restricting defamatory speech against peace officers while

25  leaving intact the CC § 47(b) privilege against all other public officials, CC § 47.5 represents

26  *unconstitutional content-based discrimination. See Walker v. Kiousis* (2001) 93 CA4th 1432,

27  1446- 1457.

28

1    However, more recent authority in *Loshonkohl v. Kinder* (2003) 109 CA4th 510, 515-

2    518, has held that § 47.5 is constitutional in view of a post-*Walker* Supreme Court case, *People*

3    *v. Stanistreet* (2002) 29 C4th 497, that upheld the constitutionality of a statute (Pen.C. § 148.6)

4    making the filing of a knowingly false misconduct allegation against a peace officer a

5    misdemeanor. The exception applies here, where the complaint of police officer misconduct or

6    incompetence was made to ESPINOZA'S Police Department employer. Plaintiff alleges that

7    the communication was made with actual malice and reckless disregard for the truth. Indeed,

8    this exception is expressly discussed in *Shaddox* (at fn. 12, 1417).

9    Defendant GROSSMAN had no basis to conclude that Plaintiff lacked integrity.

10    Defendant GROSSMAN admitted that he based his conclusion of Plaintiff's lack of integrity on

11    the supposed failure of Plaintiff to disclose the length of time that Plaintiff had been treating with

12    his own family therapist. GROSSMAN admits that he asked ESPINOZA if he had ever been

13    treated by a mental health professional. GROSSMAN admits that ESPINOZA stated in answer

14    to GROSSMAN'S question that he did see a counselor and also took his son to see the counselor.

15    GROSSMAN claims that because ESPINOZA did not disclose the name of the counselor, or the

16    length of time he had seen the counselor, that ESPINOZA was lying. Clearly, ESPINOZA

17    simply answered the question posed by Defendant and Defendant's failure to ask follow-up

18    questions was the reason for his lack of information. It was not an omission on ESPINOZA'S

19    part indicating dishonesty.

20

21    **O. DEFENDANT'S CONDUCT WAS SUFFICIENT TO SUPPORT A CLAIM FOR**

22    **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**

23

24    As indicted in Plaintiff's Complaint, Defendant committed the acts alleged herein

25    maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring plaintiff,

26    and acted with an improper and evil motive amounting to malice or despicable conduct.

27    Alternatively, Defendant's wrongful conduct was carried out with a conscious disregard of

28    plaintiff's rights. As demonstrated, Defendant had no basis to conclude that Plaintiff was lacked

14

1  integrity, yet recklessly or intentionally used such a conclusion, knowing the damage it would
2  cause Plaintiff.

3

4  **IV. CONCLUSION/REQUEST FOR LEAVE TO AMEND**.

5

6          Based on the foregoing, Plaintiff respectfully requests that this Court deny Defendant's
7  Motion to Dismiss under F.R.C.P. 12(b)(6).  In the event that the Court is inclined to grant the
8  motion, Plaintiff respectfully requests leave to amend this complaint to cure any defects.  A
9  pleading can be amended to state a cause of action against the Defendants.

10

11                                    LAW OFFICES OF VINCENT J. TIEN

12

13  Dated: May 16, 2008                    By: s/Vincent J. Tien
                                           VINCENT J. TIEN, Attorneys for Plaintiff, JOHN
14                                         ESPINOZA

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                                      **PROOF OF SERVICE**

2   STATE OF CALIFORNIA, COUNTY OF ORANGE

3        I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 17291 Irvine Boulevard, Suite 150,

4   Tustin, California 92780.

5        On May 19, 2008 I caused to be served the foregoing documents described as:

6   **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT CITY OF IMPERIAL AND MIGUEL COLON TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** on the parties in this action by placing the

7   true copies thereof enclosed in sealed envelopes addressed as follows:

8   David M. White, Esq.
Susan L. Oliver, Esq.

9   Mina Miserlis, Esq.
WHITE, OLIVER & AMUNDSON

10   550 West C Street, Suite 950
San Diego, California 92101

11

  Jeffrey P. Thompson, Esq.

12   Jennifer K. Berneking, Esq.
DECLUES, BURKETT & THOMPSON, LLP

13   17011 Beach Blvd., Ste. 400
Huntington Beach, CA 92647-7455

14

15   ___ BY MAIL:  I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Tustin, California.  I am "readily familiar" with the firm's practice of

16   collection and processing correspondence for mailing.  It is deposited with U.S. postal service on the same day in the ordinary course of business.  I am aware that on the motion of the party

17   served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

18   ___ BY EXPRESS SERVICE CARRIER:  I deposited in a box or other facility regularly

19   maintained by _____, an express service carrier, or delivered to a courier or driver authorized by said carrier to receive documents, each such envelope, in an envelope designated

20   by the said express service carrier, with delivery fees paid for.

21   _xx_ BY FACSIMILE:  I caused the foregoing documents to be sent to the addressee(s) above via facsimile.

22   ___ BY PERSONAL SERVICE:  I caused such envelope to be delivered by hand to the

23   addressee above.

24   ___ (STATE)  I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

25   _xx_ (FEDERAL)  I declare that I am employed in the office of the member of the bar of this court, at whose direction this service was made.

26

       Executed this 19th day of May 2008 at Tustin, California.

27

28                           s/Vincent J. Tien
                          VINCENT J. TIEN, Declarant.

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
NO. 07CV2218

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS