**DECLUES, BURKETT & THOMPSON, LLP**
Attorneys at Law
JEFFREY P. THOMPSON, Esq. (State Bar No. 136713)
JENNIFER K. BERNEKING, Esq. (State Bar No. 167172)
17011 Beach Blvd., Ste. 400
Huntington Beach, CA 92647-7455
Phone: (714) 843-9444
Fax: (714) 843-9452
e-mail address: jthompson@dbtlaw.com

EXEMPT FROM FEES PER: GOVERNMENT CODE SECTION 6103

Attorneys for Defendants, **CITY OF IMPERIAL** (a public entity) and **MIGUEL COLON** (employee of a public entity)

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ESPINOZA, an individual,<br><br>*Plaintiff,*<br><br>vs.<br><br>CITY OF IMPERIAL, a public entity; MIGUEL COLON, an individual; IRA GROSSMAN, an individual; and DOES 1 THROUGH 50, inclusive,<br><br>*Defendants.* | CASE NO.: 07CV2218 LAB (RBB)<br><br>*Complaint Filed: 11/20/07*<br><br>*Judge Larry A. Burns*<br>*Courtroom 9*<br><br>**DEFENDANTS CITY OF IMPERIAL AND MIGUEL COLON'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT CITY AND COLON'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:  **June 2, 2008**<br>Time:  **11:15 a.m.**<br>Crtrm.:**9**<br><br>**Trial Date:  None Set** |

Defendants CITY OF IMPERIAL (a public entity) ("CITY") and MIGUEL COLON (employee of a public entity) ("COLON"), hereby reply to plaintiff JOHN ESPINOZA's Opposition to defendant CITY and COLON's Motion to Dismiss plaintiff's First Amended Complaint.

**1.   PLAINTIFF HAS IGNORED ESTABLISHED CASE LAW THAT HOLDS THAT INDIVIDUALS SUCH AS COLON ARE NOT LIABLE FOR DISCRIMINATION OR RETALIATION UNDER THE ADA AND FEHA**

Plaintiff incorrectly contends in his Opposition to defendants' Motion to Dismiss that individuals such as defendant MIGUEL COLON can be held liable for discrimination

and retaliation based upon an agency theory of liability. (Opposition ("Opp.") p. 3, ll. 14-23). This is clearly incorrect based upon well established federal and state case law.

The California Supreme Court and the Ninth Circuit have both recognized that individuals cannot be held liable for discrimination or retaliation under the Americans with Disabilities Act ("ADA") or the California Fair Employment and Housing Act ("FEHA"). Indeed, this was the holding in *Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55 (1996), which was ratified in *Reno v. Baird*, 18 Cal.4th 640 (1998); *Walsh v. Nevada Dept. of Human Resources*, 471 F.3d 1033, 1037-1038 (9th Cir. 2006); *Miller v. Maxwell's International, Inc.*, 991 F.2d 583 (9th Cir. 1993); and *Jones v. The Lodge at Torrey Pines Partnership*, 42 Cal.4th 1158, 72 Cal.Rptr.3d 624, 625 (2008). These cases set forth the standard by which plaintiff's first, third, and sixth causes of action for disability discrimination and retaliation under the ADA and the FEHA must be viewed. As there is no individual liability available under any of these three causes of action, the Court may properly grant defendant COLON's Motion to Dismiss the first, third, and sixth causes of action without leave to amend.

**2. DEFENDANT COLON CAN ASSERT STATUTORY IMMUNITIES AS TO THE THIRD AND SIXTH CAUSES OF ACTION**

Plaintiff asserts in his Opposition that individual defendant COLON can be held individually liable for the discrimination and retaliation causes of action despite his immunity. (Opp. p. 4, ll. 7-9). However, plaintiff's Opposition misinterprets the statutory immunity provided public employees under California *Government Code* § 820.2. As such, plaintiff has failed to assert any persuasive authority in his Opposition to contradict individual defendant COLON's assertion that he is entitled to statutory immunities and therefore, the Court may grant the Motion to Dismiss the third and sixth causes of action.

