Daniel M. White (SBN 68011)
Susan L. Oliver (SBN 160902)
Mina Miserlis (SBN 194068)
**WHITE, OLIVER & AMUNDSON**
A Professional Corporation
550 West C Street, Suite 950
San Diego, California 92101
Telephone: (619) 239-0300
Facsimile: (619) 239-0344

Attorneys for Defendant IRA GROSSMAN

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ESPINOZA, an individual, | Case No. 07 CV 2218 LAB (RBB) |
| Plaintiff, | *Complaint Filed: 11/20/07* |
| v. | *Judge Larry A. Burns*<br>*Courtroom 9* |
| CITY OF IMPERIAL, a public entity; MIGUEL COLON, an individual; IRA GROSSMAN, an individual; and DOES 1-50, inclusive, | **REPLY OF IRA GROSSMAN IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| Defendants. | Date: June 2, 2008<br>Time: 11:15 a.m.<br>Courtroom: 9 |

I.

**INTRODUCTION**

Plaintiff's opposition seems to be predicated on two primary arguments: (1) there was no official proceeding at the time of the conduct alleged, and (2) Civil Code Section 47.5 provides an exception to the absolute privilege codified at Civil Code Section 47(b). Both of plaintiff's arguments are erroneous. First, as demonstrated more fully below, communications that are preparatory to official proceedings or made to a governmental agency and designed to prompt action by that agency are deemed part of the "official proceeding", as much as the communications made after the proceedings have commenced. Secondly, Civil Code Section 47.5 is inapplicable in the instant matter and has been found to be unconstitutional by state courts and by at least

one federal court sitting in California. Simply stated, Dr. Grossman is entitled to the protections of the absolute privilege afforded by Civil Code Section 47(c), which bars all of the claims asserted by plaintiff. Dr. Grossman's instant motion to dismiss should be granted.

## II.

## PUBLIC POLICY CONSIDERATIONS

"Police officers occupy a unique position of trust in our society. They are responsible for enforcing the law and protecting society from criminal acts. They are given the authority to detain and to arrest and, when necessary, to use deadly force." (*Mary M. v. City of Los Angeles*, 54 Cal.3d 202, 206 (1991).) This authority ultimately rests upon "the community's confidence in the integrity of its police force." (*Id.* at 207.)

In light of the unique role of police officers and their position of trust, the Legislature has developed a comprehensive statutory scheme which details the requirements for individuals to become law enforcement officers. These requirements include, among other things, a thorough background investigation and a psychological exam regarding the mental stability of the candidate. (*See,* Government Code Section 1031, *et seq.*) The interest of the public in having law enforcement candidates thoroughly "vetted" has led courts to apply the 47(b) privilege to shield from liability those persons who make negative or false statements or provide unfavorable information to law enforcement regarding a candidate's background or fitness for duty. As the Court in *O'Shea v. General Telephone Co. of California*, 193 Cal.App.3d 1040, (1987), explained:

> [A]s a matter of law, there is an absolute privilege, and in fact a duty, for citizens to communicate openly and freely with an investigating officer seeking background information on a candidate for employment with a public law enforcement agency. The privilege under these circumstances is a necessary element of the need for law enforcement to hire persons who are qualified to protect the public.

(*Id.* at 1048-1049.)

REPLY OF IRA GROSSMAN IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

83182.1

While the public has an interest in hiring qualified officers, the public also has an interest in not continuing to employ police officers who have become "unfit," either due to the stress of the job or other factors. "The government's interest in terminating law enforcement officers who are of questionable moral character, and doing so in an expeditious, efficient, and financially unburdensome manner," is entitled to great weight. (*Murden v. County of Sacramento*, 160 Cal.App.3d 302, 311 (1984).)

