Daniel M. White (SBN 68011)
Susan L. Oliver (SBN 160902)
Mina Miserlis (SBN 194068)
**WHITE, OLIVER & AMUNDSON**
A Professional Corporation
550 West C Street, Suite 950
San Diego, California 92101
Telephone: (619) 239-0300
Facsimile: (619) 239-0344

Attorneys for Defendant IRA GROSSMAN

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ESPINOZA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF IMPERIAL, a public entity; MIGUEL COLON, an individual; IRA GROSSMAN, an individual; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 07 CV 2218 LAB (RBB)<br><br>*Complaint Filed: 11/20/07*<br><br>*Judge Larry A. Burns*<br>*Courtroom 9*<br><br>REPLY OF IRA GROSSMAN IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO CALIFORNIA ANTI-SLAPP STATUTE<br><br>Date: June 2, 2008<br>Time: 11:15 a.m.<br>Courtroom: 9 |

I.

**INTRODUCTION**

Plaintiff's lawsuit arises out of the following events. Plaintiff had been employed by the City of Imperial as a police officer for several years. When questions arose regarding his continuing fitness to serve as a police officer and his mental competence, the City of Imperial retained Dr. Grossman, a psychologist, to perform a psychological evaluation. Plaintiff was terminated following Dr. Grossman's evaluation, which found plaintiff unfit for duty. The essence of plaintiff's lawsuit against Dr. Grossman is that Dr. Grossman made statements in a psychological report to the City and its Police Chief, Colon, regarding plaintiff's lack of fitness to continue to serve as a police officer.

Specifically, Dr. Grossman is being sued for his role in making communications to a public entity related to official proceedings regarding plaintiff's continued employment.

## II.

## APPLICATION OF THE ANTI-SLAPP STATUTE

The anti-SLAPP statute requires this Court to take a two-step approach. First, this Court must determine whether plaintiff's complaint implicates Dr. Grossman's free speech and petition rights, within the meaning of, and as defined by, the express terms of Section 425.16(e). It is Dr. Grossman's burden of proof to show that plaintiff's "cause of action arises from the exercise of [his] free speech or petition activity," as such is defined by the anti-SLAPP provisions. (*Church of Scientology of California v. Wollersheim*, 42 Cal.App.4th 628, 646-647 (Cal.Ct.App. 1996) overruled on other grounds in *Equilon Enterprises v. Consumer Cause, Inc.*, 29 Cal.4th 53, 68 n. 5 (Cal. 2002); *see also,* Cal. Code Civ. Proc. § 4215.16(e) [defining the types of speech protected thereby].) Second, if the Court finds that the plaintiff's complaint implicates Dr. Grossman's rights under the anti-SLAPP statute, *plaintiff* is required to show that there is a probability that he will prevail on his claim. (*Shechter v. Financial Indemnity Company*, 89 Cal.App.4th 141, 151 (2001).)

## III.

## DR. GROSSMAN'S SPEECH IS WITHIN THE SCOPE OF THE ANTI-SLAPP STATUTE

In the instant case, plaintiff apparently is of the position that Dr. Grossman's free speech rights were not implicated, based on plaintiff's contention that Dr. Grossman's statements/report occurred prior to an official proceeding. This argument is erroneous.

Some of the categories of speech-afforded protection under the anti-SLAPP statute are those made "*before*" or "in connection with" a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law. (Cal. Civ. Proc. Code § 425.16(e)(1) and (2).) In fact, the California Supreme Court has observed that the term "official proceeding" "has been interpreted broadly to protect communications

to or from governmental officials *which may precede the initiation of formal proceedings.*" (*Slaughter v. Friedman*, 32 Cal.3d 149, 156 (1982) [emphasis added].) Additionally, in *Rohde v. Wolf*, 154 Cal.App.4th 28 (2007), the court stated: "Just as communications preparatory to or in anticipation of the bringing of an action or other proceeding are within the protection of the litigation privilege of Section 47, subd. (b), such statements are equally entitled to the benefits of Section 425.16." (*Id.* at 35.) Thus, "a communication to an official administrative agency designed to prompt action by that agency is as much a part of the 'official proceeding' as a communication made after the proceeding has commenced." (*Computerxpress, Inc. v. Jackson*, 93 Cal.App.4th 993, 1009 (2001); *see also, Imig v. Ferrar*, 70 Cal.App.3d 48, 55 (1977); *King v. Borges*, 28 Cal.App.3d 27, 34 (1972).)

In the matter at hand, there can be no doubt that official proceedings (i.e., a civil service hearing) following Dr. Grossman's evaluative report actually took place. Plaintiff's counsel, Vincent Thien, in his declaration filed in opposition to plaintiff's motion to dismiss, concedes this point. He states: "On or about November 15, 2006, I examined Dr. Grossman *at a termination hearing* before the City of Imperial. . . ." (Declaration of Vincent Thien, ¶ 2 [emphasis added].)

As all of the alleged communications attributed to Dr. Grossman fall within the definition of an official proceeding and as communications made "before" or "in connection with" official proceedings fall within the type of speech afforded protection under the anti-SLAPP statute (*see* Cal. Civ. Proc. Code § 425.16(e)(1) and (2)), Dr. Grossman has satisfied his burden under the anti-SLAPP statute. Plaintiff, however, cannot meet his burden under the second prong of the anti-SLAPP statute, as explained below.

## IV.

## PLAINTIFF CANNOT MEET HIS STATUTORY BURDEN OF PROOF

To satisfy the second prong of the anti-SLAPP statute, plaintiff must demonstrate his complaint is both (1) legally sufficient, and (2) supported by a *prima*

*facie* showing of facts sufficient to demonstrate a possibility of prevailing in the litigation. (*Shekhter*, *supra*, 89 Cal.App.4th at 151.) Plaintiff must establish that there are no constitutional or statutory defenses that apply to protect Dr. Grossman's statements. (*eCash Technologies, Inc. v. Guagliardo*, 210 F.Supp.2d 1138 (C.D. Cal. 2001).)

Here, it is certain that plaintiff cannot show a probability of prevailing at trial because Dr. Grossman has absolute immunity from plaintiff's claims, as his purported statements are absolutely privileged under California Civil Code Section 47(b).

In the interests of judicial economy and in conserving resources, Dr. Grossman's arguments regarding the application of the 47(b)(3) absolute privilege, as set forth in Dr. Grossman's moving papers and his Reply Memorandum of Points and Authorities, are incorporated herein by this reference.

## V.

## CONCLUSION

Based on the foregoing, defendant Ira Grossman respectfully requests that this Court grant his motion to strike plaintiff's complaint pursuant to California's anti-SLAPP statute and enter an order awarding Dr. Grossman his fees and costs. Support for such an award will be the subject of a subsequently filed declaration.

Dated: May 23, 2008                WHITE, OLIVER & AMUNDSON

                                   By: s:/Susan L. Oliver
                                       Susan L. Oliver
                                       Attorneys for Ira Grossman