1  VINCENT J. TIEN, SBN 232828
   LAW OFFICES OF VINCENT J. TIEN
2  17291 Irvine Boulevard, Suite 150
   Tustin, California 92780
3  Telephone: (714) 544-8436
   Facsimile: (714) 544-4337
4

5  Attorneys for Plaintiff, JOHN ESPINOZA

6

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  JOHN ESPINOZA, an individual, | CASE NO.: 07CV2218 LAB (RBB) |
| 12 | |
| 13  *Plaintiff,* | **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANTI-SLAPP MOTION OF DEFENDANTS** |
| 14  -vs- | **CITY OF IMPERIAL AND MIGUEL COLON; REQUEST FOR CONTINUANCE TO CONDUCT DISCOVERY** |
| 15  CITY OF IMPERIAL, a public entity; MIGUEL COLON, an individual; IRA | |
| 16  GROSSMAN, an individual; and DOES 1 THROUGH 50, inclusive, | |
| 17 | *Assigned to: Hon. Larry Alan Burns, Courtroom 9, 2ⁿᵈ Floor* |
| 18  *Defendants.* | [ORAL ARGUMENT REQUESTED] |
| 19 | |
| 20 | MOTION<br>DATE: July 14, 2008<br>TIME: 11:15 a.m. |
| 21 | COURTROOM: 9 |
| 22 | Action Filed: 11/20/07 |

23

24

25

26

27

28

1

## TABLE OF CONTENTS

I.
INTRODUCTION.............................................................................1

II. STATEMENT OF FACTS/PROCEDURAL BACKGROUND.................1

III. LEGAL ARGUMENT...................................................................4

A.     DEFENDANTS' ANTI-SLAPP SPECIAL MOTION TO STRIKE
       SHOULD HAVE BEEN BROUGHT AT THE SAME TIME AS
       THEIR PREVIOUS RULE 12 MOTIONS AND THUS THE NEW
       DEFENSES SHOULD NOT BE ALLOWED.  ALTERNATIVELY,
       THE ANTI-SLAPP MOTION IS PREMATURE..........................4

B.     STATE ANTI-SLAPP MOTIONS ARE NOT AVAILABLE ON
       CLAIMS BASED ON FEDERAL QUESTION JURISDICTION.
       ACCORDINGLY, DEFENDANTS' MOTION CANNOT REACH
       PLAINTIFF'S CIVIL RIGHTS AND DISCRIMINATION CLAIMS..5

C.     EVEN IF THE MERITS OF DEFENDANTS' MOTION CAN BE
       REACHED, THE ACTS COMPLAINED OF DO NOT IMPLICATE
       THE DEFENDANTS' CONSTITUTIONAL RIGHTS OF PETITION
       OR FREE SPEECH SUBJECTING PLAINTIFF'S CAUSES OF
       ACTION TO THE SPECIAL MOTION TO STRIKE PROCEDURE...5

D.     EVEN IF DEFENDANTS' CAN MEET THEIR INITIAL BURDEN,
       THE PROVISIONS FOR A STAY OF DISCOVERY HAVE BEEN
       FOUND TO BE IN CONFLICT WITH FEDERAL LAW,
       REQUIRING THAT THE ANTI-SLAPP MOTION BE TREATED AS
       A MOTION FOR SUMMARY JUDGMENT WITH THE RIGHT OF
       PLAINTIFF TO AN OPPORTUNITY TO CONDUCT DISCOVERY
       IN ORDER TO OPPOSE THE MOTION.  MOREOVER, A
       SUMMARY JUDGMENT AT THIS TIME IS IN CONTRAVENTION
       OF THIS COURT'S STANDING ORDER IN CIVIL CASES.
       THEREFORE, THE MOTION MUST BE DENIED OR CONTINUED
       TO ALLOW DISCOVERY........................................................8

