1  Susan L. Oliver (SBN 160902)
   Mina Miserlis (SBN 194068)
2  **WHITE, OLIVER & AMUNDSON**
   A Professional Corporation
3  550 West C Street, Suite 950
   San Diego, California 92101
4  Telephone: (619) 239-0300
   Facsimile: (619) 239-0344
5
   Attorneys for Defendant Ira Grossman
6

7

8
                    UNITED STATES DISTRICT COURT
9
                   SOUTHERN DISTRICT OF CALIFORNIA
10

11 | JOHN ESPINOZA, an individual      )  CASE NO. 07 CV 2218 LAB (RBB)
                                      )
12 |                                   )  MEMORANDUM OF POINTS AND
                  Plaintiff,          )  AUTHORITIES IN SUPPORT OF
13 |                                   )  DEFENDANT IRA GROSSMAN'S
       v.                             )  MOTION FOR ATTORNEY'S FEES AS
14 |                                   )  PREVAILING PARTY ON ANTI-SLAPP
                                      )  MOTION
15 | CITY OF IMPERIAL, a public entity; MIGUEL)  [C.C.P. § 425.16]
   COLON, an individual; IRA GROSSMAN, an)
16 | individual; and DOES 1-50, inclusive )  [ORAL ARGUMENT REQUESTED]
                                      )
17 |         Defendants.               )  Date:    August 18, 2008
                                      )  Time:    11:15 a.m.
18                                        Judge:   Hon. Larry A. Burns
                                          Ctrm:    9
19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

## I.

## INTRODUCTION

Plaintiff John Espinoza was terminated from his position as a police officer with the CITY OF IMPERIAL ("City") following a psychological evaluation which found him unfit for duty. He subsequently filed suit alleging causes of action for defamation, invasion of privacy and intentional infliction of emotional distress against Defendant IRA GROSSMAN ("Dr. Grossman"), the psychologist retained by City to perform the evaluation. On April 7, 2008, Dr. Grossman filed a motion to dismiss and a motion to strike under California's anti-SLAPP statute. In its Order dated June 6, 2008, the Court granted both motions, dismissing Dr. Grossman as a party to the action. The Court further ordered at that time that Dr. Grossman obtain a hearing date to file a motion to recover reasonable attorney's fees and costs as the prevailing party on an anti-SLAPP motion.

For the reasons set forth below, Dr. Grossman requests that the Court award attorney's fees in the amount of $33,660.00 against both Plaintiff and his counsel Vincent Tien, jointly and severally, in favor of Dr. Grossman as the prevailing party on an Anti-SLAPP motion.

## II.

## AUTHORITY FOR MOTION

California Code of Civil Procedure Section 425.16(c) provides that the prevailing defendant on an Anti-SLAPP motion to strike "shall be entitled to recover his or her attorney's fees and costs." Cal. Code Civ. Proc. § 425.16(c). "(A)ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." *Ketchum v. Moses*, 24 Cal.4th 1122, 1131 (2001). "The dual purpose of this mandatory attorney fee award is to discourage meritless lawsuits and to provide financial relief to the victim of a SLAPP lawsuit." *City of Los Angeles v. Animal Defense League*, 135 Cal.App.4th 606, 628, fn. 19 (2006). Further, "[t]he right of prevailing defendants to recover their reasonable attorney fees under [S]ection 425.16 adequately compensates them *for the expense of responding to a baseless lawsuit.*" *Robertson v. Rodriguez*, 36 Cal. App. 4th 347, 362 (Cal. Ct. App. 1995); emphasis added. "[A]n award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees under Code of Civil Procedure section 425.16." *Ketchum, supra*, 24 Cal.4th at 1141.

## III.

## THE ANTI-SLAPP STATUTE BROADLY APPLIES TO ALLOW RECOVERY OF ALL FEES INCURRED IN THIS MATTER.

In awarding fees and costs, a court must "construe the anti-SLAPP statute 'broadly' in order to effectuate its purposes and give effect to the Legislature's intent to provide a swift and effective remedy to SLAPP suit defendants." *Dowling v. Zimmerman*, 85 Cal.App.4th 1400, 1424-1425 (2001); see, also, *Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi* (2006) 141 Cal.App.4th 15, 21 (2006). A court "has broad discretion in determining the reasonable amount of attorney fees and costs to award to a prevailing defendant." *Metabolife International, Inc. v. Wornick, supra,* 213 F. Supp. 2d 1220, 1222.

