Susan L. Oliver (SBN 160902)
Mina Miserlis (SBN 194068)
**WHITE, OLIVER & AMUNDSON**
A Professional Corporation
550 West C Street, Suite 950
San Diego, California 92101
Telephone: (619) 239-0300
Facsimile: (619) 239-0344

Attorneys for Defendant Ira Grossman

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ESPINOZA, an individual, | CASE NO. 07 CV 2218 LAB (RBB) |
| Plaintiff, | DECLARATION OF SUSAN L. OLIVER IN SUPPORT OF DEFENDANT IRA GROSSMAN'S MOTION FOR ATTORNEY'S FEES AS PREVAILING PARTY ON ANTI-SLAPP MOTION |
| v. | |
| CITY OF IMPERIAL, a public entity; MIGUEL COLON, an individual; IRA GROSSMAN, an individual; and DOES 1-50, inclusive, | Date: August 18, 2008<br>Time: 11:15 a.m.<br>Judge: Hon. Larry A. Burns<br>Ctrm: 9 |
| Defendants. | |

[ORAL ARGUMENT REQUESTED]

I, Susan L. Oliver, declare:

1. I am an attorney at law duly licensed to practice before all courts in the State of California, and am licensed to practice before the United States District Court, Southern District of California. I am a partner with the law firm of White, Oliver & Amundson, A.P.C., attorneys of record for Defendant Ira Grossman. I have personal knowledge of the contents of this declaration and if called upon I could and would competently testify thereto.

2. This case involved three causes of action for defamation, invasion of privacy and intentional infliction of emotional distress against Defendant IRA GROSSMAN ("Dr. Grossman"). Defending against Plaintiff's claims required analysis and research regarding Plaintiff's claims and Dr.

Grossman's defenses, including evaluation of the grounds for and preparation of Dr. Grossman's successful Anti-SLAPP motion to strike and motion to dismiss.

3.   I am familiar with the billing practices for White, Oliver & Amundson, and have reviewed the billing records for White, Oliver & Amundson on this matter. In addition to myself, counsel from our office who have performed work on this matter are partner Daniel M. White, and associates Mina Miserlis, Beth Manover Mercaldo, and Conor Hulburt. Mina Miserlis and I performed the vast majority of the work on this case to date. My hourly rate on this matter is $400.00. Partner Daniel M. White's hourly rate on this matter is $450.00. Associate Mina Miserlis' hourly rate on this matter is $400.00. Associate Beth Manover Mercaldo's hourly rate on this matter is $400.00. Associate Conor Hulburt's hourly rate on this matter is $400.00. These hourly rates are reasonable for the purpose of evaluating attorney's fees in this matter based on the type of services performed, and relative experience of counsel. I am a partner with White, Oliver & Amundson, with over 15 years of trial and litigation experience in all areas of the law, including personal injury, employment law, professional liability, and business litigation. Daniel M. White is a partner in the firm with over 30 years of trial and litigation experience in all areas of the law, including personal injury, professional liability, business litigation, intellectual property, and products liability. Mina Miserlis is in her eleventh year of practice as an attorney, primarily in civil litigation, including personal injury, employment law, professional liability, and business litigation. Beth Manover is in her sixth year of practice as a civil litigation attorney. Conor Hulburt is in his first year of practice as a civil litigation attorney.

4.   Based on my personal knowledge and review of the billing records in this matter, counsel from White, Oliver & Amundson have spent a total of approximately 73.0 hours on this matter, and White, Oliver & Amundson has billed a total of approximately $29,260.00 in fees in this matter. Of these hours, I spent approximately 39 hours working on this matter, and associate Mina Miserlis spent approximately 27 hours working on this matter. The total fees were incurred for services performed related to reviewing and analyzing Plaintiff's claims, researching grounds for dispositive motions and preparing moving and reply papers for the motion to strike pursuant to Anti-SLAPP and motion to dismiss, follow up with opposing counsel, the client, and the Court clerk related to same, and preparing the instant Motion. In addition, I anticipate that counsel from our office will spend approximately 8.0

hours reviewing Plaintiff's opposition to this Motion and preparing reply papers, and approximately 3.0 hours preparing for and attending the hearing on this Motion, for total additional fees of $4,400.00. (Should the Court rule on the instant Motion without a hearing, the anticipated 3.0 hours of hearing preparation and attendance may be deducted from this total.) As such, the instant Motion requests an award of fees in the total amount of $33,660.00.

     5.    Our office drafted a motion to dismiss in conjunction with the motion to strike pursuant to Anti-SLAPP, and drafted certain arguments pertaining to both motions equally, i.e., regarding the litigation privilege under California Civil Code section 47. However, no duplicative or unnecessary time was spent preparing these arguments, as they were simply copied from one motion to the other. To the extent that some time may have been spent separately reviewing and finalizing each separate motion after these arguments were included, 2.0 to 3.0 hours of fees at an hourly rate of $400 may be subtracted from the total fee award.

     6.    After filing the Anti-SLAPP motion and motion to dismiss in this matter, I sent a letter to Plaintiff's counsel Vincent Tien indicating that Plaintiff's claims were subject to the Anti-SLAPP statute, and urging Plaintiff's counsel to dismiss the action against Dr. Grossman. However, the action was not dismissed. Attached hereto as Exhibit 1 is a true and correct copy of the letter sent to Plaintiff's counsel. In addition, on or about April 2, 2008, personal counsel for Dr. Grossman, Raul Cadena, sent a letter to Tien urging dismissal based in part on the Anti-SLAPP provisions. Attached hereto as Exhibit 2 is a true and correct copy of the letter dated April 2, 2008. (The instant Motion has not included any fee requests for services performed by Mr. Cadena.)

