1

**DECLUES, BURKETT & THOMPSON, LLP**  EXEMPT FROM FEES PER: <u>GOVERNMENT CODE</u> SECTION 6103
**Attorneys at Law**

2
JEFFREY P. THOMPSON, Esq. (State Bar No. 136713)
JENNIFER K. BERNEKING, Esq. (State Bar No. 167172)

3
17011 Beach Blvd., Ste. 400
Huntington Beach, CA 92647-7455

4
Phone: (714) 843-9444
Fax: (714) 843-9452

5
e-mail address: jthompson@dbtlaw.com

6
Attorneys for Defendants, **CITY OF IMPERIAL** (a public entity) and
**MIGUEL COLON** (employee of a public entity)

7

8
### UNITED STATES DISTRICT COURT

9
### SOUTHERN DISTRICT OF CALIFORNIA

10

11
JOHN ESPINOZA, an individual,

12
    *Plaintiff,*

13
    vs.

14
CITY OF IMPERIAL, a public entity;

15
MIGUEL COLON, an individual; IRA
GROSSMAN, an individual; and DOES
1 THROUGH 50, inclusive,

16

17
    *Defendants.*

18

19

| | |
|---|---|
| ) | CASE NO.: 07CV2218 LAB (RBB) |
| ) | *Complaint Filed: 11/20/07* |
| ) | *Judge Larry A. Burns* |
| ) | *Courtroom 9* |
| ) | **REPLY TO OPPOSITION TO ANTI-SLAPP MOTION OF CITY OF IMPERIAL AND MIGUEL COLON** |
| ) | **ORAL ARGUMENT REQUESTED** |
| ) | **Date:    July 14, 2008** |
| ) | **Time:    11:15 a.m.** |
| ) | **Courtroom:  9** |

20
1.   <u>**THE ANTI-SLAPP MOTION WAS TIMELY BROUGHT.**</u>

21
    Plaintiff has incorrectly asserted that CITY and COLON did not timely bring the

22
Anti-SLAPP Motion.  Federal Rule of Civil Procedure 12 does not apply to that motion.

23
Yet, application of Rule 12(g) and (h) are expressly limited to motions allowed by Rule

24
12.

25
2.   <u>**THE ANTI-SLAPP MOTION DOES NOT DIRECTLY COLLIDE WITH**</u>

26
    <u>**THE FEDERAL RULES OF CIVIL PROCEDURE.**</u>

27
    CITY and COLON submit that the Anti-SLAPP Motion does not collide with the

28
Federal Rules of Civil Procedure.  Plaintiff's reliance on *United States ex rel. Newsham v.*

1

1  *Lockheed Missile & Space Co., Inc.* 190 F.3d 963, 970-973 (9th Cir. 1999) is misplaced.
2  *Newsham* found that the District Court had erred in ruling that the Anti-SLAPP motion
3  could not be applied to the counterclaim then before it.  *Id.*

4  **3.    THE COURT MAY PROPERLY REACH THE MERITS OF THE ANTI-**
5  **SLAPP MOTION.**

6       In the Anti-SLAPP Motion, CITY and COLON have demonstrated that this suit
7  falls within the provisions of Code of Civil Procedure §425.16.  Plaintiff has made no
8  effort to address *The Governor Gray Davis Committee v. American Taxpayers Alliance,*
9  102 Cal.App.4th 449, 125 Cal.Rptr.2d 534 (2002), *Briggs v. Eden Council for Hope and*
10  *Opportunity*, 19 Cal.4th 1106, 81 Cal.Rptr.2d 471 (1999), *Kibler v. Northern Inyo County*
11  *Local Hospital District*, 39 Cal.4th 192, 199, 46 Cal.Rptr.3d 41 (2006), *City of Cotati v.*
12  *Cashman*, 29 Cal.4th 69, 78, 124 Cal.Rptr.2d 519 (2002), *Fox Searchlight Pictures, Inc. v.*
13  *Paladino*, 89 Cal.App.4th 294, 308, 106 Cal.Rptr.2d at 906 (2001), or *Avrill v. Superior*
14  *Court (Eli Home)*, 42 Cal.App.4th 1173, 50 Cal.Rptr.2d 62 (1996).  Yet, each of these
15  cases was cited in the Anti-SLAPP Motion.  Pursuant to each of these cases, it is apparent
16  that CITY and COLON have carried their burden on the Anti-SLAPP Motion.

17  **4.    THE COURT NEED NOT CONTINUE THIS MOTION TO PERMIT**
18  **PLAINTIFF TO ENGAGE IN DISCOVERY.**

19       In opposition to the Anti-SLAPP Motion, plaintiff has asserted an entitlement to a
20  continuance to permit discovery.  Plaintiff has relied upon *Metabolife International, Inc. v.*
21  *Warnick*, 264 F.3d 832, 845-847 (9th Cir. 2001) and *Rogers v. Home Shopping Network,*
22  *Inc.*, 57 F.Supp.2d 973 (C.D. Cal. 1999).  However, review of *Rogers* reveals that the
23  Court recognized two types of Anti-SLAPP motions.  One type is an attack on the
24  adequacy of the pleading, and the second type is an attack on plaintiff's inability to carry
25  the burden of proof.  57 F.Supp.2d at 981.  The Court compared the second type of Anti-
26  SLAPP motion with a motion for summary judgment.  However, the Court noted that the
27  continuance was to permit "necessary discovery."  *Id.*  The Court also explained that the
28  tendency toward leniency in discovery is strengthened when the summary judgment

motion raises latent fact issues such as motive, intent, knowledge or credibility and the moving party has exclusive control over those facts. *Id.*

