1  VINCENT J. TIEN, SBN 232828
   LAW OFFICES OF VINCENT J. TIEN
2  17291 Irvine Boulevard, Suite 150
   Tustin, California 92780
3  Telephone: (714) 544-8436
   Facsimile: (714) 544-4337
4

5  Attorneys for Plaintiff, JOHN ESPINOZA

6

7

8                 UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11 | JOHN ESPINOZA, an individual,        CASE NO.: 07CV2218 LAB (RBB)

12 |
          Plaintiff,               **MEMORANDUM OF POINTS AND
13 |                                AUTHORITIES IN OPPOSITION TO IRA
                                    GROSSMAN'S MOTION FOR
14 |      -vs-                      ATTORNEYS FEES AS PREVAILING
                                    PARTY ON ANTI-SLAPP MOTION**
15 | CITY OF IMPERIAL, a public entity;
   | MIGUEL COLON, an individual; IRA
16 | GROSSMAN, an individual; and DOES 1   *Assigned to: Hon. Larry Alan Burns, Courtroom
   | THROUGH 50, inclusive,               9, 2nd Floor*
17 |
          Defendants.               **[ORAL ARGUMENT REQUESTED]**
18 |

19 |                                MOTION
                                    DATE: August 18, 2008
20 |                                TIME: 11:15 a.m.
                                    COURTROOM: 9
21 |
                                    Action Filed: 11/20/07
22 |

23

24

25

26

27

28

LAW OFFICES OF                            1
VINCENT J. TIEN
TUSTIN, CALIFORNIA
NO. 07CV2218
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ATTORNEYS FEES MOTION

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO IRA GROSSMAN'S MOTION FOR ATTORNEYS FEES AS PREVAILING PARTY ON ANTI-SLAPP MOTION**

## I. INTRODUCTION

Under the "lodestar" standard, an Anti-SLAPP motion prevailing party's fee award <u>must</u> be reasonable. Court evaluation and, if applicable, adjustment is required. Credible evidence in support of the request is required (which could include detailed time records in a case such as this one). GROSSMAN'S fee request of over $33,000, for a motion prepared and filed in three days, without extensive factual documentation, by attorneys who claim to have over sixty-three (63) years of combined experience, who did not even appear for oral argument, is clearly excessive, improper, and unreasonable. A substantial downward adjustment, if not complete denial of the requested fees is necessary because GROSSMAN'S attorneys have grossly overstated the amount of time spent (73 plus hours) and their hourly rates ($400.00 or more per hour), and have failed to comply with this Court's order that the time spent on GROSSMAN'S Motion to Dismiss be deducted from their request for attorneys' fees recovery. There is no authority for an award of attorneys' fees against Plaintiff's attorney.

## II. STATEMENT OF FACTS

Plaintiff filed this action, arising from federal question subject matter jurisdiction, on November 20, 2007, after receiving "right to sue" notices from the California Department of Fair Housing and Employment and from the United States Equal Employment Opportunity Commission. The original complaint was not served upon any Defendant, as Plaintiff was still in the process of complying with governmental tort claims requirements by filing a governmental tort claim against the CITY and COLON and receiving the denial of those claims from the CITY (after approximately three months). Accordingly, Plaintiff subsequently amended the complaint,

2

1    filing the First Amended Complaint on March 14, 2008, to add the government tort causes of

2    action, and then served the First Amended Complaint on Defendants, including IRA

3    GROSSMAN. *See* Declaration of Vincent J. Tien, filed concurrently herewith.

4         Plaintiff's counsel was first notified of GROSSMAN'S representation by counsel by

5    Attorney Raul Cadena on Wednesday, April 2, 2008. Attorney Cadena demanded dismissal of

6    the lawsuit against his then-client, GROSSMAN, with a deadline of Thursday, April 3, 2008.

