1  VINCENT J. TIEN, SBN 232828
   LAW OFFICES OF VINCENT J. TIEN
2  17291 Irvine Boulevard, Suite 150
   Tustin, California 92780
3  Telephone: (714) 544-8436
   Facsimile: (714) 544-4337
4

5  Attorneys for Plaintiff, JOHN ESPINOZA

6

7

8              UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

11  JOHN ESPINOZA, an individual,          CASE NO.: 07CV2218 LAB (RBB)

12
                    Plaintiff,             DECLARATION OF VINCENT J. TIEN IN
13                                         OPPOSITION TO IRA GROSSMAN'S
                                           MOTION FOR ATTORNEYS FEES AS
14       -vs-                              PREVAILING PARTY ON ANTI-SLAPP
                                           MOTION
15  CITY OF IMPERIAL, a public entity;
    MIGUEL COLON, an individual; IRA
16  GROSSMAN, an individual; and DOES 1    *Assigned to: Hon. Larry Alan Burns, Courtroom
    THROUGH 50, inclusive,                 9, 2nd Floor*
17
                    Defendants.            [ORAL ARGUMENT REQUESTED]
18

19                                         MOTION
                                           DATE: August 18, 2008
20                                         TIME: 11:15 a.m.
                                           COURTROOM: 9
21
                                           Action Filed: 11/20/07
22

23

24

25

26

27

28

<u>**DECLARATION OF VINCENT J. TIEN IN OPPOSITION TO IRA GROSSMAN'S**</u>

<u>**MOTION FOR ATTORNEYS FEES AS PREVAILING PARTY ON ANTI-SLAPP**</u>

<u>**MOTION**</u>

I, Vincent J. Tien, declare:

1.      I am an attorney, duly admitted to practice in the United States District Court, Southern District of California.  I am the attorney of record for Plaintiff JOHN ESPINOZA.  The following facts are known to me by personal knowledge and, if called, I could testify competently thereto.

2.      I filed this action on Plaintiff's behalf, arising from federal question subject matter jurisdiction, on November 20, 2007, after receiving "right to sue" notices from the California Department of Fair Housing and Employment and from the United States Equal Employment Opportunity Commission.  The original complaint was not served upon any Defendant, as Plaintiff was still in the process of complying with governmental tort claims requirements by filing a governmental tort claim against the CITY and COLON and receiving the denial of those claims from the CITY (after approximately three months).  Accordingly, I subsequently amended the complaint, filing the First Amended Complaint on March 14, 2008, to add the government tort causes of action, and then I served the First Amended Complaint on Defendants, including IRA GROSSMAN.

3.      I was first notified of GROSSMAN'S representation by counsel by Attorney Raul Cadena on Wednesday, April 2, 2008.  Attorney Cadena demanded dismissal of the lawsuit against his then-client, GROSSMAN, with a deadline of Thursday, April 3, 2008.  See Exhibit 2 of Susan Oliver's Declaration in Support of Attorney's Fees for Prevailing on Anti-SLAPP Motion.

1    4.    I responded in writing to Attorney Cadena on April 3, 2008.  A true and correct

2    copy of my letter to Attorney Raul Cadena of April 3, 2008, is attached hereto and incorporated

3    herein as "EXHIBIT 1".

4

5    5.    To the best of my present recollection and knowledge, on Friday, April 4, 2008, I

6    was contacted by telephone by Attorney Susan Oliver, of the firm of White Oliver & Amundson,

7    who claimed to be the new and substituted counsel for GROSSMAN.  Attorney Oliver indicated

8    in this communication that her firm had just been retained by GROSSMAN and that

9    GROSSMAN would respond to Plaintiff's First Amended Complaint within the applicable time

10   allowed (i.e. on or before Monday, April 7, 2008), without the need for an extension of time.

11

12   6.    On Monday, April 7, 2008, GROSSMAN filed his Anti-SLAPP Motion and

13   Motion to Dismiss.  The moving papers consisted of the following: Notice of Anti-SLAPP

14   Motion, two (2) pages; Memorandum of Points and Authorities, fifteen (15) pages (not including

15   Tables); Request for Judicial Notice of Plaintiff's First Amended Complaint, one (1) page; and

16   Declaration of Attorney Oliver, two (2) pages.  The factual showing in GROSSMAN'S Anti-

17   SLAPP Motion consisted of a one-page request for judicial notice and a two-page declaration,

18   each seeking to establish the sole fact of Plaintiff's First Amended Complaint.  No extensive

19   factual showing, whatsoever, was made, such as percipient party witness declarations,

20   presentation of proceeding transcripts, or presentation of documents.  Plaintiff's First Amended

21   Complaint, a record on file in this action, was not even attached to the moving papers.  *See* Ira

22   Grossman's Anti-SLAPP Motion and supporting papers, filed on April 7, 2008, and contained in

23   the official records of this action.

24

25   7.    On May 27, 2008, this Court ordered hearing on GROSSMAN'S motions off-

26   calendar, the motions to be submitted on the papers, foreclosing any appearance of counsel at the

27   hearing.  *See* Minute Entry, filed in the records of this action on May 27, 2008.

