Susan L. Oliver (SBN 160902)
Mina Miserlis (SBN 194068)
**WHITE, OLIVER & AMUNDSON**
A Professional Corporation
550 West C Street, Suite 950
San Diego, California 92101
Telephone: (619) 239-0300
Facsimile: (619) 239-0344

Attorneys for Defendant Ira Grossman

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ESPINOZA, an individual<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF IMPERIAL, a public entity; MIGUEL COLON, an individual; IRA GROSSMAN, an individual; and DOES 1-50, inclusive<br><br>  Defendants. | CASE NO. 07 CV 2218 LAB (RBB)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT IRA GROSSMAN'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR ATTORNEY'S FEES AS PREVAILING PARTY ON ANTI-SLAPP MOTION<br>[C.C.P. § 425.16]<br><br>[ORAL ARGUMENT REQUESTED]<br><br>Date: August 18, 2008<br>Time: 11:15 a.m.<br>Judge: Hon. Larry A. Burns<br>Ctrm: 9 |

///
///
///
///
///
///
///
///
///

I.

## INTRODUCTION

In his Opposition to the instant Motion, Plaintiff John Espinoza attempts to discredit the time and fees required to dispose of his meritless lawsuit against Defendant Ira Grossman. However, as set forth in full in Defendant's moving and reply papers, and in the Declarations of Susan L. Oliver, the fees in this matter were reasonably incurred. Moreover, awarding the fees requested in this matter "adequately compensates [Defendant] for the expense of responding to a baseless lawsuit," (*Robertson v. Rodriguez*, 36 Cal. App. 4th 347, 362 (1995)), and serves the "dual purpose . . . to discourage meritless lawsuits and to provide financial relief to the victim of a SLAPP lawsuit." *City of Los Angeles v. Animal Defense League,* 135 Cal.App.4th 606, 628, fn. 19 (2006). The Court should therefore grant Defendant Grossman's fee request in the amount of $33,660.00 against both Plaintiff and his counsel Vincent Tien, jointly and severally, in favor of Dr. Grossman as the prevailing party on an Anti-SLAPP motion.

II.

## THE ATTORNEY'S FEES INCURRED IN THIS MATTER WERE REASONABLE AND NECESSARY.

When awarding attorney's fees, the Court is vested with the discretion to decide which of the hours were reasonably spent on the litigation, and to determine whether the services for which compensation is sought were necessary and useful. *Hammond v. Agran*, 99 Cal.4th 115, 135-136 (2002); *Thayer v. Wells Fargo Bank, N.A.*, 92 Cal.4th 819, 846 (2001). Here, the fees requested are fully supported by the evidence, and clearly reasonable under the circumstances.

A. **The Evidence Supports Defendant Grossman's Attorney Fee Request.**

Plaintiff first argues that there is insufficient evidence to support the attorney's fees requested in this matter. Plaintiff's argument is without merit, as the Declaration of Susan L. Oliver and results achieved support an award of all of the fees requested.

Although Plaintiff cites to *Martino v. Denevi* 182 Cal.App.3d 553 (1986) in support of his position, that case does not support denial of the attorney's fees requested in the instant matter. First, *Martino* involved a matter litigated from 1981 to 1984, over 20 years ago. A reasonable fee award in

2008 would typically exceed any such award in 1984. Moreover, the reason for denial of the $40,000 in attorney's fees requested in *Martino* was that the prevailing party had failed to provide any evidence to support his claim for fees. *Id.* at 560. In fact, the attorney in that matter actually admitted that "he determined the fee to be paid by his clients based on a general 'feeling' about the case and the amount of work done." *Ibid.* The *Martino* court therefore held,

> This "evidence" is not sufficient to support the award of $40,000 in attorney fees. In addition, the trial court did not prepare a statement of its reasons for awarding that amount. *In the absence of a complete record, both supporting and explaining the award of fees, our review of the trial court's exercise of discretion is hindered.*

*Id.* at 560; emphasis added.

