Susan L. Oliver (SBN 160902)
Mina Miserlis (SBN 194068)
**WHITE, OLIVER & AMUNDSON**
A Professional Corporation
550 West C Street, Suite 950
San Diego, California 92101
Telephone: (619) 239-0300
Facsimile: (619) 239-0344

Attorneys for Defendant Ira Grossman

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ESPINOZA, an individual<br><br>Plaintiff,<br><br>v.<br><br>CITY OF IMPERIAL, a public entity; MIGUEL COLON, an individual; IRA GROSSMAN, an individual; and DOES 1-50, inclusive<br><br>Defendants. | CASE NO. 07 CV 2218 LAB (RBB)<br><br>DECLARATION OF SUSAN L. OLIVER IN SUPPORT OF DEFENDANT IRA GROSSMAN'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR ATTORNEY'S FEES AS PREVAILING PARTY ON ANTI-SLAPP MOTION [C.C.P. § 425.16]<br><br>[ORAL ARGUMENT REQUESTED]<br><br>Date:   August 18, 2008<br>Time:   11:15 a.m.<br>Judge:  Hon. Larry A. Burns<br>Ctrm:   9 |

1.  I am an attorney at law duly licensed to practice before all courts in the State of California, and am licensed to practice before the United States District Court, Southern District of California. I am a partner with the law firm of White, Oliver & Amundson, A.P.C., attorneys of record for Defendant Ira Grossman. I have personal knowledge of the contents of this declaration and if called upon I could and would competently testify thereto.

2.  On or about April 2, 2008, personal counsel for Dr. Grossman, Raul Cadena, sent a letter to Plaintiff's counsel urging dismissal based in part on the Anti-SLAPP provisions. (See Exhibit 2, attached to the Declaration of Susan L. Oliver in Support of Motion.) Mr. Cadena further

1  requested a courtesy ten-day extension to respond to the Complaint. (Exhibit 2.) In a letter dated April 3, 2008, Plaintiff's counsel indicated his disagreement with Mr. Cadena's positions, and stated that he would only agree to an extension of time to respond if Defendant agreed to file an answer only. Attached hereto as Exhibit 3 is a true and correct copy of the April 3, 2008 letter from Vincent J. Tien to Raul Cadena.

3. Thereafter, on or about April 4, 2008, I contacted Mr. Tien, and requested an extension of time to respond to Plaintiff's Complaint. Because Plaintiff's counsel again only agreed to an extension if Defendant Grossman filed an answer only, I indicated that our office would proceed with filing the response per Code, i.e. within a few days. Again, this was only because Plaintiff's counsel refused to agree to an extension of time to file anything but an answer. Our office was therefore forced to compile the moving papers in a short period of time, thus accounting in part for the fact that more than one attorney was required to work on the motions.

4. After filing the motion to dismiss and Anti-SLAPP motions, I again offered Plaintiff's counsel the opportunity to dismiss Plaintiff's Complaint against Defendant Grossman. (See Exhibit 1, attached to the Declaration of Susan L. Oliver in Support of Motion.) Instead, Plaintiff's counsel filed oppositions to the motions, therefore forcing Defendant Grossman to incur further fees for preparation of reply papers. Despite the fact that defense counsel gave Plaintiff several opportunities to dismiss the matter or agree to a reasonable extension to respond, Plaintiff's response only served to increase the work required by defense counsel to properly dispose of Plaintiff's meritless claims.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed this 11th day of August, 2008, at San Diego, California.

                                          s/:Susan L. Oliver
                                          Susan L. Oliver

# EXHIBIT 3

LAW OFFICES OF
**VINCENT J. TIEN**
17291 Irvine Boulevard, Suite 150
Tustin, CA 92780

Telephone (714) 544-8436
Facsimile (714) 544-4337

April 3, 2008

SENT BY FACSIMILE AND U.S. MAIL
(619) 234-3641

Raul Cadena, Esq.
CADENA CHRUCHILL, LLP
1202 Kettner Blvd., Suite 4100
San Diego, CA 92101

Re: My Client: Plaintiff John Espinoza
    Your Client: Defendant Ira Grossman
    U.S. District Court No. 07CV02218 LAB (RBB)
    Response Re: Meet and Confer, Your Motion to Dismiss

Dear Mr. Cadena:

This letter is in response to yours of April 2, 2008. You have asserted that Civil Code §47 precludes this lawsuit against your client. I respectfully disagree. Civil Code §47 generally provides a privilege for publications or broadcasts. However, the law does not protect the defamatory statements that your client is alleged to have made, in writing, to Officer Espinoza's employer (and supervisor). Please refer to the case of *Pettus v. Cole* (1996), 49 Cal.App.4th 402, 57 Cal.Rptr.2d 46.

The consent forms, likewise, will be unavailing to your client as a defense. Even assuming, for arguments sake, that your client's communications were privileged, and the consent forms valid, the privilege is abused if the defamation was carried out with malice (which is alleged).

Accordingly, we will not dismiss Dr. Grossman from the lawsuit at this time. As I indicated to you over the telephone, we would not have sued Dr. Grossman absent a good faith belief that Dr. Grossman can, and should, be held responsible for substantial damage that he caused Officer Espinoza. I appreciate your candor in discussing these matters with me at this early stage of litigation and I renew my offer to you that if Dr. Grossman agrees to file only an answer (no motions) as his responsive pleading, then I will grant a short (not to exceed 14 days) extension of time for him to do so.

Finally, we are willing to consider an early settlement of this matter as to your client. If you would like to discuss potential resolution, do not hesitate to contact me.

Sincerely,

*[signature]*

Vincent J. Tien, Attorneys for John Espinoza