# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ESPINOZA, an individual,<br><br>                         Plaintiff,<br>  vs.<br><br>CITY OF IMPERIAL, a public entity; and DOES 1 through 50, inclusive,<br><br>                        Defendants. | CASE NO. 07cv2218-LAB (RBB)<br><br>**ORDER ON MOTION TO STAY OR ABSTAIN FROM ACTION** |

## I.   Background

John Espinoza, a former police officer, alleges he was wrongfully terminated by the City of Imperial following a psychological examination.  He seeks both damages and injunctive relief based on claims of disability discrimination, failure to accommodate, and retaliation under the Americans With Disabilities Act.

Espinoza first challenged his termination through an administrative hearing before the City Council that began on November 15, 2007.  Five days later, Espinoza filed this action. Although the administrative hearing totaled just 3 days, the City Council did not reach a decision until April 29, 2009.  It upheld the termination.  On July 24, 2009, Espinoza filed a Petition for Writ of Administrative Mandamus, seeking review of the decision of the City Council to uphold his termination.  By then, Espinoza had already amended his federal

//

complaint to include a civil rights violation claim under 18 U.S.C. § 1983, as well as a state claim under California's Fair Employment and Housing Act (FEHA).

Now before the Court is Defendants' motion to stay or abstain from action. Defendants urge this Court to abstain from hearing this case under the abstention doctrines of either *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976), or *Younger v. Harris*, 401 U.S. 37 (1971). Specifically, Defendants claim that state proceedings were initiated prior to the filing of the original federal complaint in this case, that the state proceedings arise out of the same factual situation and involve the same legal issues as this case, and that the state proceedings were therefore pending when the federal complaint was filed.

Abstention is not warranted, and for the reasons set forth below, Defendants' motion is **DENIED**.

**II. Discussion**

   **A.   *Colorado River* Abstention**

The Supreme Court has recognized that under extraordinary circumstances, federal courts may stay cases involving questions of federal law where a concurrent state action is pending in which the *identical issues* are raised. *Colorado River*, 424 U.S. at 815 (1976). Abstention is "an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728 (1996); *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 359 (1989) (explaining that abstention remains the exception, not the rule). Typically, federal courts have a "virtually unflagging obligation" to exercise the jurisdiction conferred upon them. *Colorado River*, 424 U.S. at 813.

The Court made clear in *Colorado River* that "[g]enerally . . . the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* at 817. It also identified a number of factors that federal courts may take into account in deciding whether or not to invoke the abstention doctrine in extraordinary circumstances, mindful that there is no rule requiring federal court abstention

in a given case. Those factors include: (1) whether either court has assumed jurisdiction over any property at issue; (2) possible inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (3) and the order in which jurisdiction was obtained by the concurrent forums. *See id.* at 818. Since *Colorado River* was decided, the Court has added two more factors that bear on the abstention question: whether state or federal law controls and whether the state proceeding is adequate to protect the parties' rights. *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 23-27 (1980). No one factor is determinative, and judgments should take into account both the obligation to exercise jurisdiction and the combination of factors weighing against the exercise of jurisdiction. *Colorado River*, 424 at 818-19.

Of these six factors, Defendants make the most of the fact that Espinoza sought administrative review of his termination just five days before filing this action. The order in which jurisdiction was obtained by the concurrent fora is just one factor to consider, however, and the Court doubts that an administrative review by a city council is the type of concurrent state court action contemplated by *Colorado River*, let alone whether this is the kind of *exceptional circumstance* that warrants abstention. Espinoza's claims were never pending before a state court until July 24, 2009, when he sought a writ of mandamus from the state superior court to review the City Council's decision, and when his federal action had been pending for over a year. Defendants' assertion that the state proceedings in this case are already "far advanced" is undermined by the fact that the City Council's hearing totaled just three days over 2007, 2008, and 2009. (Dkt. 59, p. 1-2). Furthermore, Defendants do not argue that any of the other factors enumerated in *Colorado River* support a finding that this is an "extraordinary circumstance" warranting a stay.

Defendants also fail to recognize the general reluctance of district courts to abstain from hearing cases in which monetary damages are sought under federal civil rights laws such as 42 U.S.C. § 1983. *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997). The § 1983 cause of action was meant to provide litigants with a federal forum in which to vindicate federal rights when relief may not be adequate in state courts. *See id.* at

782. In this case, Espinoza amended his original complaint on March 12, 2008 — again, well before this case landed in state court — to include a claim under 42 U.S.C. § 1983. (Dkt. 3, p. 19.)

Civil rights actions such as the one that Espinoza brings here are precisely the kinds of claims that federal courts have found to be ideally suited for federal jurisdiction. The mere fact that a three day administrative hearing was conducted over a three-year time span, and a writ of mandamus was filed in state court earlier this year is insufficient to justify abstention under the *Colorado River* doctrine. Espinoza received a right to sue letter from the E.E.O.C. and his complaint is rightly before this Court.

### B. *Younger* Abstention

Defendants also contend that if this Court denies abstention under *Colorado River*, it should abstain from hearing the case under the *Younger* abstention doctrine. In *Younger v. Harris*, the Supreme Court held that federal courts may not enjoin pending state court criminal proceedings, even if there is an allegation of a constitutional violation and even though all jurisdictional requirements for federal court are met. *Id.* Since *Younger* was decided, the Court has expanded the doctrine beyond the criminal context, applying it to prevent federal courts from interfering with state civil and administrative proceedings as well. *See*, *e.g.*, *Rizzo v. Goode*, 423 U.S. 363 (1976) (federalism considerations limit federal court review of police department practices).