In *Caldwell v. Montoya*, 10 Cal.4th 972 (1995), members of the school district board were afforded discretionary act immunity for voting to terminate the district's superintendent regardless of the fact that the reasons for termination may have been discriminatory. Indeed, the Supreme Court in *Caldwell* assumed that the Board members'

actions constituted a violation of the act. Nevertheless, immunity applied. Here, defendant COLON was allegedly responsible for plaintiff having to undergo a psychological examination, a personnel decision. Under *Caldwell*, individual COLON is immune for his personnel action, which is purely discretionary. Moreover, the court in *Kemmerer v. County of Fresno*, 200 Cal.App.2d 1426, 1438 (1988), makes it clear that personnel actions, like that of requiring an employee to undergo a psychological evaluation, are discretionary acts entitled to immunity.

Further, in *Johnson v. State of California*, 69 Cal.2d 782 (1968), the Court undertook a comprehensive examination of the rationale underlying the discretionary immunity doctrine. The *Johnson* Court expressly rejected any attempt to characterize the immunity as a mere "semantic inquiry" into the literal meeting of "discretionary" and "ministerial" in order to apply the terms to a particular fact situation. Rather, *Johnson* asserted that the judicial inquiry must be directed principally to the policy considerations relevant to the purpose of immunity. *Id.* at 793. To do otherwise would defeat the purpose of the immunity designed to protect persons from claims of carelessness, malice, bad judgment, or abuse of discretion in the formulation of policy. *Caldwell, supra*, 10 Cal.4th at 983-984. Accordingly, determining whether a particular act or omission of a public official is subject to immunity under California *Government Code* § 820.2 depends upon a sensitive and discriminating examination of the factual circumstances in light of the basic reasons for immunity. *Johnson, supra*, 69 Cal.2d at 787.

The central policy consideration to be taken into account when applying the concept of immunity is the need for "judicial abstention in areas in which the responsibility for basic policy decisions has been submitted to coordinate branches of government." *Id.* at 793. This fundamental approach is essential to prevent judicial interference with the decision-making responsibilities expressly entrusted to government officials. *Id.* at 793-794. In *Caldwell*, the Court said that this policy rationale furthered a public interest in securing free and independent judgment of public employees responsible for dealing with

personnel problems and encouraging both unfettered debate and judgment about a decision concerning a tenured public employee. *Caldwell, supra*, 10 Cal.4th at 982-983.

In evaluating whether a particular act or omission is discretionary or ministerial, it is crucial to appreciate the distinction between "planning" and "implementation" phases of a policy decision. A "discretionary" act is marked by a deliberate and considered decision in which a conscious balancing of risks and advantages takes place. *Id.* at 981, citing *Johnson, supra*, 69 Cal.2d at 793-794. On the other hand, the hallmark of a "ministerial" act is that it occurs in the course of implementing policy decisions and routine operational activity.

Accordingly, a public employee may obtain discretionary immunity protection by showing that he did in fact make a conscious policy decision, with a deliberate balancing of risk and advantages, that was within the area of his or her official discretion. *Johnson, supra*, 69 Cal.2d at 794, fn. 8. Such immunity extends to all incidental and collateral acts in carrying out the policy decision. *Bank of America v. County of Los Angeles*, 270 Cal.App.2d 165 (1969).

In applying this separation of judicial/legislative power, post-*Johnson* Courts have held that discretionary immunity exists where a public employee is given broad discretionary authority to assess the relevant circumstances and, on the basis of that assessment, to choose between alternative courses of action for choosing general statutory objectives. *See, Susman v. City of Los Angeles*, 269 Cal.App.2d 803, 817 (1969); *Skinner v. Vacaville Unified School District*, 37 Cal.App.4th 31 (1995).

Post-*Johnson* Courts have also held that an official decision to act or not act is discretionary if the act or omission was the result of an actual exercise of policy or planning-level discretion in which risks and advantages were deliberately weighed and a balance struck. *Roseville Community Hospital v. State of California*, 74 Cal.App.3d 583 (1977); *Alicia T. v. County of Los Angeles*, 222 Cal.App.3d 869 (1990); *Caldwell, supra*, 10 Cal.4th at 972. In *Caldwell, supra*, the California Supreme Court unanimously held that school board members were protected under immunity provisions of *Government*

*Code* § 820.2 from charges of race and age discrimination brought by a school superintendent terminated by the Board. The Court held that the school board members' determination to terminate the superintendent's employment was a basic government policy decision protected under *Government Code* § 820.2, regardless of the individual members' motives. The court held that such personnel decisions are "areas of quasi-legislative decision making . . . sufficiently sensitive" to call for judicial abstention. *Caldwell, supra,* 10 Cal.4th at 981.

Moreover, plaintiff cannot ignore the fact that the Court in *Kemmerer, supra*, at 1436-1437, found that an investigation prior to the imposition of disciplinary proceedings and the disciplinary proceeding itself were all cloaked with immunity under *Government Code* § 821.6, which provides for immunity for instituting judicial or administrative proceedings within the scope of the public employee's employment. Indeed, *Kemmerer* states:

> The investigation, the preliminary notice and the proceedings before the civil service commission come within the scope of an "administrative proceeding" as the term is used in Government Code section 821.6. It follows that pursuant to section 821.6 Kelley, Velasquez and the County are immune from tort liability for any acts done to institute and prosecute the disciplinary proceeding.

*Id.* (Emphasis in original).

Likewise herein, the decisions concerning plaintiff are also analogous to the decisions which were found to be cloaked with immunity under *Caldwell*. These deliberate and considered decisions concerning plaintiff's job status were arrived at with a conscious balancing of risks and advantages. Thus, the defendant COLON is clearly protected by immunity under the Government Code.

As a result, individual defendant COLON must be found immune from plaintiff's third and sixth causes of action because he used discretionary authority to determine his actions. Because individual defendant COLON is immune for his discretionary personnel actions, the CITY is also immune by way of *Government Code* § 815.2. Therefore, the

Court may sustain defendants CITY and COLON's Motion to Dismiss the third and sixth causes of action in their entirety.

### 3. PLAINTIFF HAS NOT SET FORTH PRIMA FACIE CAUSES OF ACTION FOR DISABILITY DISCRIMINATION, HARASSMENT, OR RETALIATION

As set forth in defendant CITY and COLON's moving points and authorities, plaintiff pleads nothing but conclusionary allegations in his first, second, fifth, and sixth causes of action that defendants discriminated, harassed and retaliated against him. Indeed, plaintiff's First Amended Complaint states only conclusionary allegations that defendants' actions must have necessarily been discriminatory, harassing and/or retaliatory. Plaintiff's Opposition does not contest defendants' Motion to Dismiss these causes of action with any specific authority establishing that his allegations are sufficient to set forth a prima facie cause of action. This simply does not meet the pleading standards set forth in *Foster v. Arcata Assoc., Inc.*, 772 F.2d 1453, 1459 (9th Cir. 1985); *Gray v. Superior Court*, 181 Cal. App.3d 813 (1986), *disapproved on other grounds, Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 687, 700 n. 42 (1988), and in *Guthrey v. State of California,* 63 Cal.App.4th 1108 (1998). As a result, the Court may sustain defendant CITY and COLON's Motion to Dismiss the first, second, fifth, and sixth causes of action without leave to amend.

### 4. PLAINTIFF HAS IGNORED STATUTORY LANGUAGE AND CASE LAW WHICH PRECLUDES INDIVIDUAL LIABILITY FOR FAILURE TO ACCOMMODATE UNDER THE ADA AND FEHA

Plaintiff incorrectly contends in his Opposition to defendants' Motion to Dismiss that individuals such as defendant COLON can be held liable for failure to accommodate based upon an agency theory of liability. (Opposition ("Opp.") p. 8, ll. 18-19). This is the same erroneous argument plaintiff has made with respect to his causes of action for disability discrimination and retaliation under the ADA and FEHA. Plaintiff is once again incorrect based upon case law and statutory construction.

The Ninth Circuit Court of Appeals in *Walsh v. Nevada Dept. of Human Resources, supra,* 471 F.3d at 1037-1038, held that supervisors and coworkers are not individually

liable under the ADA for disability discrimination, and by extension, failure to accommodate. Additionally, California *Government Code* § 12940(k) states on its face that only an employer can be held liable for failure to accommodate under the FEHA.

As a result, the Court may properly sustain defendant COLON's Motion to Dismiss the second and fourth causes of action without leave to amend.

### 5. DEFENDANT COLON ENJOYS QUALIFIED IMMUNITY FOR THE CAUSE OF ACTION BASED UPON 42 *USC* § 1983

As noted in the moving papers, *Brewster v. Board of Education*, 149 F.3d 971, 977 (9th Cir. 1998) makes it clear that qualified immunity applies in this case as to plaintiff's seventh cause of action.

In *Brewster*, the Ninth Circuit explained that the law regarding public-employee free speech claims will rarely, if ever, be sufficiently clearly established to preclude qualified immunity. 149 F.3d at 979-980. *Brewster* then cited cases including *Moran v. State of Washington*, 147 F.3d 839 (9th Cir. 1998). *Moran* concluded qualified immunity will apply when a balancing test is required because public officials cannot be expected to predict the outcome of such balancing or engage in it themselves. 147 F.3d at 847, fn. 5. When read together, these two cases make clear that qualified immunity applies here.

Individual defendant COLON could not have known taking the alleged actions against plaintiff violated clearly established constitutional rights. For this very reason the moving party enjoys qualified immunity. This Court may properly sustain defendant COLON's Motion to Dismiss that seventh cause of action without leave to amend.

### 6. PLAINTIFF HAS NOT SET FORTH ANY SUBSTANTIVE OPPOSITION TO DEFENDANT COLON'S MOTION TO DISMISS THE EIGHTH CAUSE OF ACTION

Plaintiff's Opposition fails to address defendant CITY and COLON's Motion to Dismiss the eighth cause of action with any substantive argument. Instead, plaintiff makes a vague assertion in his Opposition that a complaint should not be dismissed because plaintiff erroneously relies on the wrong legal theory. (Opp. p. 10, ll. 6-7). Herein, defendants contend that this cause of action is duplicative of plaintiff's first and fifth

causes of action, and as a result, should be dismissed. Defendants have not argued that the entire complaint should be dismissed based upon this one cause of action.

As plaintiff has failed to provide any meaningful opposition to defendants' motion to dismiss the eighth cause of action, the Court may properly grant defendants' motion without leave to amend.

### 7. PLAINTIFF HAS NOT STATED SUFFICIENT FACTS TO SET FORTH A CLAIM FOR INVASION OF PRIVACY

Plaintiff's Opposition does not address the basis of defendant CITY and COLON's Motion to Dismiss the ninth cause of action for invasion of privacy: The fact that the basis for this action is unclear. Instead, plaintiff states that he has a "zone of privacy." (Opp. p. 10, ll. 13-14). While this may be the case, the crux of defendants' argument that there are insufficient facts supporting this cause of action has gone unaddressed by plaintiff. As such, the Court may properly grant defendants' Motion to Dismiss the ninth cause of action without leave to amend.

### 8. PLAINTIFF WRONGLY CONTENDS THAT DEFENDANT COLON MAY BE HELD LIABLE FOR WRONGFUL TERMINATION

Once again, plaintiff, in his Opposition, has ignored well established case law with regard to defendant COLON's Motion to Dismiss the tenth cause of action for wrongful termination in violation of public policy against him. In *Reno v. Baird, supra*, the Court held that not only can individuals like defendant COLON <u>not</u> be held liable for acts of intentional discrimination under the FEHA, but that such an individual employee cannot also be held liable for wrongful discharge in violation of public policy. *Reno,* 18 Cal.4th at 663-664. Indeed, plaintiff has not provided any meaningful opposition setting forth any authority that defendant COLON may be held liable for wrongful termination in violation of public policy. As a result, the Court may properly grant defendant COLON's Motion to Dismiss the tenth cause of action without leave to amend.

////

////

### 9. PLAINTIFF CANNOT STATE A CAUSE OF ACTION FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AGAINST THE CITY

Contrary to plaintiff's assertions in his Opposition, plaintiff cannot state a common law cause of action for wrongful termination in violation of public policy against the CITY. As pointed out by the court in *Palmer v. Regents of the University of California*, 107 Cal.App.4th 899, 903 (2003), a plaintiff asserting a common law cause of action for wrongful termination in violation of public policy is required to follow the holding in *Westlake Community Hospital v. Superior Court*, 17 Cal.3d 465, 485 (1976), with regard to exhaustion of internal remedies prior to instituting any action.

*Westlake* involved a physician's challenge to a hospital administration board's decision to deny him staff privileges. In ruling that the physician was required to exhaust all possible administrative remedies, including writ of mandamus, before bringing a civil action, the Court stated:

> We further conclude that whenever a hospital, pursuant to a quasi-judicial proceeding, reaches a decision to deny staff privileges, and aggrieved doctor must first succeed in setting aside the quasi-judicial action before he may institute a tort action for damages. As we point out, mandate has been the judicial means for reviewing analogous quasi-judicial determinations, and we believe before hospital board or community members are subjected to potential personal liability for actions taken in a quasi-judicial setting, an aggrieved doctor should be required to overturn the challenge to the quasi-judicial decision directly in a mandamus action .... (O)nce the hospital's quasi-judicial decision has been found improper in a mandate action, an excluded doctor may proceed in tort against the hospital, it board or committee members or any others legally responsible for the denial of staff privileges.

*Id.*, 17 Cal.3d at 469.

Similarly, in *City of Fresno v. Superior Court*, 188 Cal.App.3d 1484 (1987), the Court granted summary judgment based on the finding that the city employee had not exhausted all administrative remedies before bringing a civil action for wrongful discharge, intentional interference with contractual relations, and intentional and negligent infliction of emotional distress.

As a result of the holdings in *Palmer* and *Westlake*, plaintiff's common law cause of action for wrongful termination in violation of public policy is therefore inapplicable and

the CITY's Motion to Dismiss the tenth cause of action must be sustained without leave to amend.

### 10. BY REFERRING TO EXTRINSIC EVIDENCE, PLAINTIFF ADMITS THAT HIS DEFAMATION CAUSE OF ACTION IS DEFICIENT

In plaintiff's Opposition, plaintiff refers to a transcript supporting a declaration submitted in opposition to defendant GROSSMAN's Anti-SLAPP motion. (Opp., p. 12, ll. 14-18). This amounts to a tacit admission that his eleventh cause of action for defamation is inadequately plead against the defendants. As such, the Court may sustain defendant CITY and COLON's demurrer to eleventh cause of action.

### 11. PLAINTIFF HAS NOT PROPERLY PLEAD A CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff's Opposition to defendants' Motion to Dismiss the eleventh cause of action for intentional infliction of emotional distress fails to address the fact that plaintiff has failed to plead the outrageous conduct required to make out a cause of action for intentional infliction of emotional distress. Instead, once again, plaintiff is apparently referring to extrinsic evidence to support this cause of action and has not set forth adequate facts to support this cause of action. Indeed, all of the acts attributed to defendants are due to personnel related actions and do not rise to the level of "outrageous" as necessitated by this cause of action. *See, Cochran v. Cochran* (1998) 65 Cal.App.4th 488, 494. Therefore, the Court may properly sustain defendants' Motion to Strike the eleventh causes of action.

### 12. CONCLUSION

For the reasons set forth above, and in the moving papers, defendants CITY OF IMPERIAL and MIGUEL COLON respectfully request that the Court grant their Motion to Dismiss in its entirety. Defendants further request that leave to amend be denied.

Dated: May 23, 2008                     **DECLUES, BURKETT & THOMPSON, LLP**
BY: s/J. Thompson
JEFFREY P. THOMPSON, Esq.
JENNIFER K. BERNEKING, Esq. Attorneys for
Defendants, **CITY OF IMPERIAL**, (a public entity) and
**MIGUEL COLON** (employee of a public entity)

# PROOF OF SERVICE
## (C.C.P. section 1013a(3))

STATE OF CALIFORNIA ) 
) SS.
COUNTY OF ORANGE )

I am over the age of 18 and I am not a party to the within action. I am employed by **DECLUES, BURKETT & THOMPSON, LLP,** in the County of Orange, at 17011 Beach Blvd., Ste. 400, Huntington Beach, California, 92647-5995.

On **May 23, 2008**, I served the attached: **DEFENDANTS CITY OF IMPERIAL AND MIGUEL COLON'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT CITY AND COLON'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

On the interested parties in this action by:

XXX Placing true copies thereof in sealed envelopes, addressed as described below.

| | |
|---|---|
| Vincent J. Tien<br>Law Offices of Vincent J. Tien<br>17291 Irvine Blvd., Suite 150<br>Tustin, CA 92780 | White, Oliver & Amundson<br>550 West C Street, Suite 950<br>San Diego, CA 92101<br>(619) 239-0300 |

XXX BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Huntington Beach, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

BY PERSONAL SERVICE: I caused such an envelope to be delivered by hand to the offices of the addressees.

BY FEDERAL EXPRESS (Receipt/Airbill No.: _____)

BY FACSIMILE TRANSMISSION: From FAX NO. (714) 843-9452 to FAX No.: _____ at or about Time, directed to Name. The facsimile machine I used complied with Rule 2003(3), and no error was reported by the machine. Pursuant to Rule 2005(I), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

XXX FEDERAL: I declare I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I declare, under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on **May 23, 2008**, at Huntington Beach, California.

Carolyn Rodriguez

11

CASE NO.: 07CV2218 LAB (RBB)