California thus has "a policy of encouraging reports concerning suspected misconduct or *unfitness of law enforcement officers*. This policy is so strong that virtually no complaint, no matter how ill founded or basely motivated, has yet been found sufficient for either criminal (citations omitted) or civil liability." (*Shaddox v. Bertani*, 110 Cal.App.4th 1406, 1415 (2003) [emphasis added].) This policy of encouraging reports regarding the unfitness of police officers is safeguarded by the application of Civil Code section 47(b) to persons making these reports, such as Dr. Grossman.

> After all, the policy underlying the [47(b)] privilege is to assure utmost freedom of communication between citizens and public authorities whose responsibility it is to investigate and remedy wrongdoing. In order for such an investigation to be effective, there must be an open channel of communication by which citizens can call attention to suspected wrongdoing. That channel will quickly close if its use subjected the user to risk of liability for libel. A qualified privilege is inadequate under the circumstances. . . . The absolute privilege is essential.

(*Williams v. Taylor*, 129 Cal.App.3d 745, 753-754 (1982).)

California public policy requires that Dr. Grossman be afforded absolute immunity under Civil Code section 47(b) and that plaintiff's complaint be dismissed.

///
///
///
///
///

### III.

### THE OFFICIAL PROCEEDING PRIVILEGE OF CIVIL CODE SECTION 47(b)(3) ENCOMPASSES STATEMENTS MADE PREPARATORY TO OFFICIAL PROCEEDINGS AND STATEMENTS DESIGNED TO PROMPT OFFICIAL ACTION

One of plaintiff's primary arguments in opposition to the instant motion is that Dr. Grossman's statements regarding the lack of fitness of plaintiff were made prior to an official termination proceeding and therefore were not "authorized by law." Plaintiff's argument is unavailing. First, the California Supreme Court has observed that the term "official proceeding" "has been interpreted broadly to protect communications to or from governmental officials *which may precede the initiation of formal proceedings.*" (*Slaughter v. Friedman*, 32 Cal.3d 149, 156 (1982) [emphasis added].) Thus, a "communication to an official administrative agency designed to prompt action by that agency is as much a part of the 'official proceeding' as a communication made after the proceeding has commenced." (*ComputerXpress, Inc. v. Jackson*, 93 Cal.App.4th 993, 1009 (2001); see also, *Imig v. Ferrar*, 70 Cal.App.3d 48, 55 (1977); *King v. Borges*, 28 Cal.App.3d 27, 34 (1972).)

In fact, the privilege is so broad, that it is "not limited to communications to or from governmental officials. It applies to communications preliminary to a proposed judicial proceeding, such as a demand letter from an attorney to a potential adversary (*Lerette v. Dean Witter Organization, Inc.*, 60 Cal.App.3d 573, 577 (1976)) and to communications made during an attorney's investigatory interviews with private individuals preparatory to a hearing. (*Ascherman v. Natanson*, 23 Cal.App.3d 861, 866 (1972).) In including the pre-proceeding statements within the scope of the 47(b) privilege, the courts have noted that the importance of access to citizens for reports to governmental agencies "outweighs the occasional harm that might befall a defamed individual (*King v. Borges, supra*, 28 Cal.App.3d at 34), and that all doubts are to be resolved in favor of a finding of privilege. (*Tiedemann v. Superior Court*, 83 Cal.App.3d 918, 925 (1978), citing *Twyford v. Twyford*, 63 Cal.App.3d 916, 926 (1976).)

In the matter at hand, there can be no doubt that official proceedings relative to plaintiff's continued employment with the City of Imperial took place. Plaintiff's counsel, Vincent Tien, in his declaration filed in opposition to this motion, concedes this point. He stated: "On or about November 15, 2006, I examined Dr. Grossman *at a termination hearing* before the City of Imperial . . ." (Declaration of Vincent Tien, para. 2 [emphasis added].)

In sum, Dr. Grossman's reports and statements are within the absolute official proceeding privilege of 47(b), thus requiring that all of plaintiff's claims be dismissed.

## IV.

## CIVIL CODE SECTION 47.5 IS NOT APPLICABLE HERE

Civil Code Section 47.5 provides as follows:

> Notwithstanding Section 47, a peace officer may bring an action for defamation against an individual who has filed a complaint with that officer's employing agency alleging misconduct, criminal conduct, or incompetence, if that complaint is false, the complaint was made with knowledge that it was false and that it was made with spite, hatred, or ill will. Knowledge that the complaint was false may be proved by showing that the complainant had no reasonable grounds to believe the statement was true and that the complainant exhibited a reckless disregard for ascertaining the truth.

On its face, this statutory provision applies to private citizens who file false complaints against a police officer with that officer's employer. These complaints typically are filed in retaliation for a police investigation, or following the arrest of the complaining party, or as a result of other ill motive. Whatever the motive of the complaining party or the rationale of the Legislature in enacting Section 47.5, that provision has no applicability here. As set forth in plaintiff's First Amended Complaint, Dr. Grossman was hired by the City of Imperial, plaintiff's employer, and by Miguel Colon, plaintiff's boss, to perform a psychological evaluation of plaintiff (First Amended Complaint ("FAC"), ¶ 6.) (Thus, the plaintiff's employer was already involved.) The psychological evaluation was requested by the City and Colon, as they "perceived plaintiff as having mental disabilities and/or mental conditions caused by performing his

work" (FAC, ¶ 20), after plaintiff had experienced a contentious and stressful divorce and had concededly developed a mental condition. (*See* FAC, ¶¶ 57, 67, 80, 103, 129.)

In other words, Dr. Grossman did not contact the police department to file a complaint against plaintiff (which is the conduct at issue in Civil Code Section 47.5). Rather, Dr. Grossman was contacted by the City of Imperial and Colon and was asked by them to perform a psychological evaluation of plaintiff, after questions regarding his mental stability and continuing fitness for the job arose. Civil Code Section 47.5 is simply not applicable to the purported conduct of Dr. Grossman. As such, it does nothing to diminish, destroy or eliminate the absolute privilege afforded to Dr. Grossman by Civil Code Section 47(b)(3).

Additionally, it should be noted that Civil Code Section 47.5 has been found to be violative of the right to free speech, unconstitutional on its face, and invalid in a 2001 case entitled *Walker v. Kiousis*, 93 Cal.App.4th 1432 (2001). While it is correct that in a subsequent case, *Loshonkohl v. Kinder*, 109 Cal.App.4th 510 (2003), the court found the statute not violative of the right to free speech, it should be noted that a federal courts, sitting in California, has, like the *Walker* Court, found the statute unconstitutional. (*See Gritchen v. Collier* 73 F.Supp.2d 1148, 1153 (C.D. Cal. 1999) (reversed on other grounds).)

V.

**THE APPLICATION OF THE 46(B) PRIVILEGE BARS ALL OF PLAINTIFF'S CLAIMS AND MAKES CONSIDERATIONS OF MALICE IRRELEVANT**

The question of the application of the 47(b) privilege is a matter of law. (*Gootee v. Lightner*, 224 Cal.App.3d 587, 591 (1990).) When applicable, as here, the privilege is absolute and creates and "immunity from suit." (*Ramalingham v. Thompson*, 151 Cal.App.4th 491, 499 (2007).)

Th application of the 47(b) privilege also makes any issues of malice irrelevant. As stated by the Court in *Williams v. Taylor, supra*, 129 Cal.App.3d 745, " . . . since the

<–>

privilege provided by section 47, subdivision [b], is absolute, it cannot be defeated by a showing of malice." (*Id.* at 754, citing *Royer v. Steinberg*, 90 Cal.App.3d 490, 499 (1979).)

## VI.

## CONCLUSION

All statements made by Dr. Grossman are privileged under the "official proceeding" privilege of Civil Code section 47(b). As such, Plaintiff can assert no cause of action against Dr. Grossman, thus necessitating that the instant motion to dismiss be granted.

Dated: May 23, 2008                               WHITE, OLIVER & AMUNDSON

                                                  By: s:/Susan L. Oliver
                                                      Susan L. Oliver
                                                      Attorneys for Ira Grossman