IV. CONCLUSION/REQUEST FOR DISCOVERY..............................10

TABLE OF AUTHORITIES

i

1

## Cases

### *Federal*

*Albany Ins. Co. v. Almacenadora Somex, S.A.* (5th Cir. 1993),
    5 F.3d 907, 909-9 ........................................................................ 4

*Bulletin Displays, LLC v. Regency Outdoor Advertising, Inc.* (2006)
    448 F.Supp.2d 1172 ................................................................... 6,7

*Cross v. Simons* (1989)
    729 F.Supp. 588 ........................................................................... 4

*Metabolife Intern., Inc. v. Wornick* (9th Cir. 2001),
    264 F.3d 832 ................................................................................. 9

*Rogers v. Home Shopping Network, Inc.* (1999),
    57 F.Supp.2d 973 ...................................................................... 7,9

*United States ex rel. Newsham v. Lockheed Missile & Space Co., Inc.* (9th Cir 1990)
    190 F3d 963, ................................................................................ 5

### *State*

*Lazan v. County of Riverside* (2006)
    44 Cal.Rptr.3d 394, 140 Cal.App.4th 453 ............................... 2,6

## Statutes

Code of Civil Procedure §425.16 .............................................. *passim*
Code of Civil Procedure §425.16(f) ................................................. 8,9
Code of Civil Procedure §425.16(g) ................................................ 8,9

Government Code §21153 .............................................................. 2,6

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
NO.07CV2218

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANTI-SLAPP MOTION

**Other**

FRCP
FRCP 12(b)(6)                                                                              8
FRCP 12(g)                                                                                 4
FRCP 12(h)                                                                                 4
FRCP 56                                                                                    8,9

**Local Rules**

Standing Order in Civil Cases, Courtroom 9, 2nd Floor, Rule 4(h)                          9

iii

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
NO.07CV2218

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANTI-SLAPP MOTION

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANTI-SLAPP MOTION OF DEFENDANTS CITY OF IMPERIAL AND MIGUEL COLON; REQUEST FOR CONTINUANCE TO CONDUCT DISCOVERY**

## I. INTRODUCTION

Defendants' Anti Strategic Litigation Against Public Participation (SLAPP) Motion, a state court motion, cannot be granted because: (1) it raises new defenses that should have been brought with Defendants' Motion to Dismiss and Motion to Strike, each pending before this Court and, alternatively, the Anti-SLAPP Motion is premature while Defendants' previous motions are still pending; (2) it is not allowed in Federal Court on Federal Question Subject Matter Jurisdiction claims; (3) the Defendants' valid free speech and petition rights are not implicated by Plaintiff's allegations; and (4) Defendants' Motion is in conflict with Federal Rules, which give Plaintiff the right to discovery and which operate to convert the Anti-SLAPP Motion into a Motion for Summary Judgment, which cannot be heard until adequate opportunity to conduct discovery and completion of the early neutral evaluation (pursuant to this Court's Standing Order in Civil Cases).

## II. STATEMENT OF FACTS/PROCEDURAL BACKGROUND

The pertinent allegations as indicated in Plaintiff's Complaint (First Amended Complaint, filed March 14, 2008) are essentially as follows:

Plaintiff was employed as a Police Officer by the CITY OF IMPERIAL in or about 2002. Plaintiff alleges that he was terminated from employment because of disability or perceived disability and in retaliation for his protected martial status, protected union activity, and for requesting family leave. Plaintiff also alleges that he was discriminated against, that he was denied reasonable accommodation, that his privacy rights were violated, and that he was defamed. Plaintiff alleges that all the Defendants were the agents of the others.

1    Plaintiff alleges that his separation and later marital dissolution with his ex-wife was

2 contentious and mentally stressful, but that the unfortunate circumstances did not affect the

3 performance of his duties for Defendants. Defendants, without Plaintiff's consent, disclosed

4 private and confidential information about Plaintiff to third parties, including, but not limited to,

5 the entire police force of IMPERIAL. Plaintiff's allegations of harassment arise from the Police

6 Chief Defendant COLON'S conduct in interfering with Plaintiff's private and confidential

7 matters. Plaintiff alleges that COLON caused a police report to be falsified, in violation of state

8 and federal law, in order to accomplish a wrongful termination of Plaintiff.

9    Shortly after Plaintiff requested newborn family care leave, Plaintiff was wrongfully

10 required to undergo an unwarranted psychological examination, conducted by Defendants

11 COLON and CITY. Plaintiff was then terminated from CITY employment.

12    Essentially, the principal thrust of Plaintiff's claims are that Defendants first ordered

13 Plaintiff to undergo the psychological exam, without cause, deliberately found Plaintiff to be

14 unfit for duty when, in fact, Plaintiff was fit for duty in order to effect a termination of Plaintiff

15 and deprivation of his constitutional right to continued public employment. As support for

16 Plaintiff's theory, Plaintiff has alleged that Defendants, after supposedly finding Plaintiff to be

17 mentally disabled, failed to apply for Plaintiff's disability retirement, in clear violation of well

18 established California law, California Government Code §21153. Section 21153 states:

19 "Notwithstanding any other provision of law, an employer may not separate because of disability

20 a member otherwise eligible to retire for disability but shall apply for disability retirement of any

21 member believed to be disabled, unless the member waives the right to retire for disability and

22 elects to withdraw contributions or to permit contributions to remain in the fund with rights to

23 service retirement as provided in Section 20731." The California legislature has precluded an

24 employer from terminating an employee because of medical disability if the employee would be

25 otherwise eligible for disability retirement. *Lazan v. County of Riverside* (2006) 44 Cal.Rptr.3d

26 394, 140 Cal.App.4th 453. After termination, Defendants failed to reasonably accommodate

27 Plaintiff. Accordingly, the termination and failure to accommodate was improper and in

28 violation of mandatory duties imposed upon Defendants, precluding any qualified discretionary

1   immunity. If, as it is alleged, the termination, without accommodation, was due to Defendants'

2   perception of Plaintiff's disability, or actual disability, then it constitutes a violation of the state

3   and federal anti-discrimination laws. The failure to accommodate and retaliation and harassment

4   are also violations of the federal and state anti-discrimination laws. Plaintiff alleges that other

5   illegal and discriminatory reasons (marital status, Plaintiff's request for newborn care leave, and

6   Plaintiff's union participation) motivated the Defendants in depriving Plaintiff of his protected

7   rights.

8        Plaintiff filed this action, arising from federal question subject matter jurisdiction, on

9   November 20, 2007, after receiving "right to sue" notices from the California Department of Fair

10  Housing and Employment and from the United States Equal Employment Opportunity

11  Commission. Plaintiff then filed a governmental tort claim against the CITY and COLON and

12  received the denial of those claims from the CITY. Plaintiff then amended the complaint, after

13  compliance with the Tort Claims Act, on March 14, 2008, to add the government tort causes of

14  action and served the First Amended Complaint on Defendants. Defendants have not answered

15  the First Amended Complaint. Instead, CITY and COLON filed a Motion to Dismiss Plaintiff's

16  First Amended Complaint and a Motion to Strike Portions of the First Amended Complaint on

17  April 8, 2008, which are still pending and under submission to this Court as of the date of this

18  Opposition. Defendants CITY and COLON filed the Anti-SLAPP Motion on June 16, 2008,

19  during the pendency of their previous motion to dismiss. Thus, Plaintiff has amended the

20  complaint once, as a matter of right, in the absence of any challenge to the pleading, and has now

21  opposed two rounds of challenges to the First Amended Complaint by CITY and COLON.

22       At this stage of the action, due to the various challenges to Plaintiff's complaint, which

23  are still pending before the Court, no Defendant has answered Plaintiff's Complaint, the case is

24  not "at issue", no party has provided initial disclosures, there has been no early conference of

25  counsel, and no early neutral settlement evaluation pursuant to local rules and FRCP, and no

26  party has engaged in formal discovery.

27

28

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
NO. 07CV2218

3

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANTI-SLAPP MOTION

1 | III. LEGAL ARGUMENT

2

3 | A.    DEFENDANTS' ANTI-SLAPP SPECIAL MOTION TO STRIKE SHOULD HAVE

4 | BEEN BROUGHT AT THE SAME TIME AS THEIR PREVIOUS RULE 12

5 | MOTIONS AND THUS THE NEW DEFENSES SHOULD NOT BE ALLOWED.

6 | ALTERNATIVELY, THE ANTI-SLAPP MOTION IS PREMATURE.

7

8 | Under FRCP 12(g) and (h), parties do not have to make Rule 12 motions. But if they do,

9 | they must include every other Rule 12 defense or objection then available to them. Omitted

10 | defenses or objections are waived, except for specified nonwaivable defenses of lack of subject

11 | matter jurisdiction, failure to join and indispensable party, and failure to state a claim. *See*

12 | *Albany Ins. Co. v. Almacenadora Somex, S.A.* (5th Cir. 1993), 5 F.3d 907, 909-910. The purpose

13 | of this rule is to eliminate unnecessary delay at the pleading stage by minimizing the number of

14 | permitted pretrial motions. A party cannot, without leave of court, avoid the consolidation of

15 | pre-answer defenses by filing an amended motion adding previously omitted grounds. *See Cross*

16 | *v. Simons* (1989) 729 F.Supp. 588, 590. Accordingly, unless Defendants' new grounds are

17 | "nonwaivable", which they are not, their anti-SLAPP defenses, which could have been brought

18 | at the time of their earlier Rule 12 Motion to Dismiss, which is still pending before this Court,

19 | should be deemed waived.

20 | Alternatively, Plaintiff asserts that, since there are potentially dispositive motions

21 | currently pending in before this Court, Defendants' Anti-SLAPP Motion, filed during said

22 | pendency, should be continued until the outcome of their previous Rule 12 Motion and

23 | Plaintiff's Request for Leave to Amend is announced. Plaintiff asserts additional grounds for

24 | continuance below (for opportunity and time to conduct discovery).

25

26

27

28 | ///

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
NO. 07CV2218

4

**B.    STATE ANTI-SLAPP MOTIONS ARE NOT AVAILABLE ON CLAIMS BASED ON FEDERAL QUESTION JURISDICTION.  ACCORDINGLY, DEFENDANTS' MOTION CANNOT REACH PLAINTIFF'S CIVIL RIGHTS AND DISCRIMINATION CLAIMS.**

State anti-SLAPP rules do not apply in federal cases based entirely on federal claims, for example, federal civil rights claims.  See *United States ex rel. Newsham v. Lockheed Missile & Space Co., Inc.* (9th Cir. 1990), 190 F3d 963, 973 (anti-SLAPP motion not applicable where federal interests would be "undermined").

It is undisputed that this case has been brought under federal question jurisdiction based on federal claims, including federal civil rights violations.  [Plaintiff's Complaint and First Amended Complaint].  Accordingly, Defendants' Anti-SLAPP motion cannot reach Plaintiff's claims arising from federal law.

**C.    EVEN IF THE MERITS OF DEFENDANTS' MOTION CAN BE REACHED, THE ACTS COMPLAINED OF DO NOT IMPLICATE THE DEFENDANTS' CONSTITUTIONAL RIGHTS OF PETITION OR FREE SPEECH SUBJECTING PLAINTIFF'S CAUSES OF ACTION TO THE SPECIAL MOTION TO STRIKE PROCEDURE.**

Defendants fail to satisfy the first part of a special motion to strike, Anti-SLAPP, pursuant to California Code of Civil Procedure §425.16.  CITY and COLON must first make a prima facie showing that the suit arises from their activity in furtherance of their First Amendment rights of petition or free speech before the burden shifts to Plaintiff to produce evidence.

The principal thrust, or "gravamen" of Plaintiff's claims are that Defendants first ordered Plaintiff to undergo the psychological exam, without cause, deliberately found Plaintiff to be unfit for duty when, in fact, Plaintiff was fit for duty in order to effect a termination of Plaintiff

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
NO. 07CV2218

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANTI-SLAPP MOTION

1   and deprivation of his constitutional right to continued public employment.  As support for

2   Plaintiff's theory, Plaintiff has alleged that Defendants, after supposedly finding Plaintiff to be

3   mentally disabled, failed to apply for Plaintiff's disability retirement, in clear violation of well

4   established California law, California Government Code §21153.  Section 21153 states:

5   "Notwithstanding any other provision of law, an employer may not separate because of disability

6   a member otherwise eligible to retire for disability but shall apply for disability retirement of any

7   member believed to be disabled, unless the member waives the right to retire for disability and

8   elects to withdraw contributions or to permit contributions to remain in the fund with rights to

9   service retirement as provided in Section 20731."  The California legislature has precluded an

10  employer from terminating an employee because of medical disability if the employee would be

11  otherwise eligible for disability retirement.  *Lazan v. County of Riverside* (2006) 44 Cal.Rptr.3d

12  394, 140 Cal.App.4th 453.  After termination, Defendants failed to reasonably accommodate

13  Plaintiff.  Accordingly, the termination and failure to accommodate was improper and in

14  violation of mandatory duties on behalf of Defendants, precluding any qualified discretionary

15  immunity.  If, as it is alleged, the termination was due to Defendants' perception of Plaintiff's

16  disability, or actual disability, without justification, then it constitutes a violation of the state and

17  federal anti-discrimination laws.  The failure to accommodate and retaliation and harassment are

18  also violations of the federal and state anti-discrimination laws.  Plaintiff alleges that other illegal

19  and discriminatory reasons (marital status, Plaintiff's request for newborn care leave, and

20  Plaintiff's union participation) motivated the Defendants in depriving Plaintiff of his protected

21  rights.

22
23
24
25
26
27
> A challenged "act" qualifies for protection under the [Anti-SLAPP] statute if it falls into one of four categories: "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition, or the constitutional right of free speech in connection with a public issue or an issue of public interest."

28

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
NO. 07CV2218

6

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANTI-SLAPP MOTION

*Bulletin Displays, LLC v. Regency Outdoor Advertising, Inc.* (2006) 448 F.Supp.2d 1172, 1179.

Defendants apparently assert that "Section 425.16 encompasses any cause of action against a person arising from any statement or writing made in, or in connection with an issue under consideration or review by, an official proceeding or body". [Defendants Memorandum of Points and Authorities in Support of Anti-Slapp Motion, 5:9-11]. Defendants fail to identify the supposed statement or writing that invokes the Anti-SLAPP statute. In fact, the occurrences complained are not simply isolated statements or writings.

Moreover, as the Court in *Bulletin Displays* points out, there is a critical distinction between valid and invalid exercises of free speech and petition:

> Campaign contributions are protected political speech. *Paul for Council v. Ricki Hanyecz,* 85 Cal.App.4th 1356, 1366-67, 102 Cal.Rptr.2d 864 (2001) ( *overruled on other grounds in Equilon Enterprises v. Consumer Cause, Inc.,* 29 Cal.4th 53, 124 Cal.Rptr.2d 507, 52 P.3d 685 (2002)). However, campaign contributions made "with a corrupt intent to influence ...the person to whom it is given, in his action, vote, or opinion, in any public or official capacity" are not protected because they are not a "valid" exercise of one's constitutional rights of free speech or petition. *Id.;* CAL. PENAL CODE § 7(6) (defining "bribe" as "anything of value or exchange, present or prospective, or any promise or undertaking to give any, asked, given, or accepted, with a corrupt intent to influence, unlawfully, the person to whom it is given, in his or her action, vote, or opinion, in any public or official capacity.") Thus, whether Regency's alleged payments to Mayor Richards are protected under the anti-SLAPP statute depends on whether or not they were made with a corrupt intent to influence Mayor Richards' actions or votes in his capacity as mayor.

*Bulletin Displays, LLC v. Regency Outdoor Advertising, Inc.* (2006) 448 F.Supp.2d 1172, 1184.

Similarly, in application to Plaintiff ESPINOZA'S allegations, the conduct complained of is proscribed by federal and state discrimination laws. The Defendants carried out their conduct with malice and corrupt intent. Accordingly, the conduct complained of was an invalid exercise of free speech rights or petition rights, if an exercise at all, which is not entitled to Anti-SLAPP protection.

///

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
NO.07CV2218

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANTI-SLAPP MOTION

**D.    EVEN IF DEFENDANTS' CAN MEET THEIR INITIAL BURDEN, THE PROVISIONS FOR A STAY OF DISCOVERY HAVE BEEN FOUND TO BE IN CONFLICT WITH FEDERAL LAW, REQUIRING THAT THE ANTI-SLAPP MOTION BE TREATED AS A MOTION FOR SUMMARY JUDGMENT WITH THE RIGHT OF PLAINTIFF TO AN OPPORTUNITY TO CONDUCT DISCOVERY IN ORDER TO OPPOSE THE MOTION. MOREOVER, A SUMMARY JUDGMENT AT THIS TIME IS IN CONTRAVENTION OF THIS COURT'S STANDING ORDER IN CIVIL CASES. THEREFORE, THE MOTION MUST BE DENIED OR CONTINUED TO ALLOW DISCOVERY.**

Although Anti-SLAPP Motions have limited applicability in Federal Court, it is clear that the discovery stay provisions of Section 425.16 do not apply to any of Plaintiff's claims in Federal Court because of a substantive conflict that must be resolved in applying the Federal Rule. An Anti-SLAPP motion that challenges Plaintiff's proof, as Defendants, CITY'S and COLON'S does, <u>must</u> be converted to a motion for summary judgment.

> In sum, § 425.16 applies in federal court. However, it cannot be used in a manner that conflicts with the Federal Rules. This results in the following outcome: If a defendant makes a special motion to strike based on alleged deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision of § 425.16(c) applies. If a defendant makes a special motion to strike based on the plaintiff's alleged failure of proof, the motion must be treated in the same manner as a motion under Rule 56 except that again the attorney's fees provision of § 425.16(c) applies

*Rogers v. Home Shopping Network, Inc.* (1999), 57 F.Supp.2d 973.

The Ninth Circuit Court of Appeal has held that the discovery stay of 425.16 cannot be applied in Federal Court because it collides with the substantive federal summary judgment rule, Rule 56. The non-moving party is entitled to discovery where he or she has not had adequate opportunity to conduct discovery.

> We have not previously considered whether subsections 425.16(f) and (g) "directly collide" with the Federal Rules or are contrary to *Erie* 's purposes. However, a district court in our circuit addressed exactly this issue in *Rogers,* holding that "[i]f this expedited procedure were used in federal court to test the plaintiff's evidence before the plaintiff has

8

1    completed discovery, it would collide with Federal Rule of Civil
     Procedure 56." 57 F.Supp.2d at 980.
2

3    Although Rule 56(f) facially gives judges the discretion to disallow
     discovery when the non-moving party cannot yet submit evidence
     supporting its opposition, the Supreme Court has restated the rule as
4    requiring, rather than merely permitting, discovery "where the nonmoving
     party has not had the opportunity to discover information that is essential
5    to its opposition." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5,
     106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Taking note of this, the district
6    court in *Rogers* held:

7    Section 425.16 limits discovery and makes further discovery an exception,
     rather than the rule. Rule 56 does not limit discovery. On the contrary, it
8    ensures that adequate discovery will occur before summary judgment is
     considered.
9

10   Because the discovery-limiting aspects of § 425.16(f) and (g) collide with
     the discovery-allowing aspects of Rule 56, these aspects of subsections (f)
     and (g) cannot apply in federal court. 57 F.Supp.2d at 982. We agree.
11

     *Metabolife Intern., Inc. v. Wornick* (9th Cir. 2001), 264 F.3d 832.
12

13       Defendants assert in that "Since plaintiff cannot demonstrate that there is a probability

14   that plaintiff will prevail on the claim, the Court may properly grant the motion to strike."

15   Hence, Defendants challenge Plaintiff's factual showing.  "To show a probability of prevailing, a

16   plaintiff must make a prima facie showing of facts, which would, if proved, support a judgment

17   in his or her favor.  Here Plaintiff cannot carry his prima facie case" [Defendants'

18   Memorandum, 7:6-10].  No party to this action has made any initial disclosures or conducted

19   formal discovery due to Defendants numerous challenges to the Complaint.  Under the

20   applicable standard, the Anti-SLAPP motion, if it is to be considered at all, must be converted to

21   a summary judgment motion, with allowance for discovery.

22       Furthermore, this Court's Standing Order in Civil Cases prohibits Motions for Summary

23   Judgment in ADA cases prior to the Early Neutral Evaluation Conference.  [Standing Order in

24   Civil Cases, Courtroom 9, 2nd Floor, Rule 4(h)].  This action is an ADA action and no such

25   conference has taken place in this action.  Therefore, Defendants motion, if considered, would be

26   in contravention of this Court's express policy in cases of this type and should be denied.

27

28   *///*

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
NO.07CV2218

9

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANTI-SLAPP MOTION

**IV. CONCLUSION/REQUEST FOR DISCOVERY.**

      Based on the foregoing, Plaintiff respectfully requests that this Court deny Defendants' Anti-SLAPP Motion. In the event that the Court is inclined to consider the motion, Plaintiff respectfully requests a continuance of the motion for sufficient time for the parties to participate in the early neutral evaluation and to conduct discovery to obtain the evidence necessary for opposition to the motion.

LAW OFFICES OF VINCENT J. TIEN

Dated: June 27, 2008              By: s/Vincent J. Tien
                             VINCENT J. TIEN, Attorneys for Plaintiff, JOHN ESPINOZA

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

     I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 17291 Irvine Boulevard, Suite 150, Tustin, California 92780.

     On June 30, 2008 I caused to be served the foregoing documents described as: **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ANTI-SLAPP MOTION OF DEFENDANTS CITY OF IMPERIAL AND MIGUEL COLON; REQUEST FOR CONTINUANCE TO CONDUCT DISCOVERY** on the parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

Jeffrey P. Thompson, Esq.
Jennifer K. Berneking, Esq.
DECLUES, BURKETT & THOMPSON, LLP
17011 Beach Blvd., Ste. 400
Huntington Beach, CA 92647-7455

__xx__ BY MAIL: I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Tustin, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on the same day in the ordinary course of business. I am aware that on the motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

__xx__ BY ELECTRONIC FILING. I caused all of the pages of the above-entitled document(s) to be electronically filed and served on designated recipients through the electronic case filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in this office.

____ BY EXPRESS SERVICE CARRIER: I deposited in a box or other facility regularly maintained by _____, an express service carrier, or delivered to a courier or driver authorized by said carrier to receive documents, each such envelope, in an envelope designated by the said express service carrier, with delivery fees paid for.

____ BY FACSIMILE: I caused the foregoing documents to be sent to the addressee(s) above via facsimile.

____ BY PERSONAL SERVICE: I caused such envelope to be delivered by hand to the addressee above.

____ (STATE) I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

__xx__ (FEDERAL) I declare that I am employed in the office of the member of the bar of this court, at whose direction this service was made.

     Executed this 30th day of June 2008 at Tustin, California.

s/Vincent J. Tien
VINCENT J. TIEN, Declarant.

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
NO.07CV2218

11