In *Metabolife*, the Southern District of California held that the prevailing defendant on an Anti-SLAPP motion was entitled to recover all of its attorney's fees and costs in the litigation in the amount of $318,687.99 because "all causes of action against [the prevailing defendant] relate to free speech and all of the activity by [the prevailing defendant's] attorneys occurred in the context of, and were inextricably intertwined with, the anti-SLAPP motion." *Id.* at 1223. In that matter, the prevailing defendant had filed a motion to dismiss on the grounds of lack of jurisdiction, improper venue, and Anti-SLAPP. *Ibid.* The court allowed recovery for fees expended on the alternative legal grounds urged in addition to the Anti-SLAPP grounds, noting that "[r]easonableness depends in part on 'the success of the attorney's efforts.'" *Id.* at 1223, *quoting Church of Scientology of California*, 42 Cal. App. 4th at 659. In support of its award of all fees incurred, including those on alternative legal grounds, the court quoted from the U.S. Supreme Court in *Hensley v. Eckerhart* 461 U.S. 424 (1983):

> Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

*Hensley, supra,* at 435; cited in *Metabolife International, Inc. v. Wornick, supra,* 213 F. Supp. 2d at 1223.

Here, just as in *Metabolife*, Plaintiff's entire lawsuit against Dr. Grossman is subject to the Anti-SLAPP provisions, as all of Plaintiff's causes of action against Dr. Grossman implicate Dr. Grossman's free speech rights. Thus, all of the work performed in this matter was connected with the Anti-SLAPP

Motion. Although Dr. Grossman also filed a successful motion to dismiss, the fees incurred were for work related to and inextricably intertwined with the Anti-SLAPP motion. In fact, as this Court noted in its June 6, 2008 Order, the motion to dismiss and Anti-SLAPP motion relied in part on overlapping legal grounds related to the application of the litigation privilege under California Civil Code section 47. Despite the overlap in the arguments in Dr. Grossman's two motions, no duplicative or unnecessary time was spent preparing these arguments. (See Declaration of Susan L. Oliver, para. 5.)[1]

Because the Anti-SLAPP statute must be construed broadly to effectuate its purpose, all of Dr. Grossman's fees and costs are properly recoverable as they were incurred for work in the context of and inextricably intertwined with the Anti-SLAPP motion. Dr. Grossman therefore requests that the Court award all fees incurred in defending himself against Plaintiff's meritless lawsuit.

## IV.

## THE ATTORNEY'S FEES INCURRED IN THIS MATTER WERE REASONABLE AND NECESSARY.

The Court may make an award to Dr. Grossman for all fees reasonably incurred. *Robertson v. Rodriguez*, 36 Cal.App.4th 347, 362 (1995). "The California Supreme Court has upheld the lodestar method for determining the appropriate amount of attorney fees for a prevailing defendant on an anti-SLAPP motion." *Mann v. Quality Old Time Service, Inc.*, 139 Cal.App.4th 328, 342 (2006), citing *Ketchum, supra*, 24 Cal.4th at 1136. The "lodestar" method begins with a determination of "the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Group v. Drexler*, 22 Cal.4th 1084, 1095 (Cal. 2000). The Court may then determine whether the lodestar should be adjusted.

> The reasonableness of attorney fees is within the discretion of the trial court, to be determined from a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved. (*Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628, 659 [49 Cal.Rptr.2d 620].) The court

---

[1] Counsel for Dr. Grossman drafted a motion to dismiss in conjunction with the motion to strike pursuant to Anti-SLAPP, and drafted certain arguments pertaining to both motions equally, i.e., regarding the litigation privilege under California Civil Code section 47. However, no duplicative or unnecessary time was spent preparing these arguments, as they were simply copied from one motion to the other. To the extent that some time may have been spent separately reviewing and finalizing each separate motion after these arguments were included, 2.0 to 3.0 hours of fees at an hourly rate of $400 may be subtracted from the total fee award. (See Declaration of Susan L. Oliver, para. 5.)

may also consider whether the amount requested is based upon unnecessary or duplicative work. (*Ibid.*)

*Wilkerson v. Sullivan*, 99 Cal.App.4th 443, 448 (2002). Finally, the Court may consider the "significance of the overall relief obtained by defendants in relation to the hours reasonably expended on the litigation and whether the expenditure of counsel's time was reasonable in relation to the success achieved." *Mann v. Quality Old Time Service, Inc., supra,* 139 Cal.App.4th at 345.

A claim for attorney's fees may be supported by a declaration of the attorney as to hours worked and fees incurred. *Mardirossian & Associates, Inc. v. Ersoff,* 153 Cal.App.4th 257, 269 (2007).

> [T]here is no legal requirement that an attorney supply billing statements to support a claim for attorney fees. As this division has held, "An attorney's testimony as to the number of hours worked is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records." (*Steiny & Co. v. California Electric Supply Co.* (2000) 79 Cal.App.4th 285, 293, 93 Cal.Rptr.2d 920; see also *Martino v. Denevi* (1986) 182 Cal.App.3d 553, 559, 227 Cal.Rptr. 354 ( *Martino* ) [same].)

*Id.* at 269.[2] Defendants have filed concurrently herewith the Declaration of Susan L. Oliver, indicating the nature and value of services rendered, including billing rates, hours, and matters handled.

Under the "lodestar" analysis of attorney's fees, the Court is vested with the discretion to decide which of the hours were reasonably spent on the litigation, and to determine whether the services for which compensation is sought were necessary and useful. *Hammond v. Agran* (2002) 99 Cal.4th 115, 135-136; *Thayer v. Wells Fargo Bank, N.A.* (2001) 92 Cal.4th 819, 846. All of the attorney's fees claimed herein were reasonably spent, necessary, and useful. This case involved three causes of action for defamation, invasion of privacy and intentional infliction of emotional distress against Dr. Grossman. Defending against Plaintiff's claims required analysis and research regarding Plaintiff's claims and Dr. Grossman's defenses, including evaluation of the grounds for and preparation of Dr. Grossman's successful Anti-SLAPP motion to strike and motion to dismiss. (Declaration of Susan L. Oliver, paras. 2, 3, 4.) Counsel for Dr. Grossman has spent a total of approximately 73.0 hours reviewing and analyzing Plaintiff's claims, researching grounds for dispositive motions and preparing moving and reply

---

[2] Because the billing records for the instant matter contain attorney-client and attorney work product privileged information, they are not attached to the instant Motion. However, should the Court wish to review these billing records, Dr. Grossman can make them available for the Court's confidential in camera review.

papers for the motion to strike pursuant to Anti-SLAPP and motion to dismiss, following up with opposing counsel, the client, and the Court clerk related to same, and preparing the instant Motion. (Declaration of Susan L. Oliver, paras. 3, 4.) In granting Dr. Grossman's anti-SLAPP motion to strike and motion to dismiss, the Court found that there was no legal merit to any of Plaintiffs' claims. Thus, the time spent on this matter was more than reasonable given the significance of the result achieved. See *Mann v. Quality Old Time Service, Inc., supra*, 139 Cal.App.4th at 345. Despite the fact that Plaintiff had no legal basis for bringing the instant lawsuit, Dr. Grossman has been forced to incur fees and expenses in defending against Plaintiff's meritless claims. As such, all of the time spent by counsel for Dr. Grossman in this matter was reasonably spent, necessary, and useful.

For the foregoing reasons, the Court should award all of the attorney's fees requested herein in the amount of $33,660.00.

V.

### DR. GROSSMAN REQUESTS AN AWARD OF ATTORNEY'S FEES AGAINST BOTH PLAINTIFF AND HIS COUNSEL.

To the extent permissible, Dr. Grossman requests an award of attorney's fees against Plaintiff and his counsel, Vincent Tien, in this matter. Under section 425.16(c) a prevailing *plaintiff* on an Anti-SLAPP motion is entitled to reasonable attorney's fees against the other party *and the party's attorney* under C.C.P. section 128.5. Cal. Code Civ. Proc. § 425.16(c), § 128.5(a). After filing the Anti-SLAPP motion and motion to dismiss in this matter, counsel for Dr. Grossman sent a letter to Plaintiff's counsel indicating that Plaintiff's claims were subject to the Anti-SLAPP statute, and urging Plaintiff's counsel to dismiss the action against Dr. Grossman. (See Declaration of Susan L. Oliver, para. 6; see Ex. 1.) However, the action was not dismissed. In addition, on or about April 2, 2008, personal counsel for Dr. Grossman, Raul Cadena, sent a letter to Tien urging dismissal based in part on the Anti-SLAPP provisions. (See Declaration of Susan L. Oliver, para. 6; see Ex. 2.)

Given the purpose of the Anti-SLAPP statute to address lawsuits creating a chilling effect on free speech, the right to attorney's fees to a prevailing defendant to compensate for "the expense of responding to a baseless lawsuit" (*Robertson v. Rodriguez, supra*, 36 Cal. App. 4th at 362), and the fact that attorney's fees may be awarded against both a party and the party's counsel when a plaintiff prevails

on an Anti-SLAPP motion, fairness and equity suggest that fees should be awarded against both Plaintiff and his counsel in this matter. As such, Dr. Grossman requests an award of attorney's fees against both Plaintiff and his counsel, Vincent Tien.

## VI.
## CONCLUSION

Based on the foregoing, Defendant Ira Grossman respectfully requests that the Court grant this Motion and enter an order awarding Dr. Grossman his fees in the amount of $33,660.00, against both Plaintiff and his counsel, Vincent Tien, jointly and severally.

Dated: July 2, 2008                     WHITE, OLIVER & AMUNDSON


By: s:/Susan L. Oliver
    Susan L. Oliver
    Attorneys for Ira Grossman