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed this 2nd day of July, 2008, at San Diego, California.

s/:Susan L. Oliver
Susan L. Oliver

# EXHIBIT "1"

**White Oliver & Amundson**

550 West C Street, Suite 950
San Diego, California 92101
TEL 619.239.0300  FAX 619.239.0344

SUSAN L. OLIVER
Attorney at Law
soliver@whiteoliver.com

MELODIE A. McATEE
Administrator

April 11, 2008

Vincent J. Tien
17291 Irvine Blvd., Suite 150
Tustin, CA 92780

Re: **Espinoza v. City of Imperial, et al.**
Our File No. 2253.001

Dear Mr. Tien

As you are aware, on Monday, April 7, 2008, I filed and served, on behalf of Dr. Grossman, a motion to dismiss and a motion to strike under California's Anti-SLAPP statute, CCP § 425.16. We strongly believe that we will be successful in having these motions granted.

First, Dr. Grossman enjoys an absolute immunity under Civil Code § 47(b) for his actions in conducting the fitness evaluation and for the statements he made in same. Secondly, Dr. Grossman's actions and statements also fall within the parameters of CCP § 425.16(e)'s definition of "act in furtherance of a person's right of petition or free speech . . ." as the fitness report was prepared in connection with a "an issue under consideration by a legislative, executive or judicial body, or any other official proceeding authorized by law" (CCP § 425.16(e).)

Please note that the prevailing party on a Motion to Strike under the California Anti-SLAPP statute is entitled to recover its attorneys fees and costs. (Cal. Civ. Proc. Code § 425.16(c).) The award of attorneys fees and costs to a successful defendant under the Anti-SLAPP statute is mandatory. (*Pfeiffer Venice Properties v. Bernard*, 101 Cal. App. 4th 211 (Cal. Ct. App. 2002); see also, *Ketchum v. Moses*, 24 Cal. 4th 1122 (Cal. 2001) ["any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees"].) "The right of prevailing defendants to recover their reasonable attorney fees under [S]ection 425.16 adequately compensates them for the expense of responding to a baseless lawsuit." (*Robertson v. Rodriguez*, 36 Cal. App. 4th 347, 362 (Cal. Ct. App. 1995).)

**WO White Oliver
&A & Amundson**

Vincent J. Tien
April 11, 2008
Page 2

  Moreover, the total sum of such recovery properly reflects *all* aspects of the defensive litigation, including the fees incurred in connection with the Anti-SLAPP Motion, the efforts towards the recovery of the attorneys fees and costs under the Anti-SLAPP statute, and all fees generated in the offer of alternative legal arguments. (*See e.g., Metabolife International, Inc.* v. Wornick,, 213 F. Supp. 2d 1220, 1223-1224 (S.D. Cal. 2002) [prevailing SLAPP defendant entitled to recover fees and costs of $318,687.99 incurred for preparation of Anti-SLAPP motion and assertion of alternate legal defenses in response to meritless litigation].)

  Finally, as set forth in prior correspondence, you and/or your client may be subject to sanctions pursuant to Rule 11 of the FRCP for continuing this action, which is clearly not warranted by existing law and which is therefore frivolous.

  Before additional fees are incurred, I ask you to dismiss Dr. Grossman from your client's complaint. I look forward to hearing from you and to receiving a dismissal regarding Dr. Grossman.

         Very truly yours,

         WHITE, OLIVER & AMUNDSON

         Susan L. Oliver

SLO:nvq

# EXHIBIT "2"

RAUL CADENA*
KRISTEN L. CHURCHILL

GORDON S. CHURCHILL,
OF COUNSEL

*Also admitted in Texas

**CADENA CHURCHILL, LLP**
ATTORNEYS AT LAW
1202 KETTNER BLVD., SUITE 4100
SAN DIEGO, CA 92101

TEL: 619.546.0888
FAX: 619.923.3208
rcadena@cadenachurchill.com

April 2, 2008

**VIA FACSIMILE ONLY: 714.544.4337**
Vincent J. Tien, Esq.
**Law Offices of Vincent J. Tien**
17291 Irvine Blvd Ste 150
Tustin, CA, 92780

Re: **Espinoza v. City of Imperial, et al.**

Dear Mr. Tien:

We have been asked to represent the interests of Ira Grossman, PhD in the lawsuit filed by you on behalf of John Espinoza.

It clearly appears that Civil Code 47 precludes this lawsuit against Dr. Grossman. In addition, Mr. Espinoza signed two releases for release of information. Both of these releases are enclosed. Moreover, Dr. Grossman sent the evaluation to no one except the City of Imperial.

Furthermore, the anti-SLAPP statute applies, which will make you and your client liable for Dr. Grossman's attorney fees. Finally, pursuant to the requirements of FRCP 11, we are giving you an opportunity to dismiss Dr. Grossman from this lawsuit. If you do not do so, we will seek attorney fees as sanctions under Rule 11.

If and only if Dr. Grossman is dismissed by tomorrow, Thursday April 3, 2008, 5 PM, we will waive any claim for attorney fees incurred thus far in our research and evaluation of this matter.

/ / /

/ / /

Vincent J. Tien, Esq.
April 2, 2008
Page 2

Please respond by return FAX. If you do not agree to dismiss Dr. Grossman, we ask for a courtesy 10 day extension to respond to the lawsuit. If you grant the extension to respond, we will in turn grant a five day extension on the above deadline.

Should you have any questions, please feel free to contact our office.

Very truly yours,
CADENA CHURCHILL, LLP

Raul Cadena, Esq.
RC:dm
Encl.