Here, plaintiff has simply argued that this Court may properly grant the requested continuance. Plaintiff has not argued that there is necessary evidence which is not in plaintiff's possession. In fact, given the allegations of the First Amended Complaint it appears plaintiff has all of the information plaintiff should need. Plaintiff allegedly was informed of the reason for the alleged termination. (FAC 8:26-28) As demonstrated by the Declaration of Vincent J. Tien in Opposition to Defendant Ira Grossman's Anti-SLAPP Motion to Strike Plaintiff's Complaint, and the exhibit attached thereto, plaintiff has at least begun administrative hearing regarding plaintiff's employment with CITY. Plaintiff has offered no reason plaintiff cannot present the evidence necessary to oppose the Anti-SLAPP Motion.

Plaintiff's reliance upon Government Code §21153 and *Lazan v. County of Riverside*, 140 Cal.App.4th 453, 44 Cal.Rptr.3d 394 (2006) do not assist plaintiff. Here, plaintiff's argument suffers the same defect as the County in *Lazan*. Plaintiff's arguments are contradictory. Plaintiff has asserted that plaintiff could perform the essential functions of the employment with CITY with or without reasonable accommodations. Yet, plaintiff has also asserted that CITY should have sought a disability retirement for plaintiff pursuant to §21153. *Lazan* Court would not permit plaintiff to be placed in such a "Catch 22." 140 Cal.App.4th at 462-463, 44 Cal.Rptr.3d 394. Here, this Court may properly prevent plaintiff from placing CITY and COLON in such a "Catch-22." Furthermore, examination of *Lazan* reveals that it is an action for a writ of mandate. Plaintiff has not sought a writ of mandate in this Court.

Similarly, plaintiff's reliance upon this Court's Standing Order in Civil Cases, Rule 4 (h) does not assist plaintiff. The Anti-SLAPP Motion does not fall within the provisions of that Rule.

However, in the event the Court finds plaintiff requires additional time for discovery, CITY and COLON request this Court continue the Anti-SLAPP Motion, rather

3

1 │ than denying it.

2 │     Moreover, examination of the Anti-SLAPP Motion reveals that at least the last two

3 │ points are attacks upon the pleading, as opposed to attacks which require the presentation

4 │ of evidence.  The last two points in the Anti-SLAPP Motion are that Civil Code §47 and

5 │ Government Code §821.6 provide defenses.  Plaintiff has not addressed these issues.  The

6 │ Court may properly grant the Anti-SLAPP Motion.

7 │ **5.**    **CONCLUSION.**

8 │     For the reasons set forth in the Anti-SLAPP Motion, and above, this Court may

9 │ properly grant the Anti-SLAPP Motion brought by CITY OF IMPERIAL and MIGUEL

10 │ COLON.

11 │

12 │ Dated:  July 7, 2008          **DECLUES, BURKETT & THOMPSON, LLP**

13 │

14 │           BY:s/J. Thompson

15 │              JEFFREY P. THOMPSON, Esq.
   │              JENNIFER K. BERNEKING, Esq.

16 │              Attorneys for Defendants, **CITY OF IMPERIAL,**
   │              (a public entity) and **MIGUEL COLON**

17 │              (employee of a public entity)

18 │

19 │

20 │

21 │

22 │

23 │

24 │

25 │

26 │

27 │

28 │

**PROOF OF SERVICE**
**(C.C.P. section 1013a(3))**

STATE OF CALIFORNIA   )
                         ) SS.
COUNTY OF ORANGE     )

    I am over the age of 18 and I am not a party to the within action. I am employed by **DECLUES, BURKETT & THOMPSON, LLP**, in the County of Orange, at 17011 Beach Blvd., Ste. 400, Huntington Beach, California, 92647-5995.

    On **July 7, 2008**, I served the attached: **REPLY TO OPPOSITION TO ANTI-SLAPP MOTION OF CITY OF IMPERIAL AND MIGUEL COLON**

On the interested parties in this action by:

XXX Placing true copies thereof in sealed envelopes, addressed as described below.

| | |
|---|---|
| Vincent J. Tien | White, Oliver & Amundson |
| Law Offices of Vincent J. Tien | 550 West C Street, Suite 950 |
| 17291 Irvine Blvd., Suite 150 | San Diego, CA 92101 |
| Tustin, CA 92780 | (619) 239-0300 |

XXX BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Huntington Beach, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

    BY PERSONAL SERVICE: I caused such an envelope to be delivered by hand to the offices of the addressees.

    BY FEDERAL EXPRESS (Receipt/Airbill No.: _____ )

    BY FACSIMILE TRANSMISSION: From FAX NO. (714) 843-9452 to FAX No.: _____ at or about <u>Time</u>, directed to <u>Name</u>. The facsimile machine I used complied with Rule 2003(3), and no error was reported by the machine. Pursuant to Rule 2005(I), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

XXX FEDERAL: I declare I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

    I declare, under penalty of perjury under the laws of the State of California, that the above is true and correct.

    Executed on **July 7, 2008**, at Huntington Beach, California.

_____
Carolyn Rodriguez

5