7    Plaintiff's counsel responded in writing to Attorney Cadena on April 3, 2008, but did not dismiss

8    the action. Thereafter, on or about Friday, April 4, 2008, Plaintiff's counsel was contacted by

9    telephone by a different law firm, White Oliver & Amundson, who claimed to be the new and

10   substituted counsel for GROSSMAN. Attorney Oliver indicated in this communication that her

11   firm had just been retained by GROSSMAN and that GROSSMAN would respond to Plaintiff's

12   First Amended Complaint within the applicable time allowed (i.e. on or before Monday, April 7,

13   2008), without the need for an extension of time. On Monday, April 7, 2008, GROSSMAN filed

14   his Anti-SLAPP Motion and Motion to Dismiss. The moving papers consisted of the following:

15   Notice of Anti-SLAPP Motion, two (2) pages; Memorandum of Points and Authorities, fifteen

16   (15) pages (not including Tables); Request for Judicial Notice of Plaintiff's First Amended

17   Complaint, one (1) page; and Declaration of Attorney Oliver, two (2) pages. On May 27, 2008,

18   this Court ordered hearing on GROSSMAN'S motions off-calendar, the motions to be submitted

19   on the papers, foreclosing any appearance of counsel at the hearing. *See* Declaration of Vincent

20   J. Tien, filed concurrently herewith.

21        On June 6, 2008, this Court issued its conclusions and orders in regards to IRA

22   GROSSMAN'S two separate motions (Order filed June 10, 2008). GROSSMAN'S Anti-SLAPP

23   Motion was granted as well as attorneys' fees under California Code of Civil Procedure

24   §425.16(c), as the prevailing party on the Anti-SLAPP Motion. This Court expressly held that

25   the "lodestar" method applies to the determination of a proper attorneys' fees award for an Anti-

26   SLAPP prevailing party, citing to *Mann v. Quality Old Time Service, Inc.*, 139 Cal.App.4th 328,

27   342, and *Ketchum v. Moses*, 24 Cal.4th 1122. [Order Granting Defendant Grossman's: (1) Anti-

28   SLAPP Motion to Strike; and (2) Motion to Dismiss, page 9].

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
NO.07CV2218

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ATTORNEYS FEES MOTION

1    In addition to the foregoing, this Court stated in its order that: "However, [GROSSMAN]

2    has also filed a separate Motion To Dismiss, containing some arguments overlapping with those

3    in his Anti-SLAPP Motion (in particular, but not limited to, those going to privilege), which the

4    court finds could create a redundant recovery were he permitted to separately recover for all the

5    time and costs associated with each motion…" [Order Granting Defendant Grossman's: (1)

6    Anti-SLAPP Motion to Strike; and (2) Motion to Dismiss, page 9].

7

8    ### III. LEGAL ARGUMENT

9

10   **A.     THE LODESTAR STANDARD.**

11

12   "The California Supreme Court has upheld the lodestar method for determining the

13   appropriate amount of attorney fees for a prevailing defendant on an anti-SLAPP motion.  Under

14   this method, a court assesses attorney fees by first determining the time spent and the reasonable

15   hourly compensation of each attorney.  The court next determines whether that lodestar figure

16   should be adjusted based on various relevant factors, including a plaintiff's limited success in the

17   litigation." *Mann v. Quality Old Time Service, Inc.,* 139 Cal.App.4th 328, 343 (internal citations

18   omitted).

19   In application to this case, for the reasons set forth in more detail below, the claimed fees

20   by GROSSMAN must be adjusted substantially lower if not denied entirely. Where appropriate,

21   the court has discretion to adjust the lodestar downward or deny fees altogether: "[P]adding in

22   the form of inefficient or duplicative efforts is not subject to compensation." *Ketchum v. Moses,*

23   supra, 24 C4th at 1132, 104 CR2d at 384.

24

25   **B.     THE ATTORNEYS FEES AWARD MUST BE REASONABLE.**

26

27   The prevailing Anti-SLAPP party's fees award must be reasonable.  The claimed amount

28   cannot simply be accepted by the court without the exercise of proper discretion.  As explained

1    by the California Court of Appeal in *Robertson v. Rodriguez* (1995), 36 Cal.App.4th 347, 42

2    Cal.Rptr.2d 464:

3          If section 425.16 were interpreted to prevent a trial court from
      awarding attorney fees to a prevailing defendant in an amount the court

4    deems reasonable and simply requires the trial court to award the amount
      requested, the statute would mandate the court to make what might be an

5    *unreasonable* award. We cannot ascribe such an intention to the
      Legislature.

6

7          Further, if a trial court were bound by the amount of attorney fees
      sought by a prevailing defendant under section 425.16 and had no

8    discretion to award a lesser amount, the potential for abuse would be
      extraordinary. The trial court cannot be placed in the position of having to

9    acquiesce in any amount sought by a prevailing defendant, no matter how
      outrageous. The trial court's role is not merely to rubber stamp the

10   defendant's request, but to ascertain whether the amount sought is
      reasonable.

11         Defendants have not cited any statute which strips the trial court of
      discretion to determine what constitutes a reasonable fee award, nor do we

12   know of any. To the contrary, the codes are replete with provisions for
      reasonable attorney fees. (See e.g. § 128.5 [sanctions]; § 405.38 [lis

13   pendens]; § 437c, subd. (i) [summary judgment]; § 1038 [government tort
      claims]; Civ.Code § 1717 [contracts]; Fam.Code, § 3557 [support

14   proceedings]; Bus. & Prof.Code, § 809.9 [medical peer review].)

15   *Robertson v. Rodriguez* (1995), 36 Cal.App.4th 347, 361 (internal citations
      in original, emphasis added).

16

17         Accordingly, in this case, as in all cases, as court discretion is mandatory,

18   GROSSMAN'S claim for attorneys fees cannot be unreasonable and must be analyzed and

19   adjusted pursuant to the applicable legal standards.

20

21   **C.    THE ANTI-SLAPP PREVAILING PARTY'S ATTORNEYS' FEES MOTION**

22   **MUST BE SUPPORTED BY EVIDENCE.**

23

24         Under authority relied upon by GROSSMAN, *Martino v. Denevi* (1986), 182 Cal.App.3d

25   553, 227 Cal.Rptr. 354, a case in which the parties litigated an entire action over the course of

26   three years, through a reference proceeding and culminating in a completion of a nonjury trial

27   (from filing of complaint in 1981 through judgment in 1984), the court of appeal reversed the

28   prevailing party's award of fees in the amount of $40,000.00 as unreasonably excessive.

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
NO.07CV2218

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ATTORNEYS FEES MOTION

1   The *Martino* Court, citing to rule 2-107 of the State Bar Rules of Professional Conduct,

2   held that no attorney may charge or collect an unconscionable fee.  Reasonableness of the fee is

3   determined by looking to a variety of factors, such as the nature of the litigation, its difficulty,

4   the amount involved, the skill required and the skill employed in handling the litigation, the

5   attention given, the success of the attorney's efforts, his learning, his age, and his experience in

6   the particular type of work demanded the intricacies and importance of the litigation, the labor

7   and the necessity for skilled legal training and ability in trying the cause, and the time consumed.

8   *Martino v. Denevi* (1986), 182 Cal.App.3d 553, 558.

> To enable the trial court to determine whether attorney fees should be
> awarded and in what amount, an attorney should present "(1) evidence,
> documentary and oral, of the services actually performed; and (2) expert
> opinion, by [the applicant] and other lawyers, as to what would be a
> reasonable fee for such services." (1 Witkin, Cal.Procedure (3d ed.1985) §
> 165, p. 192; *Hensley v. Eckerhart* (1983) 461 U.S. 424, 433, 437, 103
> S.Ct. 1933, 1939, 1941, 76 L.Ed.2d 40; see *Los Angeles v. Los Angeles-
> Inyo Farms Co.* (1933) 134 Cal.App. 268, 274, 25 P.2d 224.) "In many
> cases the trial court will be aware of the nature and extent of the attorney's
> services from its observation of the trial proceedings and the pretrial and
> discovery proceedings reflected in the file." ( *In re Marriage of Cueva,
> supra,* 86 Cal.App.3d at p. 301, 149 Cal.Rptr. 918, fn. omitted.) However,
> in the absence of such crucial information as the number of hours worked,
> billing rates, types of issues dealt with and appearances made on the
> client's behalf, the trial court is placed in the position of simply guessing at
> the actual value of the attorney's services. That practice is unacceptable
> and cannot be the basis for an award of fees.
>
> *Martino v. Denevi* (1986), 182 Cal.App.3d 553, 558 (internal quotations
> and citations in original)

20   Therefore, in this case, as in *Martino*, clearly GROSSMAN'S "evidence" is insufficient.

21   GROSSMAN'S attorneys did not spend much time litigating this matter.  GROSSMAN'S

22   motion was prepared and submitted over the course of approximately three (3) days.  The motion

23   was resolved without a hearing, relieving counsel from appearing on the scheduled motion

24   hearing date.  Even without considering Plaintiff's factual showing in this Opposition, merely a

25   cursory review of the Court's records on file in this action and GROSSMAN'S own "evidence"

26   reveals that the claimed time spent is overstated.

27   Moreover, "Some federal courts require that an attorney maintain and submit

28   contemporaneous, complete and standardized time records which accurately reflect the work

1  done by each attorney' in support of an application for attorney fees.  This requirement was

2  developed in cases involving civil rights litigation, but submission of contemporaneous time

3  records is now mandatory in all cases involving an application to the court for attorney fees

4  arising in that federal jurisdiction." *Id*. at 559 (internal quotations omitted).  Plaintiff

5  ESPINOZA'S action, herein, is such a civil rights action and GROSSMAN has failed to submit

6  such records.  Accordingly, GROSSMAN'S claim for attorneys' fees should be denied.

7

8  **D.  GROSSMAN'S COUNSEL'S "EVIDENCE" DEFIES CREDIBILITY.**

9

10  **1. THE HOURS CLAIMED ARE UNREASONABLE.**

11

12  As discussed above, and as indicated in GROSSMAN'S own factual showing in support

13  of his attorneys' fees motion (*See* Letter of Raul Cadena, Exhibit 2 of the Declaration of Susan

14  Oliver) GROSSMAN'S counsel, moving parties herein, began their representation of

15  GROSSMAN on or about Friday, April 4, 2008 and filed the Anti-SLAPP Motion on Monday,

16  April 7, 2008.  This period of time can reasonably be considered to be approximately seventy-

17  two (72) hours, or three (3) days, inclusive of a Saturday and a Sunday.  However,

18  GROSSMAN'S counsel claim to have spent seventy-three (73) hours in litigating their Anti-

19  SLAPP Motion, which involved no oral argument.  [Oliver Declaration, 2:20-23].  The factual

20  showing in GROSSMAN'S Anti-SLAPP Motion consisted of a one-page request for judicial

21  notice and a two-page declaration, each seeking to establish the sole fact of Plaintiff's First

22  Amended Complaint.  *See* GROSSMAN'S Anti-SLAPP moving papers, filed April 7, 2008.  No

23  extensive factual showing, whatsoever, was made, such as percipient party witness declarations,

24  presentation of proceeding transcripts, or presentation of documents (Plaintiff's First Amended

25  Complaint, a record on file in this action, was not even attached to the moving papers).

26  Moreover, GROSSMAN'S counsel claim to have extensive experience (one, six, eleven, fifteen,

27  and thirty years, respectively) as attorneys in the fields of, among other things, employment law

28  and professional liability.  [Oliver Declaration, 2:12-19].  Surely, if said attorneys had the

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
NO.07CV2218

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ATTORNEYS FEES MOTION

1   extensive experience as claimed, they would have performed similar services, such as the

2   presentation of Anti-SLAPP Motions, with the aid of previously drafted and similar documents,

3   making the presentation of GROSSMAN'S motions relatively routine and not so time-

4   consuming.

5       This "evidence" is simply not credible and, in light of the legal authority presented by

6   Plaintiff in this Opposition (also relied upon by GROSSMAN'S attorneys), is legally insufficient

7   to support the requested award.

8

9   **2. THE HOURLY RATES CLAIMED BY GROSSMAN'S COUNSEL ARE**

10  **UNREASONABLE.**

11

12      GROSSMAN'S attorneys claim to have hourly rates ranging from $400.00 to $450.00

13  per hour.  They even claim to charge $400.00 per hour for associate attorney Conor Hulburt, who

14  is apparently in his first year of practice as a civil litigation attorney.  [Oliver Declaration, 2:9-

15  10; 2:19].  Such fees are excessive.  By contrast, and as a reference for lodestar purposes,

16  Plaintiff's attorney, the undersigned, charges far less per hour to Plaintiff (less than $250 per

17  hour), as a civil litigation attorney experienced in employment law, discrimination, and civil

18  rights actions, who is in his fourth year of practice.

19

20  E.   **GROSSMAN'S COUNSEL HAS FAILED TO SEPARATE THE CLAIMED**

21      **ATTORNEY'S FEES IN VIOLATION OF THE COURT'S EXPRESS ORDER**

22      **AND THERE IS NO SUPPORT FOR AN AWARD OF FEES AGAINST**

23      **PLAINTIFF'S COUNSEL.**

24

25      Finally, contrary to this Court's express order, GROSSMAN'S attorneys have not

26  differentiated, separated, and removed the time spent on their Motion to Dismiss (which does not

27  carry a mandatory award of fees upon prevailing) from their request for attorneys fees.  *See*

28  GROSSMAN'S Motion for Attorney's Fees, and supporting papers, filed in this action on July 2,

1    2008. There has been no award of sanctions against Plaintiff ESPINOZA'S attorney, the

2    undersigned. GROSSMAN'S attorneys reference to Section 128.5 has no application (the

3    Legislature intended the reference to apply only to the second sentence of §415.16(c), where an

4    Anti-SLAPP motion has been denied and the Anti-SLAPP motion is found to have been brought

5    frivolously). GROSSMAN'S cites to no legal authority to support the position that Plaintiff's

6    attorney is liable for any attorney's fees award. Indeed, there exists no such authority.

7

8                              **CONCLUSION**

9

10       Based on the foregoing, Plaintiff JOHN ESPINOZA respectfully requests that this Court

11    deny GROSSMAN'S motion for attorneys fees in its entirety or, at a minimum, award a

12    reasonable sum, less than that requested, by an order of magnitude, such as $3,000 (which would

13    essentially be the equivalent of 15 hours the rate of $200 per hour and which Plaintiff

14    respectfully suggests would be reasonable under lodestar standards), for GROSSMAN'S

15    minimal involvement in this action, based on all the files and records of this action, the moving

16    parties' own admissions, Plaintiff's factual showings made herein, and on any other matters

17    properly considered in evaluating GROSSMAN'S request.

18

19                        LAW OFFICES OF VINCENT J. TIEN

20

21    Dated: August 1, 2008            By: s/Vincent J. Tien

22                              VINCENT J. TIEN, Attorneys for Plaintiff, JOHN
                             ESPINOZA

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ATTORNEYS FEES MOTION

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

      I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 17291 Irvine Boulevard, Suite 150, Tustin, California 92780.

      On August 2, 2008 I caused to be served the foregoing documents described as: **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT IRA GROSSMAN'S ANTI-SLAPP MOTION TO STRIKE PLAINTIFF'S COMPLAINT** the parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

David M. White, Esq.
Susan L. Oliver, Esq.
Mina Miserlis, Esq.
WHITE, OLIVER & AMUNDSON
550 West C Street, Suite 950
San Diego, California 92101

____ BY MAIL: I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Tustin, California.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on the same day in the ordinary course of business.  I am aware that on the motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

<u>xx</u>  BY EXPRESS SERVICE CARRIER: I deposited in a box or other facility regularly maintained by FEDEX, an express service carrier, or delivered to a courier or driver authorized by said carrier to receive documents, each such envelope, in an envelope designated by the said express service carrier, with delivery fees paid for.

____ BY FACSIMILE: I caused the foregoing documents to be sent to the addressee(s) above via facsimile.

____ BY PERSONAL SERVICE: I caused such envelope to be delivered by hand to the addressee above.

____ (STATE) I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

<u>xx</u> (FEDERAL) I declare that I am employed in the office of the member of the bar of this court, at whose direction this service was made.

      Executed this 2nd day of August 2008 at Denver, Colorado.

            s/Vincent J. Tien
            VINCENT J. TIEN, Declarant.

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
NO. 07CV2218

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ATTORNEYS FEES MOTION