28

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
NO.07CV2218

DECLARATION OF VINCENT J. TIEN IN OPPOSITION TO ATTORNEYS FEES MOTION

1    8.    On June 6, 2008, this Court issued its conclusions and orders in regards to IRA

2  GROSSMAN'S two separate motions (Order filed June 10, 2008).  GROSSMAN'S Anti-SLAPP

3  Motion was granted as well as attorneys' fees under California Code of Civil Procedure

4  §425.16(c), as the prevailing party on the Anti-SLAPP Motion.  This Court expressly held that

5  the "lodestar" method applies to the determination of a proper attorneys' fees award for an Anti-

6  SLAPP prevailing party, citing to *Mann v. Quality Old Time Service, Inc.*, 139 Cal.App.4th 328,

7  342, and *Ketchum v. Moses*, 24 Cal.4th 1122.  [Order Granting Defendant Grossman's: (1) Anti-

8  SLAPP Motion to Strike; and (2) Motion to Dismiss, filed in the records of this action on June

9  10, 2008, page 9].  The Order states: "However, [GROSSMAN] has also filed a separate Motion

10  To Dismiss, containing some arguments overlapping with those in his Anti-SLAPP Motion (in

11  particular, but not limited to, those going to privilege), which the court finds could create a

12  redundant recovery were he permitted to separately recover for all the time and costs associated

13  with each motion…"  [Order Granting Defendant Grossman's: (1) Anti-SLAPP Motion to Strike;

14  and (2) Motion to Dismiss, page 9].

15

16    9.    As a practicing attorney in the community, I am competent to testify as to

17  reasonable attorney's fee rates in the community.  My office is located in the County of Orange.

18  However, I routinely handle litigations in San Diego County and other Counties in Southern

19  California, in both state and federal courts.  I charge $250 per hour or less for cases handled on

20  an hourly basis.  I am a civil litigation attorney experienced in employment law, discrimination,

21  and civil rights actions.  I am in my fourth year of practice.  I often learn of other attorneys' rates

22  for legal services in the Southern California area (who also routinely handle cases in a variety of

23  Counties and Courts), who have been practicing for more than four years, that charge from $200

24  to $250 per hour.  I spent approximately 15 hours the rate of $200 per hour in preparing the

25  opposition to GROSSMAN'S Anti-SLAPP Motion.

26

27    I declare under penalty of perjury under the laws of the United States and of the State of

28  California that the foregoing is true and correct.

1    Executed this 1st day of August 2008 at Denver, Colorado.

2

3

4                                              By: s/Vincent J. Tien
                                               VINCENT J. TIEN, Declarant

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1

LAW OFFICES OF
VINCENT J. TIEN
17291 Irvine Boulevard, Suite 150
Tustin, CA 92780

Telephone (714) 544-8436
Facsimile (714) 544-4337

April 3, 2008

SENT BY FACSIMILE AND U.S. MAIL
(619) 234-3641

Raul Cadena, Esq.
CADENA CHRUCHILL, LLP
1202 Kettner Blvd., Suite 4100
San Diego, CA 92101

    Re: My Client: Plaintiff John Espinoza
        Your Client: Defendant Ira Grossman
        U.S. District Court No. 07CV02218 LAB (RBB)
        Response Re: Meet and Confer, Your Motion to Dismiss

Dear Mr. Cadena:

    This letter is in response to yours of April 2, 2008. You have asserted that Civil Code §47 precludes this lawsuit against your client. I respectfully disagree. Civil Code §47 generally provides a privilege for publications or broadcasts. However, the law does not protect the defamatory statements that your client is alleged to have made, in writing, to Officer Espinoza's employer (and supervisor). Please refer to the case of *Pettus v. Cole* (1996), 49 Cal.App.4th 402, 57 Cal.Rptr.2d 46.

    The consent forms, likewise, will be unavailing to your client as a defense. Even assuming, for arguments sake, that your client's communications were privileged, and the consent forms valid, the privilege is abused if the defamation was carried out with malice (which is alleged).

    Accordingly, we will not dismiss Dr. Grossman from the lawsuit at this time. As I indicated to you over the telephone, we would not have sued Dr. Grossman absent a good faith belief that Dr. Grossman can, and should, be held responsible for substantial damage that he caused Officer Espinoza. I appreciate your candor in discussing these matters with me at this early stage of litigation and I renew my offer to you that if Dr. Grossman agrees to file only an answer (no motions) as his responsive pleading, then I will grant a short (not to exceed 14 days) extension of time for him to do so.

    Finally, we are willing to consider an early settlement of this matter as to your client. If you would like to discuss potential resolution, do not hesitate to contact me.

Sincerely,

|s/

Vincent J. Tien, Attorneys for John Espinoza

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

   I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 17291 Irvine Boulevard, Suite 150, Tustin, California 92780.

   On August 2, 2008 I caused to be served the foregoing documents described as: **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT IRA GROSSMAN'S ANTI-SLAPP MOTION TO STRIKE PLAINTIFF'S COMPLAINT** the parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

David M. White, Esq.
Susan L. Oliver, Esq.
Mina Miserlis, Esq.
WHITE, OLIVER & AMUNDSON
550 West C Street, Suite 950
San Diego, California 92101

____ BY MAIL: I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Tustin, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on the same day in the ordinary course of business. I am aware that on the motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

_xx_ BY EXPRESS SERVICE CARRIER: I deposited in a box or other facility regularly maintained by FEDEX, an express service carrier, or delivered to a courier or driver authorized by said carrier to receive documents, each such envelope, in an envelope designated by the said express service carrier, with delivery fees paid for.

____ BY FACSIMILE: I caused the foregoing documents to be sent to the addressee(s) above via facsimile.

____ BY PERSONAL SERVICE: I caused such envelope to be delivered by hand to the addressee above.

____ (STATE) I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

_xx_ (FEDERAL) I declare that I am employed in the office of the member of the bar of this court, at whose direction this service was made.

   Executed this 2nd day of August 2008 at Denver, Colorado.

                              s/Vincent J. Tien
                              VINCENT J. TIEN, Declarant.

LAW OFFICES OF
VINCENT J. TIEN
TUSTIN, CALIFORNIA
NO. 07CV2218

DECLARATION OF VINCENT J. TIEN IN OPPOSITION TO ATTORNEYS FEES MOTION