Here, on the other hand, the Declaration of Susan L. Oliver in Support of Defendant's Motion sets forth precisely the sort of evidence missing in *Martino*, including "the number of hours worked, billing rates, types of issues dealt with and appearances made on the client's behalf." *Id.* at 559. (See *Mardirossian & Associates, Inc. v. Ersoff*, 153 Cal.App.4th 257, 269 (2007), citing *Martino* for the proposition that "there is no legal requirement that an attorney supply billing statements to support a claim for attorney fees." *Mardirossian, supra*, at p. 269.[1]) In addition, because the billing records for the instant matter contain attorney-client and attorney work product privileged information, Defendant did not attach them to the Motion, but offered to make them available for in camera review if the Court wishes to review them.

Because the evidence supports and explains the fees award requested, the Court should grant Defendant Grossman's fees request in full.

B. **The Hours Spent Were Reasonable and Necessary.**

Plaintiff attempts to challenge the reasonableness of the hours claimed in Defendant's fee request by suggesting that only a few days of work were required, and that the number of hours spent were unnecessary. Plaintiff's argument is both factually inaccurate and without merit. First, Plaintiff's argument that defense counsel only spent three days litigating this matter, from the time of retention to

---

[1] Although Plaintiff cites to federal cases suggesting submission of contemporaneous time records is required in certain districts and Circuits, he does not cite to any Ninth Circuit cases holding such a requirement. Nonetheless, Defendant has offered to provide these records for the Court's in camera review.

the date of filing the dispositive motions, is contrary to the facts and evidence, as further work was required beyond filing the initial moving papers. As set forth in the Declaration of Susan L. Oliver in Support of the Motion, the 73 hours of time spent on this matter includes services performed related to reviewing and analyzing Plaintiff's claims, researching grounds for dispositive motions and preparing moving *and reply papers* for the motion to strike pursuant to Anti-SLAPP and motion to dismiss, follow up with opposing counsel, the client, and the Court clerk related to same, *and preparing the instant Motion.* See, *Ketchum v. Moses,* 24 Cal.4th 1122, 1141 (2001). This time was obviously well-spent, as Defendant Grossman prevailed on both the Anti-SLAPP motion and the motion to dismiss. The Court should consider the "significance of the overall relief obtained by defendants in relation to the hours reasonably expended on the litigation and whether the expenditure of counsel's time was reasonable in relation to the success achieved." *Mann v. Quality Old Time Service, Inc., supra,* 139 Cal.App.4th at 345.

Plaintiff further argues that because defense counsel was able to file its dispositive motions within a few days, little time was needed on this matter. Plaintiff neglects to mention that this short time-frame for Defendant Grossman's response was the direct result of Plaintiff's counsel's refusal to grant a courtesy extension. In fact, on or about April 2, 2008, personal counsel for Dr. Grossman, Raul Cadena, sent a letter to Plaintiff's counsel urging dismissal based in part on the Anti-SLAPP provisions. (See Exhibit 2, attached to the Declaration of Susan L. Oliver in Support of Motion.) Mr. Cadena further requested a courtesy ten-day extension to respond to the Complaint. (Exhibit 2.) In response, Plaintiff's counsel indicated his disagreement with Mr. Cadena's positions, and stated that he would only agree to an extension of time to respond *if Defendant agreed to file an answer only.* (See Exhibit 3, attached to the Declaration of Susan L. Oliver in Support of Reply.)

Thereafter, on or about April 4, 2008, defense counsel Susan Oliver contacted Plaintiff's counsel, and requested an extension of time to respond to Plaintiff's Complaint. (Declaration of Susan L. Oliver in Support of Reply, para. 3.) Because Plaintiff's counsel again only agreed to an extension if Defendant Grossman filed an answer only, counsel for Grossman indicated that she would proceed with filing the response per Code, i.e. within a few days. (Declaration of Susan L. Oliver in Support of Reply, para. 3.) Again, this was only because Plaintiff's counsel refused to agree to an extension of time to file

anything but an answer. Counsel for Defendant Grossman was therefore forced to compile the moving papers in a short period of time, thus accounting in part for the fact that more than one attorney was required to work on the motions. (Declaration of Susan L. Oliver in Support of Reply, para. 3.)

Moreover, after filing the motions, defense counsel again offered Plaintiff's counsel the opportunity to dismiss Plaintiff's Complaint against Defendant Grossman. (See Ex. 2, attached to the Declaration of Susan L. Oliver in Support of Motion.) Instead, Plaintiff's counsel filed oppositions to the motions, therefore forcing Defendant Grossman to incur further fees for preparation of reply papers. Despite the fact that defense counsel gave Plaintiff several opportunities to dismiss the matter or agree to a reasonable extension to respond, Plaintiff's response only served to increase the work required by defense counsel to properly dispose of Plaintiff's meritless claims. (Declaration of Susan L. Oliver in Support of Reply, para. 4.)

Plaintiff further argues that based on defense counsels' experience, Defendant Grossman's motions should have been "relatively routine and not so time-consuming." The fact that Plaintiff rejected Defendant's arguments and refused to dismiss the lawsuit, even after receiving Defendant's motions to strike and dismiss, belies his own argument that the instant motions were "relatively routine"; apparently, Plaintiff believed that his situation was unique enough in the context of the well-established Anti-SLAPP provisions and law related to the litigation privilege that he would prevail. Notwithstanding defense counsel's experience in this area of the law, further research and analysis was required in this matter in order to ensure that all of the relevant case and statutory law was competently addressed. Thus, for example, defense counsel was required to research, review and analyze such cases bearing specifically on the instant case as *Shaddox v. Bertani,* 110 Cal.App.4th 1406 (2003) and *Pettus v. Cole,* 49 Cal.App.4th 402 (1996).

Moreover, as the court stated in *Moreno v. City of Sacramento,* 2008 DJDAR 11629, a recent Ninth Circuit case in which the lodestar method was analyzed in a civil rights case, [2] "[A] competent lawyer won't rely entirely on last year's, or even last month's, research: Cases are decided; statutes are enacted; regulations are promulgated and amended." *Id.* at 11630; attached to Request for Judicial

---

[2] Plaintiff's counsel argues in the Opposition to this Motion that Plaintiff's action is a "civil rights action." (Opposition, p.7:5-6) However, Plaintiff did not allege any civil rights claims against Defendant Grossman.

POINTS AND AUTHORITIES RE REPLY TO OPPOSITION TO MOTION FOR ATTORNEY'S FEES   Case No. 07 CV 2218 LAB (RBB)

Notice in Support of Reply, Exhibit A. As such, even if defense counsel could have relied on research regarding general principles previously conducted in these areas, the specific facts of this case and ever-evolving state of the law required defense counsel to conduct thorough research before drafting the motions to strike and dismiss. As *Moreno* noted, "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Id.* at 11630.

Because the time spent on this matter was reasonable and necessary to obtaining the result achieved, the Court should award the attorney's fees requested by Defendant Grossman.

### C. The Fees Requested Are Reasonable and Within the Range of Anti-SLAPP Awards.

Plaintiff disputes the fees requested by challenging defense counsel's hourly rate in this matter, noting that he is a fourth year attorney and charges "less than $250" per hour. In *Moreno, supra*, the Ninth Circuit held that the district court erred by applying "what appears to be a de facto policy of awarding a rate of $250 an hour" instead of the $300 per hour requested. *Id.* at 11631. The court elaborated, "The district court's inquiry must be limited to determining whether the fees requested *by this particular legal team are justified for the particular work performed and the results achieved in this particular case.*" *Ibid.*; emphasis added. The court concluded, "If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with not more than a haircut." *Id.* at 11632.

Here, the vast majority of the work on this matter was performed by partner Susan Oliver, who has been practicing for approximately 16 years, and associate Mina Miserlis, who has been practicing for approximately 11 years. As set forth in the Declaration of Susan L. Oliver in Support of Defendant Grossman's Motion for Attorney's Fees, 66 of the 73 hours spent on this matter, over 90 percent, were performed by Susan Oliver and Mina Miserlis. Based on the fact that Defendant Grossman prevailed in his two motions in their entirety, the fees charged and requested are reasonable, and Plaintiff fails to provide any legitimate reason for reducing the request. Instead, despite the fact that he apparently earns *over* $200 per hour as a fourth year attorney, Plaintiff's counsel requests that the court reduce defense counsel's hourly rate to $200 per hour for the purpose of calculating fees. Notwithstanding the fact that the Court should consider both defense counsel's experience and the result achieved, there is no basis

1 for asking the court to use an arbitrary hourly rate, and one even lower than Plaintiff's counsel earns.

2 Moreover, a review of fees requested in other cases confirms the reasonableness of the fees requested by Defendant. In *Metabolife International, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1222 (2002), the Southern District of California held that the prevailing defendant on an Anti-SLAPP motion was entitled to recover all of its attorney's fees and costs in the litigation in the amount of $318,687.99, nearly *ten times* the amount requested in this matter. *Id.* at 1223. In *Mann v. Quality Old Time Service, Inc.* 139 Cal.App.4th 328 (2006), another matter out of San Diego County, the Anti-SLAPP prevailing party requested $64,065 in attorney's fees. *Id.* at 343. The court of appeal reduced the fee request by half to $32,032.50, but only because the prevailing parties were only *partially* successful on their Anti-SLAPP motion. *Id.* at 346. Here, Defendant prevailed on its motion *in its entirety*, and is requesting only $1,567.50 more than was awarded to the less successful defendant in *Mann*. Clearly, this is an appropriate and reasonable request under the more successful circumstances of the instant case.

In *Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi*, 141 Cal.App.4th 15, 19 (2006), the trial court awarded attorney's fees to the prevailing party on an Anti-SLAPP motion of $41,142, and no appeal was taken of this amount. *Id.* at 19. Even in *Robertson v. Rodriguez* 36 Cal.App.4th 347 (1995), cited by Plaintiff, the court of appeal noted that the amount requested by the Anti-SLAPP prevailing party, $23,847, was not excessive for a case litigated in 1992, even though it held that the trial court had discretion to deviate from the requested amount. *Id.* at 362. A fee request of just ten thousand dollars more for this case, over fifteen years later, cannot be deemed excessive.[3]

For these reasons, the hours spent and fees incurred in this matter were reasonable and necessary, and well within the range of comparable fee awards for an Anti-SLAPP prevailing party. As such, the Court should award the fees requested in full.

///

///

---

[3] Plaintiff's request that the Court award a mere $3,000 in this matter is clearly unreasonable. In *Dowling v. Zimmerman*, 85 Cal.App.4th 1400, 1405 (2001), the court of appeal characterized the trial court's award of $9,300 to an Anti-SLAPP prevailing party, over three times more than Plaintiff proposes here, as a "modest award of fees." The court of appeal elaborated in a footnote that the prevailing party's separate appeal claiming that the fee award "was inadequate and constituted an abuse of discretion," although abandoned, "*appeared to be meritorious.*" *Id.* at 1405; emphasis added. Here, Plaintiff unreasonably suggests that the Court award a third of the inadequate fee award in *Dowling*.

POINTS AND AUTHORITIES RE REPLY TO OPPOSITION TO MOTION FOR ATTORNEY'S FEES    Case No. 07 CV 2218 LAB (RBB)

IV.

**DEFENDANT'S FEES REQUEST DOES NOT INCLUDE ANY DUPLICATIVE TIME.**

Plaintiff argues that Defendant failed to explain any potentially duplicative time. This is incorrect. In his moving papers, Defendant Grossman explained that, just as in *Metabolife, supra*, Dr. Grossman also filed a successful motion to dismiss. However, as the court found in *Metabolife*, the fees incurred for this motion were for work related to and inextricably intertwined with the Anti-SLAPP motion, as Plaintiff's entire lawsuit against Dr. Grossman is subject to the Anti-SLAPP provisions. *Metabolife International, Inc. v. Wornick, supra*, 213 F. Supp. 2d at 1223. Despite the overlap in the arguments in Dr. Grossman's two motions, no duplicative or unnecessary time was spent preparing these arguments. (See Declaration of Susan L. Oliver, para. 5.) Just as in *Metabolife*, the Court should construe the Anti-SLAPP statute broadly to effectuate its purpose, and award all fees incurred by Defendant Grossman in defending himself against Plaintiff's meritless lawsuit.

V.

**CONCLUSION**

For the reasons stated above and in Defendant Grossman's moving papers, Defendant Grossman respectfully requests that the Court award attorney's fees in the amount of $33,660.00 against both Plaintiff and his counsel Vincent Tien, jointly and severally, in favor of Dr. Grossman as the prevailing party on an Anti-SLAPP motion.

Dated: August 11, 2008        WHITE, OLIVER & AMUNDSON

                              By: s:/Susan L. Oliver
                                  Susan L. Oliver
                                  Attorneys for Ira Grossman