Defendant relies on a four-factor test used by the Ninth Circuit in *Gilbertson v. Albright*, 381 F.3d 965, 977–78 (9th Cir. 2004) (en banc), to show that *Younger* abstention is warranted here. Under the test, a federal civil proceeding would interfere with a state proceeding contrary to the dictates of *Younger* if: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so. *Id*. Defendants argue that each one of these factors is met in this case. The Court disagrees.

//

With regard to the first factor enumerated in *Gilbertson* — whether a state-initiated proceeding is ongoing — the fact-finding portion of Espinoza's administrative review has concluded. He is now appealing the decision of the City Council in state court, and it is unlikely that the state court will add to the factual findings of the administrative hearing at the appellate phase. Therefore, the disruption of state proceedings is likely to be minimal, and the only way in which the matter is ongoing is that the request for mandamus remains on the docket of the state court.

Secondly, Defendants' argument that this proceeding implicates important state interests is not persuasive. Defendants argue that the important state issue in this case is the elimination of disability discrimination, and the public entity's ability to terminate a police officer found to be unfit for duty. (Dkt. 59, p. 7.) However, under Defendants' own authority, the Ninth Circuit has stated that the state interests involved in civil proceedings meriting *Younger* abstention are "akin to those involved in criminal prosecutions." *Gilbertson*, 381 F.3d at 975. Defendants do little to liken the interests at issue here to the important state interests typically involved in criminal proceedings.

With regard to the opportunity of the plaintiff to litigate constitutional issues in the state proceedings, the Court believes that because Espinoza has asserted a federal civil rights claim under § 1983, he should be entitled to argue his claim in federal court. Plaintiffs are not precluded from bringing § 1983 claims in federal court just because state proceedings might be adequate for resolving those claims. This Court is likely to be better suited to determine whether the Defendants violated Espinoza's constitutional rights. The City Council's administrative review was likely more concerned with determining whether or not Defendants' termination of Espinoza was pretext for discrimination on the basis of perceived disability, which is separate from the constitutional claims raised by Espinoza's § 1983 action.

Finally, the Court does not believe that continued federal jurisdiction over Espinoza's case would have the same practical effect as an injunction against the state proceedings. Defendants argue that the simultaneous existence of this action and the state proceeding

raises the "specter of inconsistent rulings." (Dkt. 59, p. 9.) The Court is perplexed as to how inconsistent rulings would have the practical effect of enjoining the state proceeding. Rather, the "specter of inconsistent rulings" appears to be more threatening to Espinoza's interests than to the interests of the state in maintaining jurisdiction over the case. If in fact Espinoza's proceedings in state court come to a resolution before his federal action does—a likely result—he risks being bound by the judgment of the state court under the doctrines of res judicata or collateral estoppel. *See, e.g., AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1152 (9th Cir. 2007) (recognizing that abstention not warranted where federal action does not enjoin state proceeding, although collateral estoppel may bind litigant to state court judgment).

Here, Espinoza seeks primarily compensatory and punitive damages—remedies that are not the virtual equivalent of an injunction. If Espinoza sought primarily declaratory relief, the Court might be more willing to abstain or stay under *Younger* because such relief might be tantamount to an injunction against the state proceedings. However, Espinoza seeks primarily monetary relief under § 1983 to compensate him for his termination, and the Court has an unflagging obligation to hear claims that are properly before it. *See id.* at 1153.

Even if the Court were to decide Espinoza's claim in a way that would have preclusive effect on the state court's review of the decision of the city council, abstention under *Younger* would not be necessary. The Ninth Circuit in *AmerisourceBergen* noted that "the possibility of a race to judgment is inherent in a system of dual sovereigns, and in the absence of exceptional' circumstances . . . that possibility alone is insufficient to overcome the weighty interest in the federal courts exercising their jurisdiction in cases properly before them." *Id.* at 1151, *quoting Colorado River*, 424 U.S. at 818. The decision further explained "the Supreme Court has rejected the notion that federal courts should abstain whenever a suit involves claims or issues simultaneously being litigated in state court merely because whichever court rules first will, via the doctrines of res judicata and collateral estoppel, preclude the other from deciding that claim or issue." *Id.* at 1151. This Court is free to

//

resolve Espinoza's claims on its own timing without reference to the proceedings in the state court.

Thus, the Court does not see the need to stay this case under the *Younger* abstention doctrine, given the fact that no federal injunction has issued and Defendants have not offered anything more than a conclusory assertion that federal jurisdiction here would effectively enjoin the state proceeding in a way that runs afoul of the *Younger* doctrine.

### III. Conclusion

The *Colorado River* and *Younger* abstention doctrines are no help to Defendants. Congress passed 42 U.S.C. § 1983 to allow plaintiffs to pursue their federal civil rights claims in federal courts. Defendants' Motion to Stay or to Abstain from Action is **DENIED**, and their motion for summary judgment remains calendared for February 1, 2010.

**IT IS SO ORDERED**.

DATED: November